Thomas A. Connelly (AZ Bar #019430)
Robert T. Mills (AZ Bar #018853)
Sean A. Woods (AZ Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
tconnelly@millsandwoods.com
docket@millsandwoods.com

DeeAn Gillespie Strub (AZ Bar #009987)
Kristina Reeves (AZ Bar #031171)
**GILLESPIE, SHIELDS, GOLDFARB & TAYLOR**
7319 North 16th Street
Phoenix, Arizona 85020
Telephone: (602) 870-9700
Fax: (602) 870-9783
mailroom@gillaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Ploof, an individual,<br><br>          Plaintiff,<br><br>     v.<br><br>State of Arizona, *et al.*,<br><br>          Defendants. | Case No.: 21-CV-00853-JJT<br><br>**PLAINTIFF'S RESPONSE TO STATE DEFENDANTS' MOTION TO DISMISS** |

On May 5, 2021, Defendants State of Arizona, Arizona Department of Child Safety, Megan Tafoya, Sarah Greenway, Paige Szymkowski, Claudia Hoff, Nick Breeding, Gregory McKay and Michael Faust (collectively, "State Defendants"), pursuant to Fed. R. Civ. P. 12(b)(6), moved to dismiss Plaintiff's claims against them (the "Motion"). Because the Motion is not supported by the law or facts, this Court should deny it in its entirety.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     FACTUAL BACKGROUND.

Plaintiff incorporates the facts as alleged in the Complaint. Plaintiff repeats the facts herein only as necessary to address the arguments in State Defendants' Motion.

## II.  STANDARD OF REVIEW.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *see also* Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a plaintiff's complaint on grounds of its "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[M]oving defendants, obviously, [have] no standing to seek dismissal of the action as to the nonmoving defendants." *Mantin v. Broad. Music, Inc.*, 248 F.2d 530, 531 (9th Cir. 1957). In the wake of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and other recent landmark Supreme Court pleadings cases, the standard for Rule 12(b)(6) motions is as follows:

> First, . . . allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (emphases added)).

In considering Defendants' Motion, this Court must accept all factual allegations of the Complaint as true and construe those facts, as well as all reasonable inferences from those facts, in the light most favorable to Plaintiff. *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005); *Concha v. London*, 62 F.3d 1493, 1503 (9th Cir. 1995).

## III.  NONE OF PLAINTIFF'S CLAIMS ARE TIME BARRED.

"A motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove the statute was tolled.'" *Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Fin. Corp.*, 878 F. Supp. 2d 1009, 1014 (C.D. Cal. 2011) (quoting *Supermail*

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

2

*Cargo, Inc. v. United State*s, 68 F.3d 1204, 1206–07 (9th Cir.1995). The untimeliness must appear beyond doubt on the face of the complaint before a claim will be dismissed as time-barred. *Id.*

Federal statutes contain no specific limitation period for civil rights claims brought under § 1983. *Wilson v. Garcia,* 471 U.S. 261, 266 (1985). If no limitation period exists for a federal cause of action, a local time limitation will apply unless it conflicts with federal law or policy; federal interests must predominate. *Id.* at 266–67; *see also Baker v. Board of Regents of State of Kan.,* 991 F.2d 628, 630 (10th Cir.1993). In 42 U.S.C. § 1988, Congress implicitly endorsed this approach for civil rights claims. *Wilson,* 471 U.S. at 266–67, 105 S.Ct. at 1941–42. In *Wilson,* the Supreme Court held that in deciding § 1983 claims, the statute of limitations of the forum state should be applied to all § 1983 claims. 471 U.S. at 280. Since Arizona is the forum state, its statute of limitations law applies to Plaintiff's § 1983 claims. Similarly, since neither the ADA nor the Rehabilitation Act contains an express statute of limitations provision, the Court must apply the statute of limitations under Arizona law. *See Pickern v. Holiday Quality Foods*, 293 F.3d 1133, 1137 n.2 (9th Cir. 2002).

As to Plaintiff's state law claims, federal courts addressing state law claims must apply state law statutes of limitation, and state law applies to the question of tolling state claims. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 745–46 (1980); *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir.2011) ("A federal court sitting in diversity applies the substantive law of the state, including the state's statute of limitations."); *Carter v. Wash. Metro. Area Transit Auth.*, 764 F.2d 854, 855 (D.C.Cir.1985) ("Under the Erie doctrine, the relevant state law controls whether, in a statute-of-limitations case before a federal court on diversity jurisdiction, a pending case tolls the statute of limitations.") (citation omitted)). Therefore, a federal court faced with the question of whether a state law claim is barred by the applicable state statute of limitations must apply the substantive law of the state and be governed by how the highest court of that state would resolve the limitations and tolling questions before it. *See, e.g., Albano*, 634 F.3d at 530.

