MARK BRNOVICH
ATTORNEY GENERAL

TIMOTHY WATSON (#018685)
CHRISTOPHER J. FEASEL (#033301)
Assistant Attorneys General
2005 North Central Avenue
Phoenix, Arizona 85004-1592
Telephone: (602) 542-7641
Fax: (602) 542-3393
DefensePhx@azag.gov
defensephx@azag.gov
Christopher.Feasel@azag.gov
Timothy.Watson@azag.gov

*Attorney for State Defendants*

# UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Ploof, an individual,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>State of Arizona, a government entity; Arizona Department of Child Safety, a governmental entity; Meagan Tafoya, individually and as an employee with the State of Arizona Department of Child Safety and John Doe Tafoya, her spouse; Sarah Greenway, individually and as an employee with the State of Arizona Department of Child Safety and John Doe Greenway, her spouse; Paige Szymkowski, individually and as an employee with the State of Arizona Department of Child Safety and John Does Szymkowski, her spouse; Claudia Hoff, individually and as an employee with the State of Arizona Department of Child Safety and John Doe Hoff, her spouse; Nick Breeding, individually and as an employee with the State of Arizona Department of Child Safety and Jane Doe Breeding, his spouse; Gregory McKay, as former Director, Arizona Department of Child Safety; Michael Faust and James Thal, individually and as a services provider for the State of Arizona Department of Child Safety and Jane Doe Thal, his spouse; John and Jane Does 1-5; and Black Entities 1-5,<br><br>　　　　　　　Defendants. | Case No: 21-cv-00853-JJT<br><br>**STATE DEFENDANTS'<br>REPLY MEMORANDUM<br>SUPPORTING<br>MOTION TO DISMISS** |

Defendants, State of Arizona, Arizona Department of Child Safety, Megan Tafoya, Sarah Greenway, Paige Szymkowski, Claudia Hoff, Nick Breeding, Gregory McKay and Michael Faust (hereinafter "State Defendants"), now submit their Reply Memorandum supporting their Motion to Dismiss Plaintiff's Complaint ("Motion") (Doc. 8). Plaintiff's Response to the Motion ("Response") (Doc. 9) fails to show that her claims should survive dismissal.

## I.   PLAINTIFF'S CLAIMS ARE TIME BARRED

Plaintiff filed her complaint on December 23, 2020, long after the limitation period for her claims expired on June 18, 2020. Plaintiff asserts that she has an IQ of 65 and is mentally disabled. Therefore, Plaintiff argues that the relevant limitation period is tolled, has never started to run and thus has never expired. (Response, p.4:9-11). Plaintiff misapplies the tolling doctrine to the limitation period in this case.

The appropriate state statute for the limitation period "for section 1983 actions is that for personal injury cases." *Vaughan v. Grijalva*, 927 F.2d 476, 478 (9th Cir. 1991). In Arizona, the relevant limitation period is two years. See, A.R.S. § 12-542. In addition, with regard to accrual of a claim, under federal law, the "discovery rule" typically governs the accrual of section 1983 claims so that "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Bird v. Dep't of Human Services*, 935 F.3d 738, 743 (9th Cir. 2019).

Pursuant to A.R.S. § 12-502, if a person is of "unsound mind, the period of such disability shall not be deemed a portion of the period limited for commencement of the action. Such person shall have the same time after removal of the disability which is allowed to others." The statutory provision for tolling based on unsound mind "is premised on equitable principles similar to those that underlie the discovery rule: it is unfair to bar an action in which the plaintiff is mentally disabled and thus unable to appreciate or pursue his or her legal rights." *Doe v. Roe*, 191 Ariz. 313, 325, ¶ 41 (1998). However, a bald allegation that a person is of unsound mind for tolling purposes is insufficient to overcome the limitation period:

> It is insufficient to summarily claim an 'inability to bring the action.' The policy of protecting defendants against stale and fraudulent claims cannot be overcome by conclusory averments such as assertions that one was unable to manage daily affairs or understand legal rights and liabilities. The plaintiff instead must set forth specific facts—hard evidence—supporting the conclusion of unsound mind.

*Id.* ¶ 42 (internal citations omitted). Plaintiffs' unsupported assertion that a mental disability reaches the level of unsound mind for tolling purposes fails as matter of law.

In Arizona, there is a two part test for an unsound mind that would toll the limitation period on a claim. An "unsound mind occurs when the person shows: (1) inability to manage daily affairs, and (2) inability to understand legal rights and liabilities." *Id.* at ¶ 42.

With regard to the first prong of the test, the inability to manage daily affairs, Plaintiff's Complaint in this case alleges on its face that Plaintiff had the ability engage in the following:

- She "made sure that [her child] H.P. was always well-cared for, and well-loved." (Complaint, ¶ 33).

- She "ensured that H.P. was provided services from the time he was an infant, including physical therapy, DDD services, speech therapy, and attendance at a Head Start preschool." (*Id.* ¶ 41).

- She "regularly took H.P. for medical checks with his pediatrician." (*Id.* ¶ 46).

- She took H.P. to a pediatrician who "notified DCS of any concern with H.P.'s health or well-being" while in Plaintiff's care. (*Id.* ¶ 47-48).

- She supervised her friend's grandchildren and as a result her friend "trusts [Plaintiff] to watch after her own grandchildren." (*Id.* ¶ 53).

- She "kept her house clean." (*Id.* 57).

