Thomas A. Connelly (AZ Bar #019430)
Robert T. Mills (AZ Bar #018853)
Sean A. Woods (AZ Bar #028930)
**MILLS + WOODS LAW PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
tconnelly@millsandwoods.com
docket@millsandwoods.com

DeeAn Gillespie Strub (AZ Bar #009987)
Kristina Reeves (AZ Bar #031171)
**GILLESPIE, SHIELDS, GOLDFARB & TAYLOR**
7319 North 16th Street
Phoenix, Arizona 85020
Telephone: (602) 870-9700
Fax: (602) 870-9783
mailroom@gillaw.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Jesscia Ploof, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>State of Arizona, et *al.*,<br><br>    Defendants. | Case No.: 2:21-cv-00853-JJT-PHX<br><br>**JOINT CASE MANAGEMENT REPORT**<br><br>(Assigned to Hon. John J. Tuchi) |

Pursuant to the Court's Order (Doc. 11) and in accordance with Fed. R. Civ. P. 26(f) and General Order 20-21, the parties conferred regarding this Joint Case Management Report on 30 November 2021. Counsel participating included: Thomas A. Connelly for Plaintiff; Charles Stedman Hover, III for Defendant James Thal; and Christopher J. Feasel for State Defendants. The parties, by and through their respective undersigned counsel, hereby submit their Rule 26(f) Joint Case Management Report.

1. **A list of the parties in the case, including any parent corporations or entities (for recusal purposes).**

   **Plaintiffs**

   Jessica Ploof

   **Defendants**

   State of Arizona

   Arizona Department of Child Safety ("DCS")

   Meagan Tafoya and spouse

   Sarah Greenway and spouse

   Paige Szymkowski and spouse

   Claudia Hoff and spouse

   Michael Faust, as DCS Director

   Nick Breeding and spouse

   James Thal and spouse

   Gregory McKay, as former DCS Director

2. **A short statement of the nature of the case (3 pages or less), including a description of each claim and each affirmative defense, and identifying the factual and legal issues genuinely in dispute.**

   **(a)   Plaintiffs**

Jessica Ploof (Jessica) is the mother of Hunter (DOB 4/29/14). In December 2016, soon after Jessica broke off her relationship with a man who was a negative influence, the Arizona Department of Child Safety ("DCS") received two anonymous hotline calls in two days making false allegations of abuse and neglect against Jessica as to Hunter. On January 12, 2017, Defendant Meagan Tafoya, a caseworker with DCS, seized Hunter from his mother. Defendant Tafoya did not have a warrant to seize Hunter and there were no exigent circumstances when she did so. Based on the information Tafoya and DCS possessed at the time of the seizure, no reasonable person in their position could have determined that Hunter was in imminent danger of immediate harm.

Jessica has an IQ of 65 and has been diagnosed as mentally disabled. DCS knew that Jessica was a qualified mentally disabled person. Yet, after seizing her son, the only services DCS offered Jessica were those they knew or should have known were not reasonably accommodated to Jessica's disability. They also knew or should have known

2

that their failure to offer appropriate services was in violation of the Americans with Disabilities Act of 1990 and § 504 of the Rehabilitation Act.

During the state court dependency, which morphed into severance proceedings in which DCS sought to terminate Jessica's parental relationship with her son fully and forever because of her disability, the Defendant DCS employees repeatedly violated Jessica's constitutional rights and federal law. As a result of their persistent unlawful conduct, Jessica's rights to her child have been permanently and irrevocably terminated. She will never see or hold her son again – a result even more persistently painful than losing a child to premature death.

The Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101-12213 (2018) is a federal law that requires public entities to make reasonable accommodations for qualified individuals with disabilities. The ADA prohibits a public entity from discriminating against a qualified individual with disabilities in the provision or operation of public services, programs, or activities. *Tennessee v. Lane*, 541 U.S. 509, 517 (2004). Section 504 of the Rehabilitation Act applies the same requirement to entities such as DCS that receive federal financial assistance. *See In re H.C.*, 187 A.3d 1254, 1265 (D.C. 2018). Under the ADA, a qualified person with a disability shall not, "solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). The ADA imposes an affirmative duty on public entities to make reasonable accommodations for qualified individuals with disabilities. 28 C.F.R. § 35.130(b)(7) (2018). On appeal from the state court's severance of her parental rights, Jessica argued, among other things, that DCS had failed to comply with the ADA by failing to provide her services that were reasonably accommodated to her disability. In its response, DCS acknowledged that it had not offered Jessica services that were reasonably accommodated to her disability. The Court of Appeals did not consider Jessica's claim that DCS had failed to comply with the ADA due to an alleged procedural error. The Court of Appeals did find, however, that Jessica's rights to her child were terminated due to her

3

mental disability. Had DCS complied with federal law in providing Jessica with services, she would not have lost her son forever.

