**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Ploof,<br><br>    Plaintiff,<br><br>v.<br><br>State of Arizona, *et al.*,<br><br>    Defendants. | No. CV-21-00853-PHX-JJT<br><br>**ORDER** |

At the Court's direction, the parties submitted a Joint Notice Re: State Law Claims (Doc. 25). The Joint Notice responds to two questions posed by the Court at the May 22, 2023 hearing held in this matter after the Ninth Circuit affirmed in part and reversed in part the Court's prior Order granting the State Defendants' Motion to Dismiss[1] as to Plaintiff Jessica Ploof's federal claims and remanding her remaining state-law claims to the Maricopa County Superior Court. The Court now resolves those questions.

**I. BACKGROUND**

Plaintiff filed her Complaint in the Maricopa County Superior Court on December 23, 2020. (Doc. 1-3.) The Complaint raises fourteen claims for relief, including ten brought under federal law (Claims 1 through 9 and 14) and four brought under Arizona law (Claims 10 through 13). Defendants removed the case to this Court on May 13, 2021 and the State Defendants thereafter filed their Motion to Dismiss. On December 9, 2021,

---

[1] The Motion was brought by the State of Arizona, the Arizona Department of Child Safety, Megan Tafoya, Sarah Greenway, Paige Szymkowski, Claudia Hoff, Nick Breeding, Gregory McKay, and Michael Faust, to whom the Court collectively refers as "State Defendants." The remaining named Defendant is James Thal.

the Court granted the Motion to Dismiss as to Plaintiff's federal claims and declined under 28 U.S.C. § 1367(c) to continue exercising supplemental jurisdiction over the state-law claims. The Court therefore remanded the state-law claims to the state court.

On remand, the Superior Court dismissed the state-law claims against the State Defendants in an order subsequently reversed by the Arizona Court of Appeals. *See Ploof v. State*, No. 1 CA-CV 22-0486, 2023 WL 2663348 (Ariz. Ct. App. Mar. 28, 2023). According to the parties, the Superior Court thereafter held a status conference and entered a Scheduling Order on May 17, 2023. (Doc. 25 at 3.) The parties represent that no discovery has yet taken place in state court as to those claims against the State Defendants. (*Id.*) As for the state-law claims brought against Defendant Thal, the Superior Court granted summary judgment in his favor in a ruling that Plaintiff has since appealed.

Meanwhile, the Ninth Circuit reversed the Court's dismissal of Claims 4 through 9 in a memorandum decision filed on April 13, 2023. (Doc. 21-1.) The Ninth Circuit left the Court's rulings as to the remaining claims undisturbed, including its remand of the state-law claims. The mandate issued on May 5, 2023, returning to this Court jurisdiction over Claims 4 through 9. (Doc. 21.) The status hearing followed on May 22, 2023. At the hearing, the Court requested the parties submit a Joint Notice stating their positions on two issues: (1) whether this Court can exercise supplemental jurisdiction over the state-law claims against the State Defendants; and (2) whether this Court can exercise supplemental jurisdiction over the state-law claims against Defendant Thal.

II. **ANALYSIS**

  A. **State-Law Claims Against Defendant Thal**

As to the second question, the parties agree: The Court may not assert jurisdiction over the state-law claims against Defendant Thal, which are on appeal in the Arizona Court of Appeals. The Court agrees this would be an impermissible exercise of federal jurisdiction, akin to *de facto* appellate review barred by the *Rooker-Feldman* doctrine.

