Thomas A. Connelly (AZ Bar #019430)
Robert T. Mills (AZ Bar #018853)
Sean A. Woods (AZ Bar #028930)
**MILLS + WOODS LAW PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
tconnelly@millsandwoods.com
docket@millsandwoods.com

DeeAn Gillespie Strub  (AZ Bar #009987)
**GILLESPIE, SHIELDS & TAYLOR**
7319 North 16th Street
Phoenix, Arizona 85020
Telephone: (602) 870-9700
Fax: (602) 870-9783
mailroom@gillaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Jesscia Ploof, an individual,<br><br>　　　　Plaintiff,<br><br>v.<br><br>State of Arizona, et *al.*,<br><br>　　　　Defendants. | Case No.: 2:21-cv-00853-JJT-PHX<br><br>**MOTION TO STAY PROCEEDINGS PENDING APPEAL**<br><br>(Assigned to Hon. John J. Tuchi) |

　　　　For the reasons stated below, Plaintiff and the State Defendants respectfully request that this Court enter an order staying all proceedings in this matter pending final resolution of the state court appeal regarding the state law claims against Defendant Thal. Defendant Thal opposes this request. The moving parties are seeking a similar stay in the state court matter.

## I. RELEVANT BACKGROUND

As this Court might recall, this matter was dismissed in most respects as to the federal claims [1] and remanded all the state law claims to state court. Plaintiff appealed the dismissal of the federal claims against the State Defendants to the Ninth Circuit. The Ninth Circuit reversed the dismissal of the federal claims against the State Defendants and remanded to this Court for further proceedings.

At the state court level, following this Court's remand, the State Defendants moved to dismiss the state law claims against them, which the state court granted. Soon thereafter, Defendant Thal moved for summary judgment in state court on the state law claims against him, which the state court granted. Plaintiff appealed both rulings. The state court of appeals reversed the dismissal of the state law claims against the State Defendants and remanded those claims to the trial court for further proceedings. Plaintiff's appeal of the summary judgment in favor of Defendant Thal has been fully briefed in the state court of appeals and is now pending a ruling.

This Court asked the parties to brief the issues about whether it could re-exercise supplemental jurisdiction over the re-instated state law claims against the State Defendants, as well as over the state law claims against Defendant Thal on appeal. The Court then ruled that it could not exercise supplemental jurisdiction over any of the state law claims and lifted the stay that was in place regarding the deadline for the State Defendants to file an answer. (Doc. 26.)

Thus, the current status of both the district court matter and the state court matter is as follows: (1) State Defendants and Defendant Thal have federal claims pending in this Court. The Court has scheduled a telephonic scheduling conference for 7 September 2023. (2) In state court, State Defendants remain a party, but Defendant Thal is <u>not</u> as his appeal is pending. The state court issued a scheduling order and the initial disclosure statements

---

[1] The federal claims against the State Defendants were dismissed, the federal claims against Defendant Thal were not.

are due on August 28, 2023. The appeal is fully briefed, and parties anticipate an appellate ruling reasonably soon.

The parties have conferred since the telephonic status conference this Court held on May 22, 2023following the Ninth Circuit's mandate remanding the federal claims back to this Court. The parties agree that since there is great overlap regarding the facts and circumstances pertinent to the federal claims and the state claims, it makes sense logistically, economically, and practically to stay both this matter, and the state court matter, pending resolution of the state court appeal regarding Defendant Thal. For these reasons, and pursuant to the authorities below, the parties respectfully request that this Court enter an order staying all proceedings until the appellate issues are resolved for all Defendants and all Defendants are able to participate in discovery.  Once a mandate is issued, Plaintiff will promptly file a request with this Court to lift the stay.

## II.   STANDARD

District courts have broad discretion to stay proceedings as an incident to their power to control their dockets. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (district court possesses "inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants."); *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972); *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) ("[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."). The Ninth Circuit has described various factors to consider when evaluating a motion to stay:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying

> or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc.*, 300 F.2d at 268. As to the last factor, courts frequently grant stays when resolution of another action may "bear upon the case" before the court because a stay is most "efficient for [the court's] own docket and the fairest course for the parties[.]" *Leyva v. Certified Grocers of California, Ltd.*, 593 F.3d 857, 863 (9th Cir. 1979). That principle is appropriately analogous to the situation here where Defendant Thal is present as a current party only in this Court and his participation in the state court proceedings is underdetermined at this time. In the meantime, however, Defendant Thal has no obligation as a party to participate in discovery in the state court. Since the discovery obtained in one matter will be pertinent to the facts and claims in the other matter, it makes sense to stay discovery in both matters until it is finally determined whether Defendant Thal will be a party to the state action. If discovery proceeds in the state matter without Defendant Thal's participation, then the parties may have to duplicate depositions and other discovery because a necessary party was absent. This will increase the costs for all parties unnecessarily.

Additionally, this matter is in its nascent stages in the state court matter No discovery has been undertaken by any party in either matter. Granting a stay will not prejudice any party. In summary, a stay would promote the economy of efforts and resources for the parties, as well as the courts and not prejudice any of the parties. *See* Fed. R. Civ P. 1.

## III.   CONCLUSION

This Court has the authority to stay these proceedings under its inherent authority to manage its docket. For the reasons discussed herein, this Court should stay these proceedings until such time as there is a final determination of appeal regarding the state law claims against Defendant Thal so the parties do not waste time and resources duplicating discovery efforts.

**RESPECTFULLY SUBMITTED** this 5th day of August 2023.

                MILLS & WOODS LAW PLLC

                By  */s/ Thomas A. Connelly*
                    Thomas A. Connelly
                    Robert T. Mills
                    Sean A. Woods
                    5055 North 12th Street, Suite 101
                    Phoenix, Arizona 85014

                GILLESPIE, SHIELDS & TAYLOR
                DeeAn Gillespie
                7319 North 16th Street
                Phoenix, Arizona 85020
                *Attorneys for Plaintiff Jessica Ploof*

                OFFICE OF THE ARIZONA ATTORNEY GENERAL

                By  */s/ Julie M. Rhodes*
                    Julie M. Rhodes
                    Jennifer J. Sanders
                    2005 N. Central Ave.
                    Phoenix, Arizona 85004
                *Attorneys for Defendants State of Arizona, Arizona Department of Child Safety, Meagan Tafoya, Sarah Greenway, Paige Szymkowski, Claudia Hoff, Nick Breeding, Gregory McKay, and Michael Faust*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2023, I electronically transmitted the foregoing document to be filed electronically with the Clerk's Office through the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to be served on all counsel of record via the Court's CM/ECF system.

    */s/ Thomas A. Connelly*