Thomas A. Connelly (AZ Bar #019430)
Robert T. Mills (AZ Bar #018853)
Sean A. Woods (AZ Bar #028930)
**MILLS + WOODS LAW PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
tconnelly@millsandwoods.com
docket@millsandwoods.com

DeeAn Gillespie Strub (AZ Bar #009987)
Jenney D. Jansch (AZ Bar #024431)
**GILLESPIE, SHIELDS & TAYLOR**
7319 North 16th Street
Phoenix, Arizona 85020
Telephone: (602) 870-9700
Fax: (602) 870-9783
mailroom@gillaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Jesscia Ploof, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>State of Arizona, *et al.*,<br><br>        Defendants. | Case No.: 2:21-cv-00853-JJT-PHX<br><br>**JOINT CASE MANAGEMENT PLAN**<br><br>(Hon. John J. Tuchi) |

Pursuant to the Court's Order dated 26 January 2024 (Doc. 41), the parties, by and through their respective undersigned counsel, hereby submit their Rule 26(f) Joint Case Management Plan.

**The parties who attended the Rule 26(f) meeting and assisted in developing the Case Management Plan.**

**Plaintiff:**    Thomas A. Connelly

**Defendants:** Julie M. Rhodes and Deborah Garner (State Defendants) and Jeffrey S. Hunter (Defendant Thal)

1. **The nature of the case setting forth in brief statements (no more than one page per side) the factual and legal basis of Plaintiff's claims and Defendant's Defenses.**

**Plaintiff:**

H.P. has forever been deprived of the love and care of his mother, Jessica Ploof. Jessica was 20 years old and struggled with an intellectual disability at the time the State intervened in her family's affairs. H.P. was a happy, well-cared for child even though he had challenging medical needs. Jessica lived with her mother, Brendi Ploof, a certified nursing assistant, who co-parented with Jessica, ensuring that H.P.'s daily living and medical needs were appropriately met. Jessica arranged services for H.P. through the Arizona Department of Developmental Disabilities ("DDD"), including physical therapy, speech therapy, and attendance at head start preschool. For the first four years of H.P.'s life, Jessica dutifully cared for her son. None of the people who regularly interacted with either or both of H.P. and Jessica, including doctors, teachers, and family members, saw anything amiss with either H.P. or Jessica.

In or around December of 2016, the Arizona Department of Child Safey (the "Department" or "DCS") received two anonymous hotline "tips" regarding Jessica and H.P., alleging that Jessica was neglecting H.P. and that her home was unsafe. Two DCS investigators, Megan Tafoya and Ms. Baggen, visited Jessica's home on December 21, 2016. After this visit, Tofoya reported that "[H.P.] was free from any visible injuries. He was dressed appropriately. The home was free from any safety hazards." The two DCS investigators determined that it was safe for H.P. to remain in the home in Jessica's care.

Jessica was required to undergo drug testing and told DCS that her sample would disclose marijuana and maybe something else because her former boyfriend had mixed a cocktail for her a few days before. As predicted, Jessica's urine sample was positive for marijuana and alcohol, both legal substances. Her hair follicle test showed traces of methamphetamine. The Department conducted a team decision meeting on January 11, 2017. The Department employees noted that H.P. was "healthy" with "stable housing,"

and that Jessica had strong family support. However, due to the positive drug test, the Department appointed Jessica's mother, Brendi, as a "safety monitor," and asked Jessica to conduct a drug risk assessment with TERROS.

The next day, January 12, 2017, Brendi was unexpectedly called into work. Brendi alerted Defendant Tafoya of this development. Nonetheless, although the only thing that had "changed" was Brendi having to work, Tafoya decided to remove H.P. from his mother. She did so with the approval of her supervisor, Defendant Sarah Greenway. Neither Tafoya nor Greenway sought court authorization for the seizure. After Tafoya and Greenway seized H.P. and removed him from Jessica, the Department assigned Defendant Paige Szymkowski as the ongoing case manager, with Defendant Nick Breed as her immediate supervisor.

At a post-deprivation dependency hearing to justify the pre-hearing seizure, Szymkowski testified falsely about both Jessica's and Brendi's cooperation with the Department. Shortly thereafter, Szymkowski placed H.P. with an unrelated foster care family. Traumatized, H.P. began to self-harm. The foster family could not continue to care for H.P., so the Department placed him with yet another unfamiliar foster family.

