KRISTIN K. MAYES
ATTORNEY GENERAL

JULIE M. RHODES (016313)
DEBORAH GARNER (026161)
Assistant Attorneys General
2005 North Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 542-7612
Fax: (602) 542-7670
DefensePhx@azag.gov
Julie.Rhodes@azag.gov
Deborah.Garner@azag.gov

*Attorneys for State Defendants*

# UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Ploof, | Case No: 2:21-cv-00853-JJT |
| Plaintiff, | |
| vs. | **STIPULATED MOTION FOR PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |
| State of Arizona, a government entity; Arizona Department of Child Safety, a governmental entity; Meagan Tafoya, individually and as an employee with the State of Arizona Department of Child Safety and John Doe Tafoya, her spouse; Sarah Greenway, individually and as an employee with the State of Arizona Department of Child Safety and John Doe Greenway, her spouse; Paige Szymkowski, individually and as an employee with the State of Arizona Department of Child Safety and John Doe Szymkowski, her spouse; Claudia Hoff, individually and as an employee with the State of Arizona Department of Child Safety and John Doe Hoff, her spouse; Nick Breeding, individually and as an employee with the State of Arizona Department of Child Safety and Jane Doe Breeding, his spouse; Gregory McKay, as former Director, Arizona Department of Child Safety; Michael Faust and James Thal, individually and as a services provider for the State of Arizona Department of Child Safety and Jane Doe Thal, his spouse; John and Jane Does 1-5; and Black Entities 1-5, | |
| Defendants. | (Assigned to the Hon. John J. Tuchi) |

The parties, by and through undersigned counsel, jointly move for a protective order under Federal Rule of Civil Procedure 26(c), allowing the limited release of specific confidential records of the Arizona Department of Child Safety (DCS) regarding Plaintiff Jessica Ploof, her minor child, H.P. and Brendy Ploof. In support of this Stipulation, the parties provide the following information to establish the need for a Protective Order:

**A.     DCS Records Are Confidential Under A.R.S. §§ 8-807, 8-502, and 41-1959.**

The parties need to exchange documents and other information that is confidential in nature and may be protected by statutes including, but not limited to the Health Insurance Portability and Accountability Act ("HIPAA"), 42 C.F.R. § 2.64, 45 C.F.R. §§ 164.502 and 164.512, and A.R.S. §§ 8-807, 8-807.1, 8-502, 12-2235, 12-2292, 12-2294, 36-568.01, 41-195942, and U.S.C.A. § 5106a(b)(2)(B). Juvenile and dependency court records are confidential and not subject to public inspection, except as otherwise provided by law. A.R.S. § 8-208(F) and (G). The records are also protected by statutes including, but not limited to, 42 C.F.R. §§ 164.502 and 164.512, A.R.S. §§ 12-2235, 12-2292, 12-2294, 36-568.01, and 41-1959.  A Protective Order is needed to allow the parties to release certain records, confidential files, and information of DCS, qualified vendors, subcontractors, and providers who have confidential information and who may have provided services to Jessica Ploof, H.P., or Brendy Ploof or who have health care records or other information in their possession pertaining to the same parties. These records, including electronically stored information ("ESI"), files, and documents, along with the information they contain may be protected and confidential under various federal and state statutes, regulations, and common law. The release of the files, records and information is for the limited purpose of their use in this litigation ("the action").

While a person who is the subject of DCS records is entitled to receive those specific DCS records about himself or herself, *see* A.R.S. § 8-807(e), he or she "may not waive the confidentiality of DCS information concerning any other person," A.R.S. § 8-

807. A person who receives DCS information must maintain the confidentiality of the information and shall not further disclose it unless the disclosure is authorized by law or a court order. A.R.S. § 8-807(U). Wrongful disclosure of DCS records is a criminal offense classified as a misdemeanor. A.R.S. § 8-807(X). Irrespective of these provisions, before it releases its records, DCS must protect the identity and safety of a person who reports child abuse or neglect. A.R.S. § 8-807(L). Finally, A.R.S. § 8-807(P) states that if DCS receives information that is confidential by law, it "shall maintain the confidentiality of information as prescribed in the applicable law." DCS cannot release records related to any of the parties to Counsel for any of the parties without a court order.

**B.     The Parties Agree that Disclosure for this Lawsuit Is Necessary.**

Information contained in the described records, files, and information may be relevant to the parties, potential witnesses, and factual issues in dispute or may reasonably lead to discovery of relevant information. The parties to the action could be prejudiced if the information and documents contained within the described records, files, and information is not released to assist them in preparing their defense or in the investigation and prosecution of the claims involved in this matter. Any risk that may result from releasing the records, files and information for this limited purpose is minimized by the affirmative agreement and acknowledgement of everyone receiving the described records and files that the information contained in them is of a sensitive, personal, and confidential in nature and will be protected accordingly. All of the records are confidential and will remain so unless they are deemed otherwise by separate court order or stipulation of the parties.

