1
2
3
4
5

## UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Ploof, | Case No: 2:21-cv-00853-JJT |
| Plaintiff, | |
| vs. | **[PROPOSED] PROTECTIVE ORDER REDGARDING CONFIDENTIAL INFORMATION** |
| State of Arizona, a government entity; Arizona Department of Child Safety, a governmental entity; Meagan Tafoya, individually and as an employee with the State of Arizona Department of Child Safety and John Doe Tafoya, her spouse; Sarah Greenway, individually and as an employee with the State of Arizona Department of Child Safety and John Doe Greenway, her spouse; Paige Szymkowski, individually and as an employee with the State of Arizona Department of Child Safety and John Doe Szymkowski, her spouse; Claudia Hoff, individually and as an employee with the State of Arizona Department of Child Safety and John Doe Hoff, her spouse; Nick Breeding, individually and as an employee with the State of Arizona Department of Child Safety and Jane Doe Breeding, his spouse; Gregory McKay, as former Director, Arizona Department of Child Safety; Michael Faust and James Thal, individually and as a services provider for the State of Arizona Department of Child Safety and Jane Doe Thal, his spouse; John and Jane Does 1-5; and Black Entities 1-5, | (Assigned to the Hon. John J. Tuchi.) |
| Defendants. | |

The Court having considered the parties' stipulation regarding the release of certain confidential records, and finding good cause therefore;

**IT IS ORDERED** authorizing the parties, through their attorneys, employees, or agents to disclose and produce to counsel for all parties to this action, including claims adjusters and managers, copies of relevant medical records and other confidential records, files, and information from the Department of Child Safety, and health care providers pertaining to Plaintiffs, including but not limited to Jessica Ploof, Hunter Ploof, Brendy Ploof, Patrick Anderson, Katrina Anderson, Heather Walker, Cross Belmount, Christina Barber, Donald Chastain, Barbara Lewis, and Michelle Ver Starten. The names and other personally identifiable information about individuals who may have, or are reasonably likely to lead to, relevant information need not be redacted.

However, the disclosing party may redact source information, and other highly sensitive personal information, such as, dates of birth, social security numbers, financial account numbers, driver's license number, auto license number, full names of minors, home addresses, phone numbers (home and work), email addresses, and tribal affiliation and identification numbers, as these are susceptible to abuse and not necessary for the parties in preparing for litigation.

Additionally, there are confidential records, files, and information from qualified vendors, subcontractors, licensing agencies, adoption, termination, or dependency proceedings, family court proceedings, depositions, or police records that pertain to Plaintiffs. These records, including electronically stored information ("ESI"), files, and documents, along with the information they contain are to be treated as protected and confidential. The release of the files, records and information is for the limited purpose of their use in this specific civil lawsuit.

**IT IS FURTHER ORDERED** that any and all information, records or files released pursuant to this Order shall remain confidential between the parties and cannot be used for any purpose other than investigating, defending or prosecuting the claims between the parties in the manner set forth with particularly as follows:

The Court recognizes that many of the documents and much of the information ("Materials" as defined herein) being sought through discovery are normally kept

confidential by the parties.  The Materials to be exchanged throughout the course of the litigation between the parties may contain sensitive, personal information, including information that is deemed confidential by various Arizona and federal statutes.  The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action to facilitate the document production and disclosure, and protect the respective interests of the parties in highly sensitive and personal information.  This Order shall remain in effect unless modified pursuant to the terms contained in this Order.

**IT IS THEREFORE ORDERED**:

The following Definitions shall apply in this Order:

A.     The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

B.     The term "Materials" will include, but is not being limited to: documents, correspondence, memoranda, email, reports, case notes, summaries, letters, worksheets, recordings, photographs, motion pictures, notes of discussions with third parties, other notes, instructions, disclosures, other writings, and electronically stored data and records.

C.     The term "Counsel" will mean outside counsel of record, and other attorneys paralegals, secretaries, and other support staff employed in the following law firms: The Arizona Attorney General's Office; Mills & Woods Law, PLLC; Gillespie, Shields & Taylor; Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC.

The following provisions shall apply in this litigation:

1.     Each party to this litigation that produces or discloses any Materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information

that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" of "CONFIDENTIAL—FOR COUNSEL ONLY."

(a)    Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its Counsel, unrestricted disclosure of such information could be harmful to such party.

(b)    Designation as "CONFIDENTIAL – FOR COUNSEL ONLY":

2.    In the event the producing party elects to produce Materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all Materials produced will be considered as "CONFIDENTIAL – FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified Materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those Materials to the inspecting party, mark the copies of those Materials that contain Confidential Information with the appropriate confidentiality marking.