As stated in Plaintiff's Complaint, Plaintiff has an IQ of 65 and has been diagnosed as mentally disabled. Under Arizona law: "If a person entitled to bring an action other than those

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

3

set forth in article 2 of this chapter is at the time the cause of action accrues either under eighteen years of age or of unsound mind, the period of such disability shall not be deemed a portion of the period limited for commencement of the action." A.R.S. § 12-502. The legislature provided no exceptions to the application of § 12-502. *Kiley v. Jennings, Strouss & Salmon,* 187 Ariz. 136, 927 P. 2d 796, 801-02 (Ariz. Ct. App. 1996) (finding no exception if the minor or individual is appointed a guardian or conservator); *Sahf v. Lake Havasu City Ass'n for the Retarded & Handicapped*, 721 P.2d 1177, 1181-82 (Ariz. Ct. App. 1986) (finding interest in protecting the constitutional right to recover for individuals with disabilities outweighed protecting defendants from stale claims). Due to Plaintiff's mental disability, she is of "unsound" mind. Thus, the statute of limitations for all her claims has never started to run, and, of course, has never expired. Thus, none of her claims are time barred.

## IV. DCS CANNOT RELY ON STATE LAW TO ASSERT IMMUNITY FROM LIABILITY UNDER FEDERAL LAW.

Under federal law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress … .

42 U.S.C. § 1983. The United States Supreme Court has held that "municipalities and other local government units [are] included among those persons to whom § 1983 applies." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). "Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* DCS is a local governing body, which, as alleged in the Complaint implemented or executed a policy, regulation, or decision which was the moving force behind one or more constitutional violations committed by its employees. *See* Compl. ¶¶ 404 - 412. As made clear by the United States Supreme Court, "when execution of a government's policy or custom,

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

4

whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell,* 436 U.S. at 694. The execution of policy or custom of DCS inflicted the injury alleged in the Complaint. Thus, DCS, "as an entity is responsible under § 1983." Under federal law, DCS is liable and may be sued under § 1983.

In claiming that DCS may not be sued under § 1983, State Defendants rely on state law. This argument is unavailing. Although state law does not provide that DCS is an entity that is liable for suit under state law, *see* A.R.S. §§ 8-451–8-892, state law cannot and does not overrule DCS's liability under § 1983 — liability which is established by federal law. The United States Supreme Court has made this clear: "Conduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 or § 1985(3) cannot be immunized by state law." *Martinez v. California*, 444 U.S. 277, 284 n. 8, (1980) (state immunity doctrines may not limit or defeat liability in § 1983 actions)); *see also Felder v. Casey*, 487 U.S. 131, 139, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988) ("[A] state law that immunizes government conduct otherwise subject to suit under § 1983 is preempted, even where the federal civil rights litigation takes place in state court, because the application of the state immunity law would thwart the congressional remedy, which of course already provides certain immunities for state officials." (citation omitted)). DCS's liability is established under federal law. *See Monell, supra.* The federal courts have made clear that "immunity under § 1983 is governed by federal law; state law cannot provide immunity from suit for federal civil rights violations." *Wallis v. Spencer*, 202 F.3d 1126, 1144 (9th Cir. 2000)). Under federal law, DCS is not immune for its actions, as alleged in the Complaint, in unconstitutionally implementing or executing a policy, statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.

## V.   DEFENDANTS HAVE FAILED IN THEIR BURDEN TO PROVE THAT THE DOCTRINE OF RES JUDICATA SHOULD APPLY HERE.

The term "rules or principles of res judicata," "generically refer[s] to the concepts addressed in the Restatement (Second) regarding preclusive effects of former litigation." *In re Associated Vintage Grp., Inc.*, 283 B.R. 549, 554–55 (B.A.P. 9th Cir. 2002). "The terms 'res

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

5

judicata' and 'collateral estoppel' have been replaced by an updated vocabulary in the interest of precision." *Id.* (citing Restatement (Second) of Judgments, Introduction (1981)).