- She "ensure[d] that all of H.P.'s physical, medical, and emotional needs were being met [and maintained] a happy and loving family." (*Id.* ¶ 64).

- She was evaluated by a psychologist who testified about her parenting at a juvenile court proceeding and opined that although it was "just challenging" for her to retain facts and ideas parents normally master, he "did not opine [Plaintiff] was incapable of learning." (*Id.* ¶ 183-184).

The test is not whether Plaintiff has difficulty or that she cannot engage in the tasks at a high level, but rather, whether she has an utter inability to perform them. Here, that is clearly not the case.

The second prong of the test is the inability to understand legal rights and liabilities. Plaintiff engaged in a defense of a juvenile court proceeding that sought a termination of her parental rights while represented by counsel. She contested the removal of custody. Thus, by definition, she knew of the removal of custody of custody at issue, the alleged injury to her rights and contested them in court. There is no reason attorneys representing her could not have timely filed the present case with her approval and consent. Therefore, the Plaintiff's claims are time barred.

## II. PLAINTIFF HAS IMPROPERLY SUED DCS

Plaintiff alleges that DCS, "as an entity is responsible [for injuries] under § 1983 [and] under federal law, DCS is liable and may be sued under § 1983." (Response, p. 5:4-5). Plaintiff is simply wrong.

### A. DCS is a Non-Jural Entity

In Arizona, a government entity may be sued only if the legislature has given that entity the power to be sued. See, *Payne v. Arpaio*, 2009 WL 3756679, at *4 (D. Ariz. Nov. 4, 2009) (citing example, "there is a consensus that city police departments are non-jural entities that may not be sued in their own names.") Here, DCS is a non-jural entity without the power to sue or be sued. Ultimately, there would be little practical consequence in this case as Plaintiff has named the State of Arizona as a Defendant.

### B. *Monell* Liability Cannot Attach to a State Department

So called *Monell* claims can be brought against a municipality when Plaintiff has suffered a civil rights violation caused by a custom, practice, or policy created by the municipality. See, *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell*, 436 U.S.

at 690–691. *Monell* liability cannot attach to an individual (in his or her personal capacity) or a State entity. See *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989) (States are protected by the Eleventh Amendment while municipalities are not, and *Monell* is limited to "local government units," which are not considered part of the State for Eleventh Amendment purposes). Thus, a *Monell* claim is a suit against a local government unit or entity. DCS is a department of a State and is thus, by definition, not a municipal entity subject to *Monell* liability.

### III. PLAINTIFF'S ADA AND REHABILITATION ACT CLAIMS ARE BARRED

Plaintiff asserts that her ADA claims were never litigated in the State courts and therefore issue preclusion does not apply. However, this assertion misreads the Arizona Court of Appeals decision. Even though the appellate court held that Plaintiff had not raised the issue of whether the services the State provided complied with the ADA, the Court of Appeals nonetheless reviewed the record and made specific findings:

> In our initial opinion, **we reviewed at length the services DCS provided Mother and concluded the record amply supported the juvenile court's finding that DCS had fulfilled its obligation to offer her appropriate reunification services** . . . While Mother contends that DCS should have provided her with enhanced, supplemental, and more frequent training (presumably parenting training), she identifies no specific ADA-required services that DCS failed to provide. Nor does Mother offer anything beyond speculation for the proposition that, had DCS provided those additional services, the severance trial outcome would have been different. For that reason, Mother has not met her burden under fundamental error review.

*Jessica P. v. Dep't of Child Safety*, 484 P.3d 148, 150-153 ¶ 2, 18 (App. 2021) (emphasis added) (internal quotes omitted).

The Court of Appeals found that the record amply supported the finding that DCS had provided appropriate services, and thus the State had complied with the ADA. Plaintiffs' claim that no evidence was presented on the issue is simply wrong, as noted by the "record" reviewed by the Court of Appeals. Therefore, this issue has been

"litigated" for the purpose of claim preclusion, and Plaintiffs cannot reassert the same claims now.

Finally, the Rooker-Feldman doctrine applies here. Since the Court of Appeals has already decided the ADA issues in this case, this Court should not usurp that judgment. Accordingly, Plaintiff's ADA and Rehabilitation Act claims are barred.

## IV. CONCLUSION

Plaintiff's Complaint is time barred by the relevant statute of limitations for state and federal claims. At a minimum, DCS should be dismissed because it is a non-jural entity and Plaintiff's ADA and Rehabilitation Act claims should be dismissed because they are barred by the doctrines of federal claim preclusion and Rooker-Feldman.

Respectfully submitted this 21st day of May, 2021

Mark Brnovich
Attorney General

/s/ *Christopher J. Feasel*
Christopher J. Feasel
Timothy J. Watson
Assistant Attorneys General
*Attorneys for State Defendants*

I certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following, if CM/ECF registrants, and mailed a copy of same to any non-registrants, this 11th day of June, 2021:

Thomas A. Connelly
Robert T. Mills
Sean A. Woods
MILLS + WOODS LAW PLLC
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
*Attorneys for Plaintiff*

DeeAn Gillespie Strub
Kristina Reeves
GILLESPIE, SHIELDS, GOLDFARB & TAYLOR
7319 North 16th Street
Phoenix, Arizona 85020
*Attorneys for Plaintiff*

Charles S. Hover, III, Esq.
RENAUD COOK DRURY MESAROS, PA
One North Central Avenue, Suite 900
Phoenix AZ 85004
*Attorney for Defendant Thal*

/s/ Jo Beaudry
9567914