### (b) Defendants State of Arizona/DCS/Individual DCS Defendants

State Defendants, through their counsel, on 21 May 2021, filed a motion to dismiss under Rule 12(b)(6) arguing that all of Plaintiff's claims are barred by the statute of limitations, that the claims against DCS are not legally cognizable because DCS is a non-jural entity, and that Jessica's ADA and Rehabilitation Act claims are barred by claim preclusion and the *Rooker-Feldman* doctrine. The motion is fully briefed and pending resolution by this Court.

State Defendants further deny all allegations in the Complaint and affirmatively assert that they complied with all state and federal regulations.

### (c) Defendants Dr. James Thal and spouse

Defendant Dr. James Thal, through his counsel, filed an answer in the Maricopa County Superior action CV2020-017046 on March 24, 2021, in which he denies Plaintiff's allegations.

### 3. The jurisdictional basis for the case, describing the basis for jurisdiction and citing specific statutes, if any.

Plaintiff brings this civil-rights lawsuit pursuant to the First, Fourth, and Fourteenth Amendments to the United States Constitution, the Civil Rights Act of 1871, 42 U.S.C. § 1983, the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213, the Rehabilitation Act, 29 U.S.C. § 794, Arizona Revised Statutes § 12-641, and Arizona common law. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4), which provides for original jurisdiction in federal Court for all suits brought under 42 U.S.C. § 1983, 42 U.S.C. §§ 12101-12213, and 29 U.S.C. § 794. Jurisdiction is also proper under 28 U.S.C.§ 1331 because this action asserts claims for relief which derive from the United States Constitution and the laws of the United States. This Court has jurisdiction over Plaintiffs' state law claims under 42 U.S.C. § 1367(c).

4

**4. Parties which have not been served and an explanation of why they have not been served; and any parties which have been served but have not answered or otherwise appeared.**

All Defendants have been served and either answered or filed a motion to dismiss which is fully briefed and pending Court resolution.

**5. A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings.**

The parties should be allowed sixty (60) days from the issuance of the Rule 16 Scheduling Order to add additional parties to the case or otherwise amend the pleadings. Should any party believe that further amendment is required due to the discovery of the identity of additional parties, they will seek leave of Court.

**6. A list of contemplated motions and a statement of the issues to be decided by these motions.**

State Defendants, on 21 May 2021, filed a motion to dismiss under Rule 12(b)(6) arguing that all of Plaintiff's claims are barred by the statute of limitations, that the claims against DCS are not legally cognizable because DCS is a non-jural entity, and that Jessica's ADA and Rehabilitation Act claims are barred by claim preclusion and the *Rooker-Feldman* doctrine. That motion is fully briefed and pending resolution by this Court.

The parties reserve the right to file any motions that are appropriate at the time of filing and permissible under the federal rules of civil procedure and the local rules given the then current stage of these proceedings, the nature of the issues raised by the motion, and any standing order of the court regarding the filing of motions. Such motions may include discovery motions or dispositive motions.

**A. Plaintiffs**

Plaintiffs anticipate seeking partial summary judgment on the issues of liability on their claims for civil rights violations, negligence, and gross negligence leaving only the issue of damages to be tried as to those claims. This motion will be based largely on the acts and omissions of State Defendants in conducting an inadequate initial investigation resulting in Hunter being seized from the care and custody of her mother without a warrant and in the absence of exigent circumstances.

5

**B.     State of Arizona Defendants**

State Defendants anticipate filing a motion for summary judgment on the issue of liability.

**C.     James Thal and Spouse**

Defendant Thal anticipates that he will file a motion for summary judgment on the issue of liability.

**7.     Whether the parties will consent to the assignment of this action to a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c).**

Plaintiff consents to the assignment of this action to a Magistrate Judge for the purposes of alternative dispute resolution. State Defendants do not consent to the assignment of this action to a Magistrate Judge for any purposes. Defendant Thal has not stated a position.

**8.     The status of related cases pending before other courts or other judges of this Court.**

There are no related cases pending before this or other courts or other judges.

**9.     A statement of when the parties exchanged or will exchange Fed. R. Civ. P. 26(a) Initial Disclosures**.

The parties will exchange their initial disclosures on or before 14 January 2022.

**10.    A discussion of any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it will be produced (*see* Fed. R. Civ. P. 16(b)(3)(B)(iii); Fed. R. Civ. P. 26(f)(3)(D)).**

There are no issues relating to disclosure or discovery of electronically stored information at this time. The parties agree to work cooperatively to resolve any issues that might arise in the future.

**11.    A discussion of any issues relating to claims of privilege or work product (*see* Fed. R. Civ. P. 16(b)(3)(B)(iv); Fed. R. Civ. P. 26(f)(3)(D)).**

There are no issues relating to claims of privilege or work product existing or anticipated at this time. The parties agree to work cooperatively to resolve any issues that might arise in the future.