### B.  State-Law Claims Against the State Defendants

The parties disagree about this Court exercising supplemental jurisdiction over Plaintiff's state-law claims against the State Defendants. Plaintiff maintains the Court never had subject-matter jurisdiction over *any* of her claims because Defendants' initial removal was untimely. However, the State Defendants filed their Notice of Removal on May 13, 2021, well within 30 days of Defendant McKay's waiver of service of process on May 5, 2021. (Doc. 1-3 at 128.) *See Lacey v. Malandro Commc'n, Inc.*, No. CV-09-01429-PHX-GMS, 2009 WL 4755399, at *3–4 (D. Ariz. Dec. 8, 2009) (holding service of process under Arizona law was effected on "the date that Defendants officially waived service"). The initial removal therefore was timely, as "numerous courts have affirmed that defendants must consent to removal within the 30-day removal period of the last-served defendant." *Sotelo v. Browning-Ferris Inds. of Cal., Inc.*, No. CV-2:20-06927-SB-PVC, 2020 WL 7042816, at *4 (C.D. Cal. Nov. 30, 2020) (quotation marks and citations omitted). The questions are whether exercise of supplemental jurisdiction would be proper now given the unusual posture of this case, and how jurisdiction could be accomplished.

Defendants request that the Court assert jurisdiction *sua sponte* over the state-law claims currently pending before the state court. Plaintiff counters that the Court is without authority to do so, and the Court agrees. 28 U.S.C. § 1367 grants federal jurisdiction over supplemental state-law claims brought before federal courts; it does not permit federal courts to reach out and assert jurisdiction over such claims on their own prerogative. "A remand order returns the case to the state courts and the federal court has no power to retrieve it." *Seedman v. U.S. Dist. Ct.*, 837 F.2d 413, 414 (9th Cir. 1988). The Court may exercise supplemental jurisdiction over the claims now only if they are properly removed.

"After a remand, the defendant may generally not remove the case a second time." *Fritsch v. Swift Trans. Co. of Ariz., LLC*, 899 F.3d 785, 789 (9th Cir. 2018). This rule is not a *per se* bar, however, and the Ninth Circuit has recognized exceptions. In *Kirkbride v. Continental Casualty Company*, the Ninth Circuit held that "a defendant who fails in an attempt to remove on the initial pleadings can file a removal petition when subsequent

pleadings or events reveal a new and different ground for removal." 933 F.2d 729, 732 (9th Cir. 1991) (emphasis and citation omitted). In that case, the court found that Congress's enactment of legislation granting the defendant new and different removal rights constituted "a relevant change of circumstances . . . justify[ing] a reconsideration of a successive, good faith petition for removal." *Id*. In *Rea v. Michaels Stores, Inc.*, the court held that an intervening Supreme Court decision invalidating the grounds for the initial remand likewise justified a successive removal. 742 F.3d 1234, 1237–38 (9th Cir. 2014). Similarly, in *Reyes v. Dollar Tree Stores, Inc.*, the court held that an intervening class-certification order in state court newly satisfying the amount-in-controversy requirement justified successive removal after the district court had previously remanded on that basis. 781 F.3d 1185, 1188–89 (9th Cir. 2015). The court reasoned that "[b]ecause the first remand was on 'grounds that subsequently became incorrect,' the successive removal was permissible." *Id*. at 1189 (quoting *Rea*, 742 F.3d at 1238). The court rejected a narrow reading of the "new and different ground" exception, recognizing that while defendants generally are not entitled to "more than one bite at the apple," the state court's certification functioned as an amendment of the complaint and, thus, "a new apple." *Id*.

These cases suggest the permissibility of reconsidering a successive removal petition where certain intervening events invalidate the basis for the initial remand. Here, the Ninth Circuit's reversal of the dismissal of certain federal claims effectively invalidated the basis for the initial remand under 28 U.S.C. § 1367(c)(3). That provision authorizes a district court to decline to exercise supplemental jurisdiction after it "has dismissed all claims over which it has original jurisdiction." Now that several of Plaintiff's federal claims are back before the Court, it would appear the Court would be obligated to exercise jurisdiction over the pendent state-law claims—if they were still pending before it. *See Exec. Software N. Am., Inc. v. U.S. Dist. Ct.*, 24 F.3d 1545, 1556 (9th Cir. 1994) ("[U]nless a court properly invokes a section 1367(c) category in exercising its discretion to decline to entertain pendent claims, supplemental jurisdiction must be asserted."). In other words,

because the initial remand here was "on grounds that subsequently became incorrect," a successive removal would appear permissible. *Reyes*, 781 F.3d at 1189.