Jessica faithfully participated in the services provided to her by DCS. However, DCS failed to provide the services that accommodated Jessica's intellectual disability. Defendant James Thal, Ph.D., evaluated Jessica in July of 2017. Defendant Thal diagnosed Jessica with mild mental deficiency and recommended that Jessica co-parent with a "capable and fully functioning parental figure," which Thal testified, "[i]n my mind, the most obvious person in that role would have been maternal Grandmother [Brendi]."

Following receipt of this report, the Department assigned Defendant Claudi Hoff as the on-going case manager to replace Szymkowski. Szymkowski no longer had any professional connection to the case. However, she commissioned Dr. Thal to conduct an evaluation of Brendi Ploof, which was done on January 18, 2018. In this report, he again offered his professional opinion in favor of appointing Brendi as guardian and allowing her and Jessica to co-parent H.P. Szymkowski, even though no longer assigned to the case,

3

took it upon herself to call Dr. Thal and persuaded him to revise his report so that it would no longer support Brendi as guardian and co-parent. After that call, Thal made numerous changes to his report, all based on the unsolicited, misleading, and interfering call by Szymkowski.

The destruction of this family occurred only because the State of Arizona, through DCS, unlawfully and unconstitutionally seized H.P. and then severed the mother/child relationship between Jessica and her son, H.P., by interfering with the professional opinion of its retained psychologist, Dr. Thal. He issued contradictory reports of his evaluation of Brendi – the first, authored without DCS interference and concluding that a co-parenting arrangement would work; the second authored only after DCS intervened in Thal's discharge of his duties by directing changes to his report to not support a co-parenting arrangement. In his altered report, Dr. Thal changed his "Conclusions" and "Recommendations" for Brendi drastically in her and Jessica's disfavor based only on the unsolicited, misleading personal views of Szymkowski. Dr. Thal's testimony in the juvenile court in support of his revised report was crucial in terminating the relationship between Jessica and H.P. The actions of Defendant Thal and the State Defendants violated Plaintiff's constitutional rights.

**State Defendants:** The Department of Child Safety ("DCS") received two hotline reports in December 2016 regarding Plaintiff's care of her minor child, H.P. State Defendants initiated an investigation and held a Team Decision Meeting. State Defendants attempted to use Plaintiff's mother as a safety monitor to allow H.P. to remain in the home; but that plan was ultimately unsuccessful and a Temporary Custody Notice was served on Plaintiff in January, 2017. H.P. was removed and placed in foster care. When H.P. entered foster care, he was globally delayed, could barely speak and was unsteady on his feet. A Dependency Petition was filed and the juvenile court found H.P. dependent. The juvenile court monitored the reunification services offered to Plaintiff; but ultimately, a Motion to Terminate the Parent-Child Relationship was filed. After a seven-day contested severance

trial, the juvenile court terminated Plaintiff's rights based on mental deficiency and fifteen months in out-of-home care and also found that termination was in the best interests of H.P. Plaintiff appealed the ruling and it was affirmed by the Arizona Court of Appeals.

This Court dismissed the American with Disabilities Act of 1990 claim (count one) and dismissed DCS as a party (counts three and fourteen) and it was not appealed. The Ninth Circuit dismissed the unlawful constitutional seizure claim (count two). Six federal counts remain for judicial deception, conspiracy to commit judicial deception, failing to make reasonable efforts to preserve the family, impeding medical decisions and treatment, and impeding educational decisions.

**Defendant Thal:**

Dr. James Thal performed two psychological evaluations on Jessica Ploof, the first in July 2017, and the second in January 2018. On both occasions, Dr. Thal concluded that Jessica Ploof was intellectually disabled with substantial difficulties with concepts, timeframes, and retaining factual information. He identified significant limits on how much information she could possess. In both evaluations he concluded that Jessica Ploof was unlikely to attain a minimal adequate parenting level and the prognosis for demonstrating minimally adequate parenting skills in the foreseeable future was poor. He further concluded that plaintiff had an intellectual disability with an IQ of 65. Dr. Bennett and Dr. Underwood, both psychologists and non-parties to this suit, also conducted evaluations of Jessica Ploof. Both Dr. Bennett and Dr. Underwood came to the same conclusions as Dr. Thal, that is, it was not recommended that Ms. Ploof's child be returned to her care.

Maricopa Superior Court Judge, after trial, terminated the parental rights of Jessica Ploof. Ms. Ploof appealed that decision, which was affirmed by the State of Arizona Court of Appeals. Ms. Ploof then appealed to the Arizona Supreme Court, which reversed and remanded to the Appellate Court on certain issues. After reconsideration, the State of Arizona Court of Appeals once again affirmed termination of parental rights of Jessica Ploof.