It is further agreed by the parties that everyone to whom the information is released in regard to this litigation will limit its use strictly to what is necessary to prepare or resolve this case. As set forth in the proposed Protective Order attached, protected confidential information shall be shared only with witnesses, experts and support staff, including claims adjusters and managers, who require the information to

3

perform their specific function in this case. As a further safeguard, the parties agree that if any personally identifying confidential information is discussed in pleadings or attached as exhibits to pleadings or motions, they will seek the Court's approval to file any personally identifying confidential information under seal, or redact the personally identifying confidential information.

Based on the foregoing, the parties agree that disclosure of the above-referenced records is necessary to this litigation, and they enter the following stipulation in order to allow the limited release of the above-referenced DCS records and information:

1. The parties agree that attorneys for the parties should be authorized to disclose and produce to attorneys for the other parties in this case copies of DCS information. To the extent those records include school records, medical records, psychological records, and/or any other private information regarding the minors, the representatives for all parties consent to the release of this otherwise protected information. These records will be disclosed but the disclosure will be redacted and for example, shall not include complete social security numbers, and other similar highly sensitive information that is easily susceptible to abuse and not typically necessary or helpful to preparing for litigation.

2. The parties agree that everyone to whom the information is released will limit its use strictly to what is necessary to prepare or resolve this case. They shall share it only with experts and support staff, mediators, claims adjusters, and managers, who require the information to perform their specific function in this case. Outside experts will be asked not to re-disclose any DCS information. The parties agree to ask the experts to return and/or destroy the records once the litigation has concluded.

3. The parties agree that if confidential information is identified or otherwise referred to in pleadings, or if it is attached as exhibits to

1      pleadings or motions, they will seek the Court's approval to file any confidential and personally identifiable information under seal in compliance with Local Rule of Civil Procedure 5.6 and Electronic Case Filing Administrative Policies and Procedures Manual, Section II, J.

        4.    The parties agree that any risk that may result from releasing these records and information for the limited purpose of this litigation is minimized by this affirmative agreement and acknowledgement of everyone receiving the described records and information that the information contained in them is of a sensitive, personal and confidential nature. The parties promise to protect it accordingly.

        5.    The parties shall meet and confer in good faith regarding any dispute that arises concerning information redacted from the records in accordance with Local Rule 7.2(j). Pursuant to Rule 7.2(j), parties must personally consult and make a sincere effort to resolve disputes over these records before seeking the Court's assistance. If the parties are unable to reach resolution of a discovery dispute, the parties shall notify the Court by telephone at 602-322-7660, and the Court will schedule a telephonic conference. Written briefs shall be filed only at the direction of the Court.

For these reasons and on these grounds, the parties respectfully request this Court enter an order authorizing the release of redacted DCS records and information pertaining to Plaintiff Jessica Ploof, H.P., and Brendy Ploof. The foregoing does not prohibit any party from complying with lawful orders issued by courts of competent jurisdiction and complying with applicable laws including A.R.S. §§ 8-807 and 39-121, *et seq.*

///

///

///

5

1  RESPECTFULLY SUBMITTED this 22nd day of March, 2024.

| MILLS + WOODS LAW PLLC | KRISTIN K. MAYES<br>ATTORNEY GENERAL |
|---|---|
| /s/*Thomas A. Connelly (w/permission)*<br>Thomas A. Connelly<br>Robert T. Mills<br>Sean A. Woods | /s/*Julie M. Rhodes*<br>Julie M. Rhodes<br>Deborah Garner<br>Assistant Attorneys General<br>*Attorneys for State Defendants* |

GILLESPIE, SHIELDS & TAYLOR
DeeAn Gillespie
Jenny D. Jansch
*Attorneys for Plaintiff Jessica Ploof*

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC.

/s/*Jeffrey S. Hunter (w/permission)*
Jeffrey S. Hunter
*Attorneys for Defendant James Thal*

6

# CERTIFICATE OF SERVICE

I certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following, if CM/ECF registrants, and mailed a copy of same to any non-registrants, this 22nd day of March, 2024:

Thomas A. Connelly, Esq.
Robert T. Mills, Esq.
Sean A. Woods, Esq.
MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
*Attorneys for Plaintiff*

DeeAn Gillespie Strub, Esq.
Jenny D. Jansch, Esq.
GILLESPIE, SHIELDS, & TAYLOR
7319 North 16th Street
Phoenix, Arizona  85020
*Attorneys for Plaintiff*

Jeffrey S. Hunter, Esq.
WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC.
One North Central Avenue, Suite 900
Phoenix, Arizona  85004
*Attorneys for Defendant Thal*

/s/slf
LMS20-0389/G202020721-1/#11997568