3.    Whenever a deposition taken on behalf of any party involves the disclosure of Confidential Information of any party:

(a)    the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have until thirty (30) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL—FOR COUNSEL ONLY."

(b)    the disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be

4

disclosed, any person other than the deponent, Counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8, below; and

(c)    the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

4.    All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL –FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below, and in any event, must not be used for any purpose other than defending or prosecuting claims between the parties, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

5.    Information designated "CONFIDENTIAL—FOR COUNSEL ONLY" may be viewed only by:

(a)    Counsel (as defined in paragraph C, above) of the receiving party;

(b)    Independent experts and stenographic and clerical employees associated with such experts. Prior to receiving any Confidential Information of the producing party, the expert must execute a copy of the "Agreement to Be Bound by Stipulated Protective Order," attached hereto as Exhibit A.  Counsel for the receiving party must retain executed copies of such exhibits;

(c)    The Court and any Court staff and administrative personnel;

(d)    Any court reporter employed in this litigation and acting in that capacity; and

(e)    Any person indicated on the face of the document to be its author or co-author, or any person identified on the face of the document as one to whom a copy of such document was sent before its production in this action.

6. Information designated "CONFIDENTIAL" may be viewed only by the individuals listed in paragraph 5, above, and by the additional individuals listed below:

(a) Party principals or executives who are required to participate in policy decisions with reference to this action;

(b) Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such Counsel, in preparation for trial of this action; and

(c) Stenographic and clerical employees associated with the individuals identified above.

7. All information that has been designated as "CONFIDENTIAL – FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the Counsel for the receiving party, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation, but only during the course of this litigation. The principals, employees or other agents of the parties who received information prior to and apart from this litigation that was subsequently disclosed in this litigation as being either "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" may also retain copies of that information as is necessary for use in their respective businesses.

8. Before any Materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal. Nothing in this order shall be construed as automatically permitting a party to file under seal. The party seeking leave of Court shall show "compelling reasons" (where the motion is more than tangentially related to the merits of the case) or "good cause" for filing under seal. *See Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Additionally, such party seeking to file under seal shall,

within the applicable deadline, file a redacted, unsealed version of any motion, response or reply if such party is waiting for a ruling from the Court on filing an un-redacted, sealed version of the same document.  Further, no portion of the trial of the matter shall be conducted under seal.

9. Confidential Information and Materials designated "CONFIDENTIAL" or "CONFIDENTIAL--FOR COUNSEL ONLY" shall be used solely for the prosecution or defense of this action.  A party who wishes to use Confidential Information and/or Materials designated "CONFIDENTIAL" or "CONFIDENTIAL --FOR COUNSEL ONLY" for a purpose other than the prosecution or defense of this action must request permission, in writing, from Counsel for the producing party.  The receiving party's request must identify the Confidential Information and/or Materials designated "CONFIDENTIAL" or "CONFIDENTIAL--FOR COUNSEL ONLY" that the receiving party wishes to use, and identify the purpose for which it wishes to use Confidential Information and/or Materials designated "CONFIDENTIAL." or "CONFIDENTIAL--FOR COUNSEL ONLY." If the parties cannot resolve the question of whether the receiving party can use Confidential Information and/or Materials designated "CONFIDENTIAL" or "CONFIDENTIAL--FOR COUNSEL ONLY" for a purpose other than the prosecution or defense of this action within fourteen (14) days of the producing party's receipt of such a request, the receiving party may move the Court for a ruling on the receiving party's request.  In the event a party files a motion seeking to use Confidential Information and/or Materials designated "CONFIDENTIAL" or "CONFIDENTIAL--FOR COUNSEL ONLY" for a purpose other than the prosecution or defense of this action, the Confidential Information and/or Materials designated "CONFIDENTIAL" or "CONFIDENTIAL--FOR COUNSEL ONLY" shall be submitted to the Court, under seal, for an in-camera inspection.  Any Confidential Information and/or Materials designated "CONFIDENTIAL" or "CONFIDENTIAL--FOR COUNSEL ONLY" at issue must be treated as Confidential Information, as

designated by the producing party, until the Court has ruled on the motion or the matter has been otherwise resolved.

10.   At any stage of these proceedings, any party may object to a designation of Materials as Confidential Information.  The party objecting to confidentiality must notify, in writing, Counsel for the producing party of the objected-to Materials and the grounds for the objection.  If the dispute is not resolved consensually between the parties within fourteen (14) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection.  In the event any party files a motion challenging the designation or redaction of information, the document shall be submitted to the Court, under seal, for an in-camera inspection.  The Materials at issue must be treated as Confidential Information, as designated by the producing party, until the Court has ruled on the objection or the matter has been otherwise resolved.