> The genre of res judicata principles subsumes two basic categories. First, "claim preclusion" includes doctrines of "merger" and "bar" that foreclose litigation of matters that have never been litigated. "Claim preclusion" has supplanted the term "res judicata" that was traditionally used in a now-obsolete, non-generic sense []. Second, "issue preclusion," although often inaccurately called "collateral estoppel," actually includes doctrines of direct estoppel and of collateral estoppel, both of which foreclose relitigation of matters that have been actually litigated.

*In re Associated Vintage Grp., Inc.*, 283 B.R. 549, 555 (B.A.P. 9th Cir. 2002).

The United States Supreme Court has defined the doctrine of issue preclusion as follows:

> Issue preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim.

*New Hampshire v. Maine*, 532 U.S. 742, 748–49 (2001).

The rules of federal and state comity require that federal courts give prior state judgments the same preclusive effect as the courts of the state court that rendered the judgment. 28 U.S.C. § 1738 (2012). As a matter of full faith and credit, a federal court must determine the preclusive effect of a prior state court judgment by applying the issue preclusion law of the state of the court that rendered the prior judgment. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. at 81, 104 S.Ct. 892.

The seminal decision setting forth the state law elements of issue preclusion under Arizona law is the Arizona Supreme Court decision of *Chaney Building Co. v. City of Tucson*, 148 Ariz. 571, 716 P.2d 28, 30 (1986), which states that issue preclusion is applicable when:

(1) the issue or fact to be litigated was actually litigated in a previous suit,

(2) a final judgment was entered,

(3) the party against whom the doctrine is to be invoked had a full opportunity to litigate the matter,

(4) actually did litigate it, and

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

6

1   (5) such issue or fact was essential to the prior judgment.

2   *Id.* at 30 (numbering and emphasis added).

3       "[I]ssue preclusion[] is an affirmative defense." *Taylor v. Sturgell*, 553 U.S. 880, 907

4   (2008) (citing Fed. Rule Civ. Proc. 8(c)). "Ordinarily, it is incumbent on the defendant to plead

5   and prove such a defense, and we have never recognized claim preclusion as an exception to

6   that general rule." *Id.* (internal citations omitted). In order for issue preclusion to apply, State

7   Defendants must prove all of the elements. *Kelly v. Okoye (In re Kelly)*, 182 B.R. 255, 258 (BAP

8   9th Cir. 1995) (holding that under Arizona law, a defendant must prove all the elements of

9   issue preclusion in order for it to apply). Under Arizona law, "[t]o sustain this burden, the

10  party must introduce a record sufficient to reveal the controlling facts and pinpoint the exact

11  issues litigated in the prior action" and any reasonable doubt as to what was decided in the

12  prior action should be resolved against the application of issue preclusion. *Id.*

13          a.  **The issue of whether the state complied with the ADA in its provision of services to Plaintiff was never litigated in the state case.**

14

15      The Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101-12213

16  (2018), is a federal law that requires public entities to make reasonable accommodations for

17  qualified individuals with disabilities. "The ADA imposes an affirmative duty on public entities

18  to make 'reasonable modifications in policies, practices, or procedures when the modifications

19  are necessary to avoid discrimination on the basis of disability, unless ... the modifications

20  would fundamentally alter the nature of the service" provided." *Jessica P. v. Dep't of Child Safety*,

21  249 Ariz. 461, 468 (App. 2020) quoting 28 C.F.R. § 35.130(b)(7)(i).

22      Prior to the appellate court decision in Plaintiff's appeal of the termination of her

23  parental rights, no court in Arizona had addressed whether DCS is required to comply with

24  ADA in providing services to disabled parents. As a matter of first impression, Arizona's

25  appellate court, consistent with the findings of numerous other jurisdictions, held that DCS is

26  so required. *Id.* at 468-69 ("We agree with courts in other jurisdictions – child welfare agencies

27  such as DCS, as public entities, must provide reunification services that comply with the ADA

28  to disabled parents.") "[A]bsent reasonable modifications to … rehabilitative services offered

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

7

to a disabled parent, a department has failed to perform its duty under the ADA to reasonably accommodate a disability and, in turn, its obligation to make reasonable efforts to rehabilitate the parent." *People in Interest of S.K.*, 440 P. 3d 1240, 1245 (Co. App. 2019). When a government agency "fails to take into account the parents' limitations or disabilities and make any reasonable accommodations, then it cannot be found that reasonable efforts were made to reunite the family." *Lucy J. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 244 P.3d 1099, 1115 (Alaska 2010).