**12.    A discussion of necessary discovery, including:**

6

      **a.**    **The extent, nature, and location of discovery anticipated by the parties.**

In addition to written discovery, it is anticipated that Plaintiff and all Defendants, or duly identified representatives of any governmental or corporate Defendants, will be deposed, along with specially retained experts, totaling approximately 25 - 30 individuals in all. There may third-party witnesses the parties are currently unaware of that may need to be deposed. Should additional depositions be required, the parties will meet and confer to reach agreement before coming to the Court on the issue.

      **b.**    **The scope of discovery and whether discovery should be conducted in phases or should be limited to focus on particular issues.**

The parties agree that the scope of discovery should be consistent with Fed. R. Civ. P. 26(b)(1). The parties do not propose any phasing of discovery. The parties do not propose that discovery be limited to focus on any particular issues.

      **c.**    **Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure.**

The parties do not propose any limitations on discovery beyond those stated by the rules; however, the parties reserve the right to seek a protective order for any discovery believed to be disproportionate to the needs of the case, as proportionality is contemplated in Fed. R. Civ. P. 26(b)(1). In addition, the parties anticipate seeking a protective order to facilitate the disclosure of documents which are otherwise confidential, such as DCS records, juvenile court records, and Arizona Department of Developmental Disabilities records.

      **d.**    **The number of hours permitted for each deposition, unless modified by agreement of the parties.** *See* **Fed. R. Civ. P. 30(d)(1).**

The parties do not anticipate needing to exceed time limits for depositions under Fed. R. Civ. P. 30(d)(1), but if more time is needed than allowed by the Rules, the parties agree to work cooperatively to resolve the issue. If the matter cannot be resolved, only then will the parties request the Court's assistance.

    **13.**    <u>**Proposed specific dates for each of the following:**</u>

The parties have considered the current and still evolving status of the COVID-19 pandemic, various governmental, business, community and social responses thereto, and therefore propose the following deadlines, keeping in mind the difficulties social distancing and other responses to the pandemic may cause to the timely and efficient discovery of pertinent information.

(a) **A deadline for the completion of fact discovery.**

                 20 January 2023

(b) **Dates for complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(E), including separate dates for Plaintiffs' expert disclosure, Defendants' expert disclosure, and for rebuttal expert disclosure.**

<u>Simultaneous Disclosure of Expert Areas</u>:  21 October 2022

<u>Plaintiffs' Expert Reports</u>:  24 March 2023

<u>Defendants' Expert Reports</u>:  28 April 2023

<u>Simultaneous Rebuttals</u>:  2 June 2023

(c) **A deadline for completion of all expert depositions**.

                 4 August 2023

(d) **A deadline for filing dispositive motions**.

                 15 September 2023

(e) **A date by which the parties shall have engaged in face-to-face good faith settlement talks**.

                 11 August 2023

**14.  Whether a jury trial has been requested and whether the request for a jury trial is contested and, if so, the reason why the request is contested.**

All parties have requested a jury trial.

**15.  The estimated length of trial.**

The estimated length of trial is twenty (20) days, exclusive of jury selection.

**16.  The prospects of settlement, including any request of the court for assistance in settlement efforts, including referral to a United States Magistrate Judge for the limited purposes of settlement.**

At this stage the prospects for settlement are dim. Plaintiff does not object to a referral to a Magistrate Judge for the limited purposes of settlement. State Defendants do object to such referral and do not consent to a referral to a Magistrate Judge for the limited purposes of settlement. Defendant Thal has not stated a position on this issue.

**RESPECTFULLY SUBMITTED** this 30th day of November 2021.

MILLS & WOODS LAW PLLC

By  */s/ Thomas A. Connelly*
　　Thomas A. Connelly
　　Robert T. Mills
　　Sean A. Woods
　　5055 North 12th Street, Suite 101
　　Phoenix, Arizona 85014

GILLESPIE, SHIELDS, GOLDFARB, & TAYLOR
DeeAn Gillespie
Kristina Reeves
7319 North 16th Street
Phoenix, Arizona 85020
*Attorneys for Plaintiff Jessica Ploof*

OFFICE OF THE ATTORNEY GENERAL-PHOENIX

By  */s/ Christopher J .Feasel*
　　Christopher J. Feasel
　　Timothy J. Watson
　　2005 N. Central Ave.
　　Phoenix, Arizona 85004
　　*Attorneys for Defendants State of Arizona, Arizona Department of Child Safety, Meagan Tafoya, Sarah Greenway, Paige Szymkowski, Claudia Hoff, Nick Breeding, Gregory McKay, and Michael Faust*

RENAUD COOK DRURY MESAROS, PA

By   */s/ Charles S. Hover, III*
Charles Stedman Hover, III.
One North Central Avenue, Suite 900
Phoenix, Arizona 85004
*Attorneys for Defendant James Thal*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2021, I electronically transmitted the foregoing document to be filed electronically with the Clerk's Office through the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to be served on all counsel of record via the Court's CM/ECF system.

*/s/ Thomas A. Connelly*