There are distinctions between the aforementioned cases and the case at bar. Each of those cases was removable under a specific statute expanding federal jurisdiction, such as the Class Action Fairness Act ("CAFA"). Whereas "courts are required to liberally construe removal petitions grounded on CAFA jurisdiction," a case whose removal is "predicated on traditional, federal-question jurisdiction . . . presumptively does not belong in federal court." *Fore Stars, Ltd. v. City of Las Vegas*, 488 F. Supp. 3d 982, 992 (D. Nev. 2020) (citing *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009)). But it is not clear the holdings of those cases are cabined to jurisdiction under CAFA. In *Rea*, for example, while the Ninth Circuit noted that a different standard might apply under CAFA, it did not outline such a standard and instead applied the general rule laid out in *Kirkbride*. 742 F.3d at 1238. Moreover, the Ninth Circuit's partial reversal here makes clear this case—or at least parts of it—belongs in federal court. Consolidating Plaintiff's claims in one action would promote the efficient use of state and federal judicial resources, which is a valid consideration. *See Bell v. City of Kellogg*, 922 F.2d 1418, 1424–25 (9th Cir. 1991).

That does not end the analysis, however, because the aforementioned cases require that a successive removal be not only justified, but also timely. As the Ninth Circuit stated in a passage quoted by the State Defendants, "a defendant can file a successive removal petition *within 30 days* after a change in law that revealed the facts necessary for federal court jurisdiction." *Fritsch*, 899 F.3d at 789 (emphasis added). This time-limitation comes from the removal statutes, which "generally require a party to remove a case within 30 days of receiving the complaint," or, "if the case stated by the initial pleading is not removable, . . . within 30 days after receipt by the defendant, through service or otherwise of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Rea*, 742 F.3d at 1237 (quoting 28 U.S.C. § 1446(b)). The cases permitting successive removal adhere to a 30-day time limitation. *See Reyes*, 781 F.3d at 1189 (successive removal filed within 30 days of class-

certification order); *Rea*, 742 F.3d at 1237–38 (successive removal filed the day after intervening Supreme Court decision); *Kirkbride*, 933 F.2d at 733 (successive removal filed within 30 days after government agency substituted into case pursuant to new legislation).

Here, the relevant change in circumstances occurred when the Ninth Circuit issued its mandate on May 5, 2023, returning to this Court jurisdiction over some of Plaintiff's federal claims and triggering the grounds justifying successive removal. Yet the State Defendants have yet to file a successive removal petition, which at this point necessarily would be outside of the 30-day window. "[C]ourts in the Ninth Circuit uniformly hold that the 30-day time limit prescribed by 28 U.S.C. § 1446(b) is mandatory, unless the plaintiff waives the defect or is estopped from asserting it." *Jones v. Walmart, Inc.*, No 1:20-cv-00729-DAD-BAM, 2020 WL 8614081, at *2 (E.D. Cal. Sept. 8, 2020) (collecting cases). The Court acknowledges it did not take up this issue at the May 22, 2023 hearing, but it cannot proceed in a manner inconsistent with the statute and Ninth Circuit precedent.

**IT IS THEREFORE ORDERED** denying Defendants' request (*see* Doc. 25) that the Court order *sua sponte* that the state-law claims remanded to the Maricopa County Superior Court pursuant to the Court's prior Order (Doc. 14) be joined once again through the exercise of supplemental jurisdiction under 28 U.S.C. § 1367.

**IT IS FURTHER ORDERED** lifting the stay on the answer deadline. State Defendants shall file their answer or otherwise respond to Plaintiff's Complaint (Doc. 1-3) by no later than **July 6, 2023**.

Dated this 15th day of June, 2023.

Honorable John J. Tuchi
United States District Judge