Plaintiff does not allege or contest Dr. Thal's evaluations of Jessica Ploof are incorrect, inadequate, or are the basis of her 42 U.S.C §1983 claim. Plaintiff only alleges the only basis for her §1983 claim is an alleged change in opinion of the evaluation performed on her mother, Brendi Ploof, by Dr. Thal. That evaluation was focused on whether it would be the best interest of the child for Brendi Ploof, the grandmother, to assume care of the child.

This court upon granting a motion to dismiss based on statute of limitations (which was reversed by the Ninth Circuit Court of Appeals) remanded all state law claims back to Maricopa County Superior Court. Subsequent thereto, Dr. Thal filed a Motion for Summary Judgment based on expiration of the statute of limitations and no legal duty to Jessica Ploof. Maricopa County Superior Court granted that Motion for Summary Judgment finding the statute of limitation had expired and Dr. Thal had no legal duty to Jessica Ploof thereby dismissing the state law claim pending against Dr. Thal. Plaintiff appealed that matter in the State of Arizona Court of Appeals. The Memorandum Decision by the Court of Appeals held that Dr. Thal had no legal duty to Jessica Ploof under the United States Constitution, any state statute, or common law. Plaintiff filed a Writ of Certiorari to the Arizona State Supreme Court, which was dismissed when plaintiff elected to not pursue a review by the State of Arizona Supreme Court.

The only pending claim against Dr. Thal in this matter is a 42 USC § 1983 allegation of liability for conspiring to violate Jessica's rights of due process under the Fourth and Fourteenth Amendment to be free from misrepresentation and/or omissions to the court which were deliberate and/or demonstrated with reckless disregard for the truth. Dr. Thal denies these allegations.

**2. A list of the elements of proof necessary for each count of the Complaint and each affirmative defense. Where the burden of proof shifts, each party shall list the elements of proof that party must satisfy to prevail.**

The complaint contains "Counts" which follow the statement of facts relevant to those Counts. The Counts are structured based on the necessary elements of proof for each

6

1 cause of action within that Count. Each Count contains only one cause of action. Generally, Plaintiffs have the burden of proving a prima facie case for each Count by a preponderance of evidence. The burden then shifts to Defendants to rebut Plaintiff's evidence or to present their affirmative defenses. Defendants carry the burden of proof on any affirmative defenses they pursue at trial. If they establish their affirmative defenses by a preponderance of the evidence, the burden shifts to Plaintiff to rebut that evidence.

**State Defendants:**

1. State Defendants assert Plaintiff fails to plead a violation of 42 U.S.C. § 1983, because two requirements must be met (1) deprivation of a right secured by the Constitution, and (2) that defendant acted under color of state law. *Mabe v. San Bernardino County, Dept. of Public Social Services*, 237 F.3d 1101, 1107 (9th Cir. 2001).

2. State Defendants affirmatively allege that Plaintiff's complaint fails to state a claim for which relief may be granted. Plaintiff must provide the basis for entitlement to relief. Threadbare recitals of the elements of a cause of action supported by mere conclusory statements are not sufficient. *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009).

3. State Defendants assert Plaintiff fails to plead a claim for judicial deception or conspiracy to commit judicial deception. Plaintiff must plead "(1) a misrepresentation or omission, (2) made deliberately or with reckless disregard for the truth, that was (3) material to the judicial decision." *Macias v. Kaplan-Seikmann*, 2022 WL 17416770, *4 (D. Ariz. 2022).

4. State Defendants assert they provided Plaintiff with fundamentally fair procedures throughout the dependency proceedings. "When the State moves to destroy weakened familial bonds, it must provide the parents with fundamentally fair procedures." *Santosky v. Kramer*, 455 U.S. 745, 753-4 (1982).

5. State Defendants assert no constitutional violations occurred resulting from the limitations placed on Plaintiff's ability to make or attend medical appointments and to make education decisions. If a parent is deprived of legal custody, their right to make

decisions is also limited. *See Robinson v. Tripler Army Med. Ctr.,* 683 F.Supp.2d 1097, 1107 (D. Haw. 2008).

6. State Defendants affirmatively allege that Plaintiff fails to state a claim for supervisory liability. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (noting "vicarious liability is inapplicable to . . . § 1983 suits" meaning "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

7. State Defendants affirmatively allege that they are entitled to absolute immunity. Absolute immunity protects social service workers when performing functions connected to dependency proceedings. *Meyers v. Contra Costa County Department of Social Services*, 812 F.2d 1154, 1156-1157 (9th Cir. 1987) (cert. denied 484 U.S. 829 (1987)).