11.   At any stage of these proceedings, any party may request that it be permitted to disclose Materials designated as Confidential Information to individuals not permitted by this Order to view such Materials.  The party must notify, in writing, Counsel for the producing party of the identity of the relevant Materials and the individuals to whom the party wishes to disclose the Materials.  If the request is not resolved consensually between the parties within fourteen (14) days of receipt of such a request, the requesting party may move the Court for a ruling allowing such disclosure.  In the event any party files a motion requesting such disclosure, the document shall be submitted to the Court, under seal, for an in-camera inspection.  The Materials at issue must be treated as Confidential Information, as designated by the producing party, until the Court has ruled on the request.

12.   All Confidential Information must be held in confidence by those inspecting or receiving it.  To the extent the Confidential Information has not been disclosed prior to and apart from this litigation, it must be used only for purposes of this action.  If the Confidential Information was exchanged between the parties prior to and apart from this litigation for purposes of conducting their respective businesses, the

parties may continue to use that otherwise Confidential Information for that purpose. The parties may not distribute the Confidential Information beyond those persons or entities that had received the Confidential Information prior to this litigation. In addition, counsel for each party, and each person receiving Confidential Information, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

13.     No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

14.     If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the producing party may give written notice to the receiving party that the Materials produced are deemed Confidential Information, and that the Materials produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the Materials as confidential, once the producing party so notifies the receiving party. If the receiving party has disclosed the Materials before receiving the designation, the receiving party must notify the producing party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced Materials as "CONFIDENTIAL" or "CONFIDENTIAL--FOR COUNSEL ONLY" – SUBJECT TO PROTECTIVE ORDER.

15.     Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

16.     Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

17.     This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information.  The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Arizona Rules of Civil Procedure.

18.     Information designated Confidential pursuant to this Order also may be disclosed if:  (a) the party or non-party making the designation consents to such disclosure; (b) the Court, after notice to all affected persons, allows such disclosure; or (c) the party to whom Confidential Information has been produced there-after becomes obligated to disclose the information in response to a lawful subpoena, provided that the subpoenaed party gives prompt notice to Counsel for the party which made the designation, and permits Counsel for that party sufficient time to intervene and seek judicial protection from the enforcement of this subpoena and/or entry of an appropriate protective order in the action in which the subpoena was issued.

19.     Nothing in this Confidentiality Order shall limit any producing party's use of its own documents or shall prevent any producing party from disclosing its own Confidential Information to any person.   Such disclosures shall not affect any confidential designation made pursuant to the terms of this Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.   Nothing in this Order shall prevent or otherwise

restrict Counsel from rendering advice to their clients, and in the course thereof, relying on examination of stamped confidential information.

20.     Within thirty (30) days of the final termination of this action, including any and all appeals, each party (or its Counsel) must purge all Confidential Information from all machine-readable media on which it resides and must either (a) return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or (b) destroy same.  With respect to paper copies, return or destruction of Confidential Information is at the option of the producing party.  Notwithstanding the foregoing, Counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information, after the conclusion of this litigation. Further, attorney work product Materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information, after the conclusion of this litigation.

21.     The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; or (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents, in violation of this Order.

22.     Any party may designate as "CONFIDENTIAL" or "CONFIDENTIAL-- FOR COUNSEL ONLY" any Materials that were produced during the course of this action without such designation before the effective date of this Order, as follows:

(a)     Parties to this action may designate such Materials by sending written notice of such designation, accompanied by copies of the designated Materials bearing the appropriate legend of "CONFIDENTIAL" or

"CONFIDENTIAL--FOR COUNSEL ONLY" to all other parties in possession or custody of such previously undesignated Materials.  Any party receiving such notice and copies of designated Materials pursuant to this subparagraph shall return to the producing party all undesignated copies of such Materials in its custody or possession, or shall affix the appropriate legend to all copies of the designated Materials in its custody or possession.

(b)     Upon notice of designation pursuant to this paragraph, parties shall also: (i) make no disclosure of such designated Materials or information contained therein except as allowed under this Order; and (ii) take reasonable steps to notify any persons known to have possession of such designated Materials or information of the effect of such designation under this Order.

(c) All such designations must be made within thirty (30) days of the date of this Order.

23.     Transmission by e-mail or facsimile is acceptable for all notification purposes within this Order.

24.     This Order may be modified by agreement of the parties, subject to approval by the Court.

25.     The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

26.     After termination of this action, the provisions of this Order shall continue to be binding, except with respect to those documents and information that became a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of Confidential Information and Materials designated as confidential for enforcement of the provisions of this Order following termination of this litigation.