Under Arizona law, it is well established that in order to prove its allegations for termination of parental rights, DCS is required to present clear and convincing evidence that it made reasonable efforts to rehabilitate the parent and reunite the family. *See Jordan C. v. Ariz. Dept. of Econ. Sec.*, 223 Ariz. 86, 93 ¶ 19 (App. 2009). Arizona's courts have also long held that when the state fails to offer sufficient evidence to support its allegations, this is fundamental, prejudicial error. *See State v. Gray*, 227 Ariz. 424, n.1 (App. 2011) (the state's failure to present sufficient evidence to support its allegations "would be fundamental error, as it constitutes error going to the foundation of the case" and "necessarily" deprives a person of a "fair trial") (internal quotation marks omitted). Additionally, "[b]ecause of the constitutional ramifications inherent in termination proceedings … the doctrine of fundamental error" applies in termination proceedings. *Monica C. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 89, 93 ¶ 23 (App. 2005). On appeal, Plaintiff argued that the trial court had committed fundamental, prejudicial error by failing to require DCS to present sufficient evidence that it had made reasonable efforts to rehabilitate the parent and reunite the family because the trial court had not required DCS to present any evidence that it took into account Plaintiff's limitations or disabilities and to make any reasonable accommodations. In response, the Arizona Court of Appeals held:

> [Plaintiff] *did not raise her claim that DCS violated her right to reasonable accommodations under the ADA in the juvenile court* before or during the severance proceedings. Mother never asked the juvenile court to determine whether the services DCS provided [Plaintiff], which the court found were reasonable under A.R.S. § 8-533, also satisfied the ADA. Mother was represented by counsel throughout the case and could have timely raised the issue. Raising an ADA claim for the first time on appeal is untimely and we do not consider it.

1   *Id.* at 469 (emphasis added)

2        *The appellate court thus held that because Plaintiff had not raised the issue of whether the services the*

3   *state provided complied with the ADA in the trial court, that issue had not been litigated in the trial court.*

4   Because the appellate court concluded *that the issue of whether the State had complied with the ADA*

5   *had not been litigated in the trial court*, the appellate court refused to consider Plaintiff's claim of

6   fundamental error. Plaintiff filed a petition for review, claiming, among other errors, that the

7   appellate court had erred in refusing to consider her claim of fundamental error because, under

8   Arizona law, in parental-rights-termination proceedings, claims of fundamental error could be

9   raised at any time. *Jessica P. v. Dep't of Child Safety*, 251 Ariz. 34, 484 P.3d 148, 150 (Ct. App.

10  2021). The Arizona Supreme Court agreed, granted the petition for review, reversed that

11  portion of the appellate court decision, and remanded the case to the appellate court. *Id.*

12        Once the matter was remanded to the appellate court, no further evidence or argument

13  was provided. No evidence or testimony was taken on whether the state had complied with

14  the ADA. *The issue was not litigated.* Rather, the appellate court concluded, based on the existing

15  appellate record, that Plaintiff had "not sustained her burden to show that fundamental error

16  occurred when the juvenile court found that DCS provided her with appropriate reunification

17  services before severing her parental rights." *Id.*

18        State Defendants have not offered any evidence from the state trial court record to

19  show that the issue of whether the services DCS provided to Plaintiff complied with the ADA

20  was litigated in that court. Nor could they. The issue was not litigated in the trial court. The

21  trial court took no evidence on this issue. It heard no testimony on this issue. It did not decide

22  this issue. As held by the state appellate court, that issue was not raised or litigated at the trial

23  court. *Jessica P.*, 249 Ariz. at 468-69. State Defendants have not offered any evidence from the

24  state appellate court record to show that the issue of whether the services DCS provided to

25  Plaintiff complied with the ADA was litigated in that court. Nor could they. The issue was not

26  litigated in the appellate court. The appellate court took no evidence on this issue. It heard no

27  testimony on this issue. It did not decide this issue. The issue decided by the appellate court,

28  as clearly stated by the appellate court, was that Plaintiff had "not sustained her burden to

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

show that fundamental error occurred when the juvenile court found that DCS provided her with appropriate reunification services before severing her parental rights." *Jessica P.*, 484 P.3d at 150. No court has decided the issue of whether DCS complied with the ADA because that issue was not litigated in the state courts.

As noted above, in order for issue preclusion to apply, State Defendants must prove *all* of the elements. Because State Defendants have failed to prove the issue of whether DCS complied with the ADA has ever been litigated in any state court, their assertion of claim preclusion must fail.