8. State Defendants affirmatively allege they are entitled to qualified immunity. Qualified immunity shields federal and state officials from money damages "unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft*, 563 U.S. at 735.

9. State Defendants affirmatively allege that Plaintiff's damages are not causally connected to the conduct of the State Defendants. In a § 1983 action, the plaintiff must ... demonstrate that the defendant's conduct was the actionable cause of the claimed injury. *Harper v. City of Los Angeles,* 533 F.3d 1010, 1026 (9th Cir. 2008). To meet this causation requirement, the plaintiff must establish both causation in fact and proximate cause. *Id.*

**Defendant Thal:**

1. Dr. Thal asserts plaintiff has failed to plead a violation of 42 USC § 1983. There are two requirements that must be met.  (1) Deprivation of rights secured by the

constitution, and (2) that defendant acted under color of state law. *Mabe v. San Bernardino County, Dept. of Public Social Services*, 273 F.3d 1101, 1107 (9th Cir. 2001).

2. Defendant Thal asserts that plaintiff has failed to state a cause of action for conspiracy to deprive Ms. Proof a Constitutional right by way of assertions of legal conclusions or mere conclusory statements (Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009). Further, for the plaintiff meet her burden for conspiracy under 42 USC § 1983, plaintiff must demonstrate the existence of an agreement or meeting of minds to violate constitutional rights. (*Crowe v. County of San Diego*, 608 F.3d 406 (quoting *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283 (9th Cir. 1999). To be found liable, each participant to a conspiracy must share the overall objective of the conspiracy. (*Id.*)

3. Dr. Thal asserts plaintiff fails to plead a claim for judicial deception. Plaintiff must plead "(1) misrepresentation or omission, (2) made deliberately with reckless disregard for the truth, (3) material to the judicial decision." *Macias v. Kaplan-Seikmann*, 22 WL 17416770, Star 4 (D. Arz. 2022). Dr. Thal asserts that Ms. Proof received due process throughout her dependency proceedings as well as her appellate proceedings.

4. Dr. Thal affirmatively alleges that he is entitled absolute immunity.

5. Dr. Thal affirmatively alleges he is entitled to qualified immunity.

6. Dr. Thal affirmatively alleges that plaintiff cannot establish cause in fact and proximate cause.

7. Dr. Thal affirmatively alleges that plaintiff's injuries were caused in whole or in part by her own conduct and/or failed to mitigate her damages.

8. Dr. Thal asserts plaintiff failed to bring this action timely and accordingly is time barred by the statute of limitations.

9. Dr. Thal had no legal duty to Jessica Proof and therefore her actions are barred.

10. Dr. Thal's evaluations of Jessica Proof, specifically recommendation that the child not to be placed in her hands for care, was and has not been alleged to have violated any Constitutional right and therefore, she has failed to state a cause of action.

11. All allegations against Dr. Thal were addressed and/or could have been addressed in other jurisdictions, to wit, the state court action initiated by Ms. Proof against Dr. Thal and the dependency action and accordingly, her claim here is barred by res judicata, collateral estoppel, preclusion and/or estoppel.

11. Dr. Thal obtained summary judgment in the ancillary state court action in which the Superior Court held that 1) Dr. Thal owed no duty to Jessica Proof and 2) she failed to initiate her lawsuit prior to the statute of limitations expiring and accordingly, her suit was time barred.  Plaintiff appealed that ruling and the State of Arizona Court of Appeals affirmed that Dr. Thal had no duty to Jessica Proof.  The State of Arizona Court of Appeals declined to address the ruling of the statute of limitations had expired.  This ruling precludes this action.

12. Dr. Thal complied with applicable standard of care at all times.

13. Plaintiff is not entitled to punitive damages.  Plaintiff has failed to demonstrate that Dr. Thal's acts were motivated by either motive of evil intent or reckless or callous indifference to a Constitutional protected right.  *Smith v. Wade*, 461 U.S. 56 (1983).

**3. The factual and legal issues genuinely in dispute (no more than one page per side), and whether they can be narrowed by stipulation or motion.**

**Plaintiff:**

Plaintiff agrees that the legal and factual issues identified by the Defendants are genuinely in dispute. Plaintiff sees no way to narrow the issues by stipulation and anticipates that the Defendants will file motions seeking to narrow the issues and/or claims.