### b. The appellate court judgment is a final judgment for issue preclusion purposes.

As to finality, Arizona courts follow the principles set forth in the Restatement. *See Campbell v. SZL Props., Ltd.*, 204 Ariz. 221, 224, 62 P.3d 966 (Ariz. Ct. App. 2003). "For purposes of issue preclusion," the requirement of a final judgment includes "a 'prior adjudication of an issue that is determined to be sufficiently firm to be accorded preclusive effect' so long as it was eligible for appellate review. The pendency of an appeal does not affect finality." Christopher Klein and Lawrence Ponoroff, Principles of Preclusion and Estoppel in Bankruptcy Cases, 79 Am. Bankr.L.J. 839, 844-45 (2005). *See Southern Leasing Corp. v. Tufts*, 167 Ariz. 133, 134–35, 804 P.2d 1321, 1322–23 (App.1991), citing Restatement (Second) Judgments § 28 (lack of finality exists only when party could not have obtained review of the judgment in the prior action); *see also Grynberg v. Shaffer*, 216 Ariz. 256, 259–60, 165 P.3d 234 (App.2007)("finality is not negated by a pending appeal"). Thus, the state appellate court judgment is a final judgment for res judicata purposes.

### c. Plaintiff has never had the opportunity to fully litigate the issue of whether Arizona complied with the ADA.

"[T]he crux of res judicata is that the 'party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination.'" *Aghaeepour v. N. Leasing Sys., Inc.*, 378 F. Supp. 3d 254, 266 (S.D.N.Y. 2019) (quoting *Kaufman v. Eli Lilly & Co.*, 65 N.Y.2d 449 (1985)). "We have in this nation a 'deep-rooted historic tradition that

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

Mills + Woods Law, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

everyone should have his own day in court.'" *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1050 (9th Cir. 2005) (quoting *Richards v. Jefferson County*, 517 U.S. 793, 798 (1996)). "It is a violation of due process for a judgment to be binding on a litigant who … has never had an opportunity to be heard." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 327, n.7 (1979). Because, at the time of the trial court proceedings, no Arizona court had held that DCS was required to comply with the ADA in providing services to disabled parents, Plaintiff did not have the opportunity to litigate the issue of whether DCS did comply at the trial court. After the appellate court decision, the matter was never remanded to the trial court. Thus, Plaintiff never had the opportunity to litigate this issue at the trial court. Nor did Plaintiff have the opportunity to litigate this issue at the appellate court. Plaintiff has never offered evidence or testimony on the issue of whether the services DCS provided to Plaintiff complied with the ADA, nor has she ever had the opportunity to do so. She has never had the opportunity to fully litigate this issue.

As noted above, in order for issue preclusion to apply, State Defendants must prove all of the elements. Because State Defendants have failed to prove this element, their assertion of claim preclusion must fail.

> **d. The issue of whether the state actually complied with the ADA was not essential to the judgment of the appellate court that the trial court did not commit fundamental error by failing to require the state to prove that it had complied with the ADA prior to terminating Plaintiff's parental rights.**

In its first appellate decision, the appellate court determined that, since the issue of DCS's compliance with the requirements of the ADA had not been litigated in the trial court, it would not consider Plaintiff's claim that the trial court erred in failing to require DCS to provide sufficient evidence that it had complied with the ADA in its provision of services to Plaintiff. In its second appellate decision, the court only considered whether fundamental error had been committed. Under Arizona law, "[t]he scope of review for fundamental error is limited." *State v. Henderson*, 210 Ariz. 561, 567 (2005). A parent can only "obtain appellate relief" from the termination of her parental rights by showing that her case is one of those "rare cases that involve 'error going to the foundation of the case, error that takes from the

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

[parent] a right essential to [her] defense, and error of such magnitude that the [parent] could not possibly have received a fair trial." *Id.* quoting *Hunter*, 142 Ariz. at 90; *see also State v. Gendron*, 168 Ariz. 153, 155, 812 P.2d 626, 628 (1991) (holding that fundamental error is that which is "clear, egregious and curable only via a new trial"). "To prevail under this standard of review, a [parent] must establish both that fundamental error exists and that the error in [her] case caused [her] prejudice. *Id.* citing *Gendron*, 168 Ariz. at 155, 812 P.2d at 628; *see also Hunter*, 142 Ariz. at 90, 688 P.2d at 982 (holding that defendant must prove fundamental error exists, and is of such magnitude that he could not have received a fair trial); *State v. King*, 158 Ariz. 419, 424, 763 P.2d 239, 244 (1988) (holding that after determining that error occurred, a court must evaluate the prejudicial nature of the error).