**State Defendants:**

1. Whether State Defendant Szymkowksi provided false testimony to the juvenile court.

10

2. Whether State Defendants Szymkowski and Hoff conspired with Dr. Thal to deceive the juvenile court by fabricating a report.

3. Whether State Defendants failed to make reasonable efforts to preserve the family.

4. Whether State Defendants' conduct violated Plaintiff's due process rights to make medical decisions, attend medical appointments, and make educational decisions.

5. Whether Plaintiff sustained damages, the nature and extent of damages and what is the appropriate compensation, if any, for such damages.

6. Whether Plaintiff is entitled to punitive and/or exemplary damages.

7. Whether Plaintiff is entitled to injunctive relief.

**Defendant Thal:**

1. Whether Dr. Thal conspired with Defendant Szymkowski and Hoff by fabricating a report.

2. Whether there is an existence of an agreement or meeting of the minds to conspire to deprive Ploof of a Constitutional right.

3. Whether the plaintiff sustained damages, the nature and extent of damages, and what is the appropriate compensation, if any, for such damages.

4. Whether the plaintiff received due process in her dependency litigation and trial.

5. Whether plaintiff can bring an action predicated on an evaluation of a non-party as to whether it would be in the best interest of the child to be cared for by said non-party.

6. Res judicata, collateral estoppel, preclusion, and estoppel based on findings of fact and ruling after evidentiary hearing by Maricopa County Superior Juvenile Court judge and holdings/ruling of fact in subsequent appeals.

11

7. Whether plaintiff can claim a 42 USC § 1983 violation in the absence of any legal duty by Dr. Thal to the plaintiff, Jessica Proof.

8. Whether Thal presented a false or misleading report regarding his evaluation of Brendi Ploof.

9. Whether plaintiff is entitled punitive and/or exemplary damages.

**4. The jurisdictional basis of the case, citing specifics statutes.**

Plaintiffs bring this civil rights lawsuit pursuant to the First, Fourth, and Fourteenth Amendments of the United States Constitution and the Civil Rights act of 1871, 42 U.S.C. § 1983. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4), which provides for original jurisdiction in federal court for all suits brough under 42 U.S.C. § 1983. Jurisdiction is also proper under 28 U.S.C § 1331 because this action asserts claims for relief which derive from the United States Constitution and the laws of the United States. The amount in controversy exceeds the minimal limits of this court.

**5. Parties, if any that have not been served, as well as parties that have not filed an Answer or otherwise appeared, including fictitious parties.**

All parties have been served and all parties have answered.

**6. The names of parties not subject to the Court's Jurisdiction.**

There are pending state law claims in Maricopa County Superior against DCS agents *i.e.* Defendants Tafoya, Greenway, Szymkowski, Huff, Breeding, Faust and McKay.

**7. Whether there are dispositive or partially dispositive issues to be decided by pretrial motions, and the legal issues about which any pretrial motions are contemplated.**

The parties reserve the right to file any motions that are appropriate at the time of filing and permissible under the federal rules of civil procedure, including Rules 702- 705, and the local rules given the then current stage of these proceedings, the nature of the issues

12

raised by the motion, and any standing order of the court regarding the filing of motions. Such motions may include discovery motions or dispositive motions.

**Plaintiff:** Plaintiff anticipates seeking partial summary judgment on the issues of liability on her claims for civil rights violation leaving only the issue of damages to be tried. This motion will be based largely on the acts and omissions of State Defendants in conducting an inadequate investigation resulting in the minor child being seized without a warrant and in absence of exigent circumstance and the severance of the parent child relationship without due process. Plaintiff's motion against Defendant Thal will be based largely on his acts, omission, and his role ending the relationship between Jessica and H.P.

**State Defendants:** State Defendants anticipate filing a Motion for Judgment on the Pleadings raising affirmative defenses as outlined in Section 2 above. State Defendants also anticipate filing a Motion for Summary Judgment after some discovery occurs, including but not limited to, preclusion arguments and other defenses as outlined in Section 2.

**Defendant Thal:**

Dr. Thal will file a Motion for Summary Judgment on the above affirmative defenses as outlined in section 2 above. Further, the Motion will address preclusion arguments, lack of duty to Plaintiff, and failure to allege conspiracy sufficiently and meet the burden to demonstrate **a conspiracy.**

8. **Whether the case is suitable for reference to a United States Magistrate Judge or a special master.**

   No, a party has filed a notice selecting the district court judge option.

9. **The status of related cases pending before other judges of this Court or before other courts.**

   The claims pending in State Court have recently resumed after the stay was lifted there. A scheduling order was entered on 27 February 2024.