In holding that Plaintiff had failed to surmount this limited and daunting standard of review and obtain appellate relief, it was not necessary for the appellate court to determine whether DCS complied with the ADA. Rather, to deny Plaintiff appellate relief, the court did not need to find that no error occurred, but only that if any error did occur, it was not "of such magnitude" that she could not have received a fair trial. The issue of whether the state actually complied with the ADA was not essential to the judgment of the appellate court that the trial court did not commit fundamental error. And, the appellate court did not decide that issue.

As noted above, in order for issue preclusion to apply, State Defendants must prove all of the elements. Because State Defendants have failed to prove this element, their assertion of claim preclusion must fail.

## VI.    THE ROOKER-FELDMAN DOCTRINE DOES NOT APPLY HERE.

The Rooker-Feldman doctrine is a judicially created doctrine that absolutely bars lower federal courts from reviewing certain state court actions. The doctrine is predicated on the principles of comity and federalism and originated from two Supreme Court opinions, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Specifically, the Rooker-Feldman doctrine holds that a United States District Court has no subject matter jurisdiction to review final judgments of a state court because only

12

the Supreme Court has jurisdiction to review state judgments under 28 U.S.C. § 1257. *Feldman*, 460 U.S. at 482; *Rooker*, 263 U.S. at 416. The doctrine is a jurisdictional rule that precludes the lower federal courts from reviewing state-court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005). Given the "narrow ground" the doctrine occupies, however, the Supreme Court confined Rooker-Feldman "to cases ... brought by state-court losers ... inviting district court review and rejection of [a state court's] judgments." *Id.* at 283-84.

This case does not fall within this narrow ground. As noted above, no Arizona court has determined the issue of whether the state complied with the ADA in the services it provided to Plaintiff. Thus, there is no decision of any Arizona court which Plaintiff is inviting this Court to review.

## VII.   CONCLUSION.

For the reasons discussed above, State Defendants motion to dismiss should be denied in its entirety. Because the statute of limitations for all of Plaintiff's claims have been tolled, and remain tolled, none of her claims are untimely. Furthermore, federal law makes clear that a government entity is liable under §1983 for its actions that result in a violation of constitutional rights. A state cannot create a government entity, give it the power and authority to violate fundamental constitutional rights, and then shield it from federally established liability for such violations by simply declaring such an entity immune from suit under state law. Section 1983 was created so that a person could obtain relief when a state actor violated their federal constitutional rights. DCS's argument that is has carte blanche to enact policies and procedures which violate constitutional rights without any liability is antithetical to the entire purpose of §1983, and it is contrary to law. The argument thus must be rejected.

Finally, the issue of whether the State of Arizona failed to comply with Title II of the ADA and § 504 of the Rehabilitation Act in the services provided to Plaintiff has never been litigated in any state court. The State Defendants' assertions that this case should be dismissed due to issue preclusion and/or the Rooker-Feldman doctrine is without merit. Plaintiff has never had her day in court. Her claims should not be dismissed.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

1

2  **RESPECTFULLY SUBMITTED** this 4th day of June 2021.

3  **MILLS + WOODS LAW PLLC**

4  By____/s/ Thomas A. Connelly_____
   Thomas A. Connelly
5  Robert T. Mills
   Sean A. Woods
6  5055 North 12th Street, Suite 101
   Phoenix, AZ 85014
7
   **GILLESPIE, SHIELDS, GOLDFARB, TAYLOR & HOUK**
8  DeeAn Gillespie Strub
   Kristina Reeves
9  7319 North 16th Street
   Phoenix, AZ 85020
10
   *Attorneys for Plaintiffs*
11

12

13                    **CERTIFICATE OF SERVICE**

14       I hereby certify that on June 4, 2021, I electronically transmitted the foregoing

15  document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of

16  Electronic Filing to the following ECF registrants:

17
   Mark Brnovich
18  Timothy Watson
   Christopher J. Feasel
19  **OFFICE OF THE ATTORNEY GENERAL**
   2005 North Central Avenue
20  Phoenix, Arizona 85004-1592
   defensephx@azag.gov
21  timothy.watson@azag.gov
   christopher.feasel@azag.gov
22  *Attorneys for State Defendants*
23

24

25  _____/s/ Thomas A. Connelly_____

26

27

28

14

MILLS + WOODS LAW PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556