10. **A description of the parties' discussions of initial disclosures under Fed.R.Civ.P. 26(a).**

The parties anticipate exchanging initial disclosure statements by April 19, 2024.

11. **Proposed deadlines (month/day/year) for:**

    (a)  **filing motions to amend the Complaint or to join additional parties**;

June 28, 2024, or within 30 days of the discovery of the identity of additional claims or additional parties. However, Plaintiff anticipates filing a second amended complaint with consent to conform to the Court's and the 9th Circuit's prior rulings no later than April 12, 2024.

    (b)  **if a patent case, exchange of patent claim constructions and filing of claim construction opening brief response and reply**;

N/A.

    (c)  **completion of all fact discovery**;

March 28, 2025

    (d)  **completion of disclosure of expert testimony by all parties under Fed. R. Civ. P. 26(a)(2);**

October 18, 2024

    (e)  **disclosure of rebuttal expert testimony by all parties**;

November 26, 2024

    (f)  **disclosure of all witnesses, exhibits and other matters under Fed. R. Civ. P. 26(a)(3);**

February 28, 2025

    (g)  **closure of all discovery**;

March 28, 2025

    (h)  **completing good faith discussion of settlement; and**

March 28, 2025

    (i)  **filing dispositive motions, including *Daubert* motions**.

May 30, 2025

14

12. **The scope of discovery, including any suggested changes in the limitations on discovery imposed by the Federal Rules of Civil Procedure, and whether discovery should be conducted in phases or should be limited to or focused upon particular issues.**

The parties do not propose any limitations on discovery beyond those stated by the rules; however, the parties reserve the right to seek a protective order for any discovery believed to be disproportionate to the needs of the case, as contemplated in Fed.R.Civ.P. 26 (b)(1). The parties also agree that discovery obtained in this case may be used in the State case, and discovery obtained in the State case may be used in this case.

13. **Estimated length of trial, and any suggestions for shortening the trial.**

Parties anticipate 7 days for trial, exclusive of jury selection.

14. **Whether a jury trial has been requested and whether the request for a jury trial is contested. If the request is contested, the reasons that a trial by jury is in dispute.**

All parties have requested trial by jury.

15. **The prospects for settlement, including any request to have a settlement conference before another United States District Judge or a Magistrate Judge, or any other request of the Court for Assistance.**

Currently, it is difficult to judge the prospect for settlement. The parties anticipate engaging in private mediation at the appropriate time; therefore, are not currently requesting Court assistance.

16. **In class actions, the proposed dates for class certification proceedings and other class management issues.**

N/A

17. **Whether any unusual, difficult, or complex problems or issues exist that require this case to be placed on the complex track for cases management purposes.**

15

None.

18. **Any other matters that counsel believes will aid the Court in resolving this case in a just, speedy, and inexpensive manner.**

None.

**RESPECTFULLY SUBMITTED** this 15th day of March 2024.

        MILLS & WOODS LAW PLLC

        By  */s/ Thomas A. Connelly*
           Thomas A. Connelly
           Robert T. Mills
           Sean A. Woods
           5055 North 12th Street, Suite 101
           Phoenix, Arizona 85014

        GILLESPIE, SHIELDS & TAYLOR
        DeeAn Gillespie
        7319 North 16th Street
        Phoenix, Arizona 85020
        *Attorneys for Plaintiff Jessica Ploof*


        OFFICE OF THE ARIZONA ATTORNEY GENERAL

        By  */s/ Deborah L. Garner*
           Julie M. Rhodes
           Deborah L. Garner
           2005 N. Central Ave.
           Phoenix, Arizona 85004
           *Attorneys for Defendants State of Arizona, Arizona Department of Child Safety, Meagan Tafoya, Sarah Greenway, Paige Szymkowski, Claudia Hoff, Nick Breeding, Gregory McKay, and Michael Faust*

> WEINBERG, WHEELER, HUDGINS,
> GUNN & DIAL, LLC
>
> By  */s/ Jeffrey S. Hunter*
>     Jeffrey S. Hunter
>     One North Central Avenue, Suite 900
>     Phoenix, Arizona 85004
>     *Attorneys for Defendant James Thal*

**CERTIFICATE OF SERVICE**

I hereby certify that on 15 March 2024 I electronically transmitted the foregoing document to be filed electronically with the Clerk's Office through the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to be served on all counsel of record via the Court's CM/ECF system.

*/s/ Thomas A. Connelly*