# EXHIBIT A

# EXHIBIT A

KRISTIN K. MAYES
ATTORNEY GENERAL

JULIE M. RHODES (016313)
DEBORAH GARNER (026161)
Assistant Attorney General
2005 North Central Avenue
Phoenix, Arizona 85007-2926
Telephone: (602) 542-7612
Fax: (602) 542-7670
DefensePhx@azag.gov
Julie.Rhodes@azag.gov
Deborah.Garner@azag.gov

JENNIFER J. SANDERS (020657)
Assistant Attorney General
416 W. Congress, 2nd Floor
Tucson, Arizona 85701-1315
Telephone: (520) 638-2801
DefenseTuc@azag.gov
Jennifer.Sanders@azag.gov

*Attorneys for DCS Defendants*

## UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Ploof, | Case No: 2:21-cv-00853-JJT |
| Plaintiff, | |
| vs. | **FIRST AMENDED** ANSWER |
| State of Arizona, Meagan Tafoya,; Sarah Greenway; Paige Szymkowski; Claudia Hoff; Nick Breeding; Gregory McKay, former Director, Arizona Department of Child Safety; James Thal; John and Jane Does 1-5; and Black Entities 1-5, | (Assigned to the Hon. John J. Tuchi) |
| Defendants. | |

Defendants State of Arizona, Department of Child Safety, Meagan Tafoya, Sarah Greenway, Paige Szymkowski, Claudia Hoff, Nick Breeding, and Gregory McKay (DCS

Defendants), in response to Plaintiff's ~~First Amended~~ Complaint ("FAC")[1] hereby admit, deny and allege as follows:

## JURISDICTION AND VENUE

1. DCS Defendants ~~upon information and belief~~ admit ¶ 1.

2. DCS Defendants ~~upon information and belief admit~~ deny ¶ 2.

3. DCS Defendants ~~are without sufficient information to~~ admit ~~or deny~~ ¶ 3.

4. DCS Defendants ~~are without sufficient information to~~ admit ~~or deny~~ ¶ 4.

5. DCS Defendants admit that venue lies in this Court, but deny that A.R.S. § 12-123 is the controlling statute in ¶ 5.

## THE PARTIES

6. DCS Defendants ~~are without information sufficient to admit~~ admit ~~or deny~~ ¶ 6. ~~Therefore, the allegations are denied.~~

7. DCS Defendants deny ¶ 7 as to DCS Defendants only. ~~The allegations in ¶ 7 are legal conclusions, and therefore no response is necessary. DCS Defendants deny that there is no "limitation" in regard *Respondeat Superior* liability. Plaintiff misstates the law.~~

8. DCS Defendants deny ¶ 8 as to DCS Defendants only. ~~The allegations in ¶ 8 are legal conclusions, and therefore no response is necessary. The objection notwithstanding, DCS Defendants deny that there is no "limitation" in regard *Respondeat Superior* liability and that DCS acts on behalf of "each of the other non-governmental entity Defendants in this action." Plaintiff misstates the law~~

9. DCS Defendants admit ¶ 9. ~~DCS Defendants admit in part and denies in part ¶¶ 9-15 DCS Defendants admit that at the time the Complaint was filed, DCS Defendants were individuals who resided in Maricopa County, Arizona. Upon~~

---

[1] The Court granted dismissal of Counts One (ADA claim), ~~and dismissed the Department of Child Safety (DCS), a non-jural entity, as a Defendant.~~ Three (unconstitutional seizure), and Fourteen (DCS as Defendant) (Doc. 14: ¶¶ 256-280; 297-306; 404-412). Plaintiff did not appeal the dismissal of these claims. The Ninth Circuit dismissed Count Two (unconstitutional seizure) which was not appealed. *Ploof v. Arizona*, 23-cv-00853-JJT, WL 2929314 (9th Cir. April 13, 2023) (mem. dec.).

information and belief, DCS Defendants were employed by DCS for some period of time, but may not currently be employed by DCS. DCS Defendants admit that McKay and Faust were the Director of DCS in the past, but that they are not currently the Director. Upon information and belief, the DCS Defendants admit that they have all been named in their individual capacities except former Directors McKay and Faust who were named in their official capacities. The remaining allegations are denied.

10. DCS Defendants admit ¶ 10. The allegation in ¶16 of the Complaint is regarding another Defendant. No response from DCS Defendants is required.

11. DCS Defendants admit ¶ 11. deny ¶ 17.

12. DCS Defendants admit ¶ 12. deny ¶ 18.

13. DCS Defendants admit ¶ 13. The allegations in ¶ 19 are legal conclusions. Therefore, no response is necessary. DCS Defendants deny these allegations.

14. DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 14 and therefore deny same. admit ¶¶ 20-21

15. DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 15 and therefore deny same. DCS Defendants admits in part and denies in part ¶ 22. DCS Defendants admit that Dr. Thal evaluated Plaintiff on July 18, 2017, when she was 23 years old, and that he found she had a FSIQ of 65 which placed her in the intellectually disabled range. The remaining allegations are denied.

16. DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 16 and therefore deny same. DCS Defendants admit ¶ 23.

## FACTUAL ALLEGATIONS

## I. BACKGROUND

3

17.     DCS Defendants admit ¶ 17. ~~24 to the extent that at the TDM on January 11, 2017, Plaintiff advised DCS that she did not know who the child's father was and there was no father listed on the birth certificate. The remaining allegations are denied.~~

18.     DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 18 ~~of the Complaint~~ and therefore deny same. ~~admit ¶ 25 to the extent Plaintiff reportedly had assistance to care for her child from her mother. However, serious allegations of abuse and/or neglect by Plaintiff and her mother were brought to the attention of DCS in January of 2017, prompting the investigation. Subsequently, during the course of the underlying dependency matter, mental health professionals determined that the Plaintiff and her own mother were unable to parent the child without a risk of abuse and neglect and neither could parent the child on their own independently. DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore, deny same.~~

19.     DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 19 ~~26~~ of the Complaint and therefore deny same.

20.     DCS Defendants admit ¶ 20 ~~27~~.

21.     DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 21 and therefore deny same.

22.     DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 22 and therefore deny same. ~~DCS Defendants admit ¶ 28 to the extent that Brendi Ploof failed to take a drug test requested by DCS so that she could be considered as a placement for the child. DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in ¶ 28 and therefore, deny same.~~

23.     DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 23 and therefore deny same. ~~DCS~~

4

1   Defendants admit ¶ 29 to the extent that Brendi Ploof lived with Plaintiff and H.P in

2   2016 and 2017 and that serious allegations of drug use and domestic violence in Brendi

3   Ploof's home led to the investigation and removal of Plaintiff's child, as well as a

4   failure by both women to adequately address not only the minimum needs of the child,

5   but also the child's special needs. DCS further admits that at the conclusion of the

6   underlying case, Brendi Ploof and Plaintiff were unable to parent the child, together or

7   separately, after the provision of appropriate services and supports by DCS. DCS

8   Defendants deny the remaining allegations in ¶ 29

9        24.   DCS Defendants are without information or knowledge sufficient to form

10  a belief as to the truth of the allegations in ¶ 24 and therefore deny same. DCS

11  Defendants deny ¶ 30. The records in the underlying matter show that Plaintiff was

12  unable to resolve the issues that placed her child at risk of abuse and neglect and it was

13  recommended that her parental rights be terminated.

14       25.   DCS Defendants are without information or knowledge sufficient to form

15  a belief as to the truth of the allegations in ¶ 25 and therefore deny same. The allegations

16  in ¶ 31 are legal conclusions. Therefore, no response is necessary. To the extent that the

17  allegations are intended to allege any liability or wrongdoing on the part of DCS

18  Defendants, DCS Defendants deny the allegations.

19       26.   DCS Defendants are without information or knowledge sufficient to form

20  a belief as to the truth of the allegations in ¶ 26 32 of the Complaint.

21       27.   DCS Defendants are without information or knowledge sufficient to form

22  a belief as to the truth of the allegations in ¶ 27 and therefore deny same. DCS

23  Defendants deny ¶ 33. DCS had to take custody of Jessica's child to prevent abuse and

24  neglect as Plaintiff was unable to be a minimally adequate parent H.P. The Arizona

25  Superior Court in and for Maricopa County found that Plaintiff was unable to parent her

26  child without DCS oversight to prevent abuse and neglect. The Court in the underlying

27  matter found that living with the Plaintiff would be contrary to the welfare of the minor.

28  Plaintiff's rights were terminated after she failed to improve her parenting profile after

1  ~~completion of a wide array of services. Thus, the court in the underlying matter~~

2  ~~determined that she was unable to safely parent H.P.~~

3  28.  The allegations in ¶ 28 are legal conclusions. Therefore, no response is

4  necessary. To the extent that the allegations are intended to allege any liability or

5  wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations. ~~DCS~~

6  ~~Defendants are without information or knowledge sufficient to form a belief as to the~~

7  ~~truth of the allegations in ¶¶ 34-35 and therefore deny same.~~

8  29.  DCS Defendants are without information or knowledge sufficient to form

9  a belief as to the truth of the allegations in ¶ 29 and therefore deny same. ~~DCS~~

10  ~~Defendants admit in part ¶ 36. The term "certain developmental disabilities" is vague~~

11  ~~and DCS Defendants are without sufficient information to admit or deny the allegation~~

12  ~~regarding this term. DDD provides support and services to individuals with qualifying~~

13  ~~conditions~~

14  30.  DCS Defendants are without information or knowledge sufficient to form

15  a belief as to the truth of the allegations in ¶ 30 ~~¶¶ 37-38 of the~~ ~~Complaint~~ and therefore

16  deny same.

17  31.  DCS Defendants are without information or knowledge sufficient to form

18  a belief as to the truth of the allegations in ¶ 31 ~~¶¶ 39-40 of the~~ ~~Complaint~~ and therefore

19  deny same. ~~DCS Defendants submit that even with the help of her mother, Jessica with a~~

20  ~~self-professed IQ of 65, was unable to adequately care for the child.~~

21  32.  DCS Defendants are without information or knowledge sufficient to from

22  a belief as to the allegations in ¶ 32 of the FAC and therefore deny same. ~~DCS~~

23  ~~Defendants deny ¶ 41.~~

24  33.  DCS Defendants admit the allegations in ¶ 33 of the FAC in part. The term

25  "certain developmental disabilities" is vague and DCS Defendants are without sufficient

26  information to admit or deny the allegation regarding this term. ~~DCS Defendants are~~

27  ~~without information or knowledge sufficient to form a belief as to the truth of the~~

28  ~~allegations in ¶¶ 42-49 of the Complaint and therefore deny same.~~

34.     DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 34 of the FAC and therefore deny same. ~~The allegations in ¶ 50 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations.~~

35.     DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 35 ~~¶¶ 51-58 of the Complaint~~ and therefore deny same.

36.     DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 36 and therefore deny same. ~~The allegations in ¶ 59 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations.~~

37.     DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 37 and therefore deny same. ~~DCS Defendants admit in part and deny in part ¶ 60. Given her stated IQ, Plaintiff was likely unable to understand or act on medical recommendations. The remaining allegations are denied.~~

38.     DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 38 and therefore deny same. ~~DCS Defendants admit in parte and deny in part ¶ 61. DCS Defendants admit that Plaintiff failed to schedule testing that was recommended for the child. The remaining allegations are denied.~~

39.     DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 39 and therefore deny same. ~~DCS Defendants admit in part and deny in part the allegations in ¶ 62.  DCS Defendants admit that Plaintiff failed to schedule testing that was recommended for the child. The remaining allegations are denied.~~

40.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 40 of the FAC and therefore deny same. DCS Defendants admit in part and deny in part ¶ 62. DCS Defendants admit that Plaintiff failed to schedule testing that was recommended for the child. The remaining allegations are denied.

41.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 41 and therefore deny same.

42.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 42 and therefore deny same. DCS Defendants deny ¶ 64.

43.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 43 and therefore deny same. DCS Defendants admit ¶ 65.

43.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 43 and therefore deny same. DCS Defendants admit in part and deny in part ¶ 66. DCS Defendants admit that at the TDM on January 11, 2017, Plaintiff and her mother reported that a "friend" named Derek Phillips called a report into the DCS hotline because Plaintiff did not want to have sex with him. The remaining allegations are denied.

44.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 44 and therefore deny same. DCS Defendants deny ¶ 67. DCS Defendants received reports in January of 2017, from Brendi Ploof that Mr. Phillips put powder in Plaintiff's drink. Plaintiff admitted to use of marijuana and methamphetamine at the TDM. Plaintiff tested positive for methamphetamines in a hair test. DCS held the meeting because it had concerns regarding Plaintiff's understanding of the situation and her failure to locate and secure DDD services for her child, her drug use, and reports that Plaintiff masturbated in front of the child; and based on reports, DCS believed that Plaintiff had left her infant son

1   ~~home alone on three occasions, that she used drugs in his presence, and tried to give him~~

2   ~~alcoholic beverages to drink. The remaining allegations are denied.~~

3          45.    DCS Defendants are without information or knowledge sufficient to form

4   a belief as to the truth of the allegations in ¶ 45 and therefore deny same. ~~DCS~~

5   ~~Defendants are without information or knowledge sufficient to form a belief as to the~~

6   ~~truth of the allegations in ¶¶ 68-70 of the Complaint and therefore deny same. Brendi did~~

7   ~~not report demanding that Mr. Philipps leave her home at any time to DCS.~~

8          46.    DCS Defendants are without information or knowledge sufficient to form

9   a belief as to the truth of the allegations in ¶ 46 and therefore deny same. ~~DCS~~

10  ~~Defendants are without information or knowledge sufficient to form a belief as to the~~

11  ~~truth of the allegations in ¶ 71 of the Complaint and therefore deny same. Because no~~

12  ~~time frame was provided in the allegation, DCS Defendants are unable to determine if~~

13  ~~the policy stated was the policy in effect during the events giving rise to this litigation~~

14  ~~because Plaintiff failed to allege dates specific to the allegations in the Complaint.~~

15         47.    DCS Defendants are without information or knowledge sufficient to form

16  a belief as to the truth of the allegations in ¶ 47 and therefore deny same. ~~DCS~~

17  ~~Defendants admit ¶ 72~~

18         48.    DCS Defendants are without information or knowledge sufficient to form

19  a belief as to the truth of the allegations in ¶ 48 and therefore deny same. ~~DCS~~

20  ~~Defendants are without information or knowledge sufficient to form a belief as to the~~

21  ~~truth of the allegations in ¶ 73 of the Complaint and therefore deny same. Plaintiff~~

22  ~~admitted at the TDM that she had no DDD services in place for her son and she admitted~~

23  ~~to use of marijuana and methamphetamine which were also confirmed by testing.~~

24         49.    DCS Defendants are without information or knowledge sufficient to form

25  a belief as to the truth of the allegations in ¶ 49 and therefore deny same. ~~DCS~~

26  ~~Defendants admit ¶ 74. DCS Defendants received reports regarding Plaintiff in July of~~

27  ~~2016. The reports concerned Plaintiff's use of marijuana and methamphetamine, that she~~

28  ~~had left her son alone on at least three occasions, there were ongoing concerns about~~

1   ~~domestic violence in the home between Plaintiff and her own mother Brendi Ploof, the~~

2   ~~condition of the home was substandard and did not meet the needs of the child, Brendi~~

3   ~~did not appear to be assisting with parenting and securing services for the child, and~~

4   ~~there were allegations that Plaintiff was drinking alcohol and trying to give it to the~~

5   ~~infant.  Further, Plaintiff did not appear to understand her~~ parenting ~~responsibilities or~~

6   ~~the needs of the child. The remaining allegations are denied.~~

7        50.   <u>DCS Defendants are without information or knowledge sufficient to form</u>

8   <u>a belief as to the truth of the allegations in ¶ 50 and therefore deny same</u>. ~~DCS~~

9   ~~Defendants admit in part and deny in part ¶¶ 75-91. DCS Defendants admit that per the~~

10  ~~CSRA: "At the conclusion of the investigation there was risk identified if [child] were to~~

11  ~~stay in Jessica's care.  Jessica is abusing methamphetamine, marijuana, and alcohol.~~

12  ~~Jessica does not have an understanding of what is going on. She functions at a lower~~

13  ~~level than a 22 year old. She is diagnosed with mild mental retardation. She relies on~~

14  ~~maternal grandmother and has to be instructed by maternal grandmother. There is a~~

15  ~~concern that the maternal grandmother is parenting [child] due to Jessica's disability.~~

16  ~~Maternal grandmother was asked twice to provide a [urine sample for analysis to detect~~

17  ~~drug use] but did not do so. She first stated she was called out for work and was unable~~

18  ~~to do this. There is a concern for possible drug use by grandmother. Jessica was~~

19  ~~provided family preservation services but stated she would not be participating in~~

20  ~~services. A TDM was held for mother, it was determined to do an In-home dependency~~

21  ~~and that was when maternal grandmother was asked to test. Grandmother failed to test~~

22  ~~and refused to participate in services; therefore, [the child] was removed and placed in~~

23  ~~care." There is also concern of severe domestic violence occurring in the home between~~

24  ~~Jessica and maternal grandmother.  The domestic violence altercations would get~~

25  ~~physical, and on one occasion, Jessica bit maternal grandmother so hard that the skin~~

26  ~~was ripped off of maternal grandmother's arm." However, as documented in the records~~

27  ~~of the underlying matter, and in the psychological evaluation(s), DCS received reports~~

28  ~~on Plaintiff Jessica Ploof prior to January of 2017. The remaining allegations are denied.~~

51.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 51 and therefore deny same. ~~The allegations in ¶ 92 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations.~~

52.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 52 and therefore deny same. ~~DCS Defendants admit in part and deny in part ¶¶ 93-97. DCS Defendants admit that per the CSRA: "At the conclusion of the investigation there was risk identified if [child] were to stay in Jessica's care. Jessica is abusing methamphetamine, marijuana, and alcohol. Jessica does not have an understanding of what is going on. She functions at a lower level than a 22 year old. She is diagnosed with mild mental retardation. She relies on maternal grandmother and has to be instructed by maternal grandmother. There is a concern that the maternal grandmother is parenting [child] due to Jessica's disability. Maternal grandmother was asked twice to provide a [urine sample for analysis to detect drug use] but did not do so. She first stated she was called out for work and was unable to do this. There is a concern for possible drug use by grandmother. Jessica was provided family preservation services but stated she would not be participating in services. A TDM was held for mother, it was determined to do an In-home dependency and that was when maternal grandmother was asked to test. Grandmother failed to test and refused to participate in services; therefore, [the child] was removed and placed in care." There is also concern of severe domestic violence occurring in the home between Jessica and maternal grandmother. The domestic violence altercations would get physical, and on one occasion, Jessica bit maternal grandmother so hard that the skin was ripped off of maternal grandmother's arm." However, as documented in the records of the underlying matter, and in the psychological evaluation(s), DCS received reports on Plaintiff Jessica Ploof prior to January of 2017. The remaining allegations are denied.~~

53.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 53 and therefore deny same. ~~DCS Defendants admit in part and deny in part ¶¶ 97-104. The TDM summary reflects that DCS personnel, after noting, discussing, and considering all of the concerns regarding Plaintiff's parenting with Plaintiff and her support system at the TDM, determined that: " At this time the department will be filing an in home dependency petition with the juvenile courts. A safety plan will remain in place. Ms. Ploof will participate in services such as family preservation, random urinalysis, parenting classes and Terros intake and follow through with recommendations."~~

54.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 54 ~~105~~ and therefore deny same.

55.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 55 and therefore deny same. ~~DCS Defendants deny ¶ 106. "At the conclusion of the investigation there was risk identified if [child] were to stay in Jessica's care. Jessica is abusing methamphetamine, marijuana, and alcohol. Jessica does not have an understanding of what is going on. She functions at a lower level than a 22 year old. She is diagnosed with mild mental retardation. She relies on maternal grandmother and has to be instructed by maternal grandmother. There is a concern that the maternal grandmother is parenting [child] due to Jessica's disability. Maternal grandmother was asked twice to provide a [urine sample for analysis to detect drug use] but did not do so. She first stated she was called out for work and was unable to do this. There is a concern for possible drug use by grandmother. Jessica was provided family preservation services but stated she would not be participating in services. A TDM was held for mother, it was determined to do an In-home dependency and that was when maternal grandmother was asked to test. Grandmother failed to test and refused to participate in services; therefore, [the child] was removed and placed in care." There is also concern of severe domestic violence occurring in the home between Jessica and maternal grandmother. The domestic violence altercations would get~~

12

1  ~~physical, and on one occasion, Jessica bit maternal grandmother so hard that the skin~~
2  ~~was ripped off of maternal grandmother's arm." The remaining allegations are denied.~~

3  56.   DCS Defendants are without information or knowledge sufficient to form
4  a belief as to the truth of the allegations in ¶ 56 and therefore deny same. ~~The allegations~~
5  ~~in ¶¶ 107-109 are legal conclusions. Therefore, no response is necessary. To the extent~~
6  ~~that the allegations are intended to allege any liability or wrongdoing on the part of DCS~~
7  ~~Defendants, DCS Defendants deny the allegations.~~

8  57.   DCS defendants are without knowledge sufficient to form a belief
9  regarding the accuracy of the allegations in ¶ 57 ~~110 of the Complaint~~. ~~To the extent the~~
10  ~~allegations are intended to allege any form of liability or wrongdoing on the part of DCS~~
11  ~~Defendants, they deny the allegations.~~

12  58.   DCS Defendants are without information or knowledge sufficient to form
13  a belief as to the truth of the allegations in ¶ 58 and therefore deny same. ~~The allegations~~
14  ~~in ¶ 111 are legal conclusions. Therefore, no response is necessary. To the extent that the~~
15  ~~allegations are intended to allege any liability or wrongdoing on the part of DCS~~
16  ~~Defendants, DCS Defendants deny the allegations.~~

17  59.   DCS Defendants are without information or knowledge sufficient to form
18  a belief as to the truth of the allegations in ¶ 59 and therefore deny same. ~~DCS~~
19  ~~Defendants deny ¶ 112. "At the conclusion of the investigation there was risk identified~~
20  ~~if [child] were to stay in Jessica's care. Jessica is abusing methamphetamine, marijuana,~~
21  ~~and alcohol. Jessica does not have an understanding of what is going on. She functions~~
22  ~~at a lower level than a 22 year old. She is diagnosed with mild mental retardation. She~~
23  ~~relies on maternal grandmother and has to be instructed by maternal grandmother. There~~
24  ~~is a concern that the maternal grandmother is parenting [child] due to Jessica's disability.~~
25  ~~Maternal grandmother was asked twice to provide a [urine sample for analysis to detect~~
26  ~~drug use] but did not do so. She first stated she was called out for work and was unable~~
27  ~~to do this. There is a concern for possible drug use by grandmother. Jessica was~~
28  ~~provided family preservation services but stated she would not be participating in~~

services. A TDM was held for mother, it was determined to do an In-home dependency and that was when maternal grandmother was asked to test. Grandmother failed to test and refused to participate in services; therefore, [the child] was removed and placed in care." There is also concern of severe domestic violence occurring in the home between Jessica and maternal grandmother. The domestic violence altercations would get physical, and on one occasion, Jessica bit maternal grandmother so hard that the skin was ripped off of maternal grandmother's arm." The remaining allegations are denied.

60.    DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 60 and therefore deny same. The allegations in ¶¶ 113-125 of the Complaint are legal conclusions, and therefore no response is required. To the extent the allegations are intended to allege any form of liability or wrongdoing on the part of DCS Defendants, they deny the allegations.

61.    DCS Defendants deny ¶ 61. DCS Defendants deny ¶ 126

## II.    THE REMOVAL OF H.P.

62.    DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 62 and therefore deny same. The allegations in ¶ 127 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations.[2]

63.    DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 63 and therefore deny same. The allegations in ¶ 128 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations. DCS Defendants admit that Plaintiff attempted to use a device to falsify her random drug testing result but she was caught by the observer.

---

[2] This allegation is a good example of Plaintiff's failure to meet the Rule 9(b) heightened pleading standard due to allegations of fraud. This allegation is entirely conclusory and in violation of Rule 8.

64.   DCS Defendants deny ¶ 64. ~~DCS Defendants deny ¶ 129.~~

65.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 65 and therefore deny same. ~~The allegations in ¶ 130 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations.~~

66.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 66 and therefore deny same. ~~DCS Defendants deny ¶¶ 131-135~~

67.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 67 and therefore deny same. ~~The allegations in ¶¶ 136-137 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations.~~

68.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 68 and therefore deny same. Because no time frame was provided in the allegations, DCS Defendants are unable to determine if the policy stated was the policy in effect during the events giving rise to this litigation. ~~DCS Defendants deny ¶¶ 138-140~~

69.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 69 and therefore deny same. ~~DCS Defendants are without sufficient information to admit or deny the allegations in ¶ 141 of the Complaint.~~

70.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 70 and therefore deny same. ~~DCS Defendants deny ¶¶ 142-145.~~

71.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 71 and therefore deny same. ~~The allegations~~

1   in ¶¶ 146-147 are legal conclusions. Therefore, no response is necessary. To the extent
2   that the allegations are intended to allege any liability or wrongdoing on the part of DCS
3   Defendants, DCS Defendants deny the allegations.

4       72.   DCS Defendants are without information or knowledge sufficient to form
5   a belief as to the truth of the allegations in ¶ 72 and therefore deny same. DCS
6   Defendants deny the allegations in ¶ 148 of the Complaint. DCS Defendants admit that
7   Plaintiff is unable to parent the child without a risk of abuse or neglect due to her
8   intellectual functioning and disability.

9       73.   DCS Defendants are without information or knowledge sufficient to form
10  a belief as to the truth of the allegations in ¶ 73 and therefore deny same. DCS
11  Defendants admit in part and deny in part ¶ 149. "At the conclusion of the investigation
12  there was risk identified if [child] were to stay in Jessica's care. Jessica is abusing
13  methamphetamine, marijuana, and alcohol. Jessica does not have an understanding of
14  what is going on. She functions at a lower level than a 22 year old. She is diagnosed with
15  mild mental retardation. She relies on maternal grandmother and has to be instructed by
16  maternal grandmother. There is a concern that the maternal grandmother is parenting
17  [child] due to Jessica's disability. Maternal grandmother was asked twice to provide a
18  [urine sample for analysis to detect drug use] but did not do so. She first stated she was
19  called out for work and was unable to do this. There is a concern for possible drug use
20  by grandmother. Jessica was provided family preservation services but stated she would
21  not be participating in services. A TDM was held for mother, it was determined to do an
22  In-home dependency and that was when maternal grandmother was asked to test.
23  Grandmother failed to test and refused to participate in services; therefore, [the child]
24  was removed and placed in care." There is also concern of severe domestic violence
25  occurring in the home between Jessica and maternal grandmother. The domestic
26  violence altercations would get physical, and on one occasion, Jessica bit maternal
27  grandmother so hard that the skin was ripped off of maternal grandmother's arm." The
28  remaining allegations are denied.

74.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 74 of and therefore deny same. ~~DCS Defendants are without sufficient information to admit or deny the allegations in ¶ 150 of the Complaint.~~

75.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 75 and therefore deny same. ~~DCS Defendants deny the allegations in ¶ 151 of the Complaint. Plaintiff had a Guardian Ad Litem appointed in the underlying matter to make decisions in Plaintiff's best interests and substitute their judgment for her judgment since she is unable to do so.  Plaintiff does not have a Guardian Ad Litem in this matter.~~

76.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 76 of the FAC and therefore deny same. ~~The allegations in ¶¶ 152-158 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations~~

77.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 77 and therefore deny same. ~~DCS Defendants deny in part and admit in part the allegations in ¶ 159 of the Complaint. The Arizona Department of Child Safety is a non-jural entity and is an agency of the State of Arizona~~

78.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 78 and therefore deny same. ~~The allegations in ¶ 160 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations.~~

79.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 79 and therefore deny same. ~~DCS Defendants deny the allegations in ¶ 161. The Arizona Department of Child Safety~~

1  ~~provides services as set forth in Title 8 of the Arizona Revised Statutes and Arizona law~~
2  ~~and the services provided are proscribed by statute. The remainder of the paragraph is~~
3  ~~denied.~~

4       80.    DCS Defendants are without information or knowledge sufficient to form
5  a belief as to the truth of the allegations in ¶ 80 and therefore deny same. ~~The allegations~~
6  ~~in ¶¶ 162-165 are legal conclusions. Therefore, no response is necessary. To the extent~~
7  ~~that the allegations are intended to allege any liability or wrongdoing on the part of DCS~~
8  ~~Defendants, DCS Defendants deny the allegations.~~

9       81.    DCS Defendants are without information or knowledge sufficient to form
10 a belief as to the truth of the allegations in ¶ 81 ~~¶ 166 of the Complaint~~ and therefore
11 deny same.

12      82.    DCS Defendants are without information or knowledge sufficient to form
13 a belief as to the truth of the allegations in ¶ 82 and therefore deny same. ~~DCS~~
14 ~~Defendants deny ¶ 167~~

15      83.    DCS Defendants are without information or knowledge sufficient to form
16 a belief as to the truth of the allegations in ¶ 83 ~~¶ 168 of the Complaint~~ and therefore
17 deny same.

18      84.    DCS Defendants are without information or knowledge sufficient to form
19 a belief as to the truth of the allegations in ¶ 84 and therefore deny same. ~~DCS~~
20 ~~Defendants admit ¶ 169.~~

21      85.    DCS Defendants are without information or knowledge sufficient to form
22 a belief as to the truth of the allegations in ¶ 85 and therefore deny same. ~~DCS~~
23 ~~Defendants admit in part and deny in part ¶¶ 170-174. Dr. Thal diagnosed Plaintiff on~~
24 ~~July 18, 2017, with mild intellectual disability, alcohol use disorder, methamphetamine~~
25 ~~use disorder, and Bipolar I disorder. Dr. Thal found that it was unlikely Plaintiff would~~
26 ~~be able to meet the needs of her child then or in the foreseeable future. He was of the~~
27 ~~opinion that a child could not safely be returned to her. After several addendum reports~~

28

1   and consideration of additional factors, his opinion never changed. The remaining
2   allegations are denied.

3       86.    DCS Defendants are without information or knowledge sufficient to form
4   a belief as to the truth of the allegations in ¶ 86 ¶ 175 of the Complaint and therefore
5   deny same.

6       87.    DCS Defendants are without information or knowledge sufficient to form
7   a belief as to the truth of the allegations in ¶ 87 and therefore deny same. DCS
8   Defendants admit in part and deny in part ¶¶ 176-177. Dr. Thal diagnosed Plaintiff on
9   July 18, 2017, with mild intellectual disability, alcohol use disorder, methamphetamine
10  use disorder, and Bipolar I disorder. Dr. Thal found that it was unlikely Plaintiff would
11  be able to meet the needs of her child then or in the foreseeable future. He was of the
12  opinion that a child could not safely be returned to her. After several addendum reports
13  and consideration of additional factors, his opinion never changed. The remaining
14  allegations are denied.

15      88.    DCS Defendants are without information or knowledge sufficient to form
16  a belief as to the truth of the allegations in ¶ 88 ¶ 178 of the Complaint and therefore
17  deny same.

18      89.    The allegations in ¶ 89 are legal conclusions. Therefore, no response is
19  necessary. To the extent that the allegations are intended to allege any liability or
20  wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations. DCS
21  Defendants deny the allegations in ¶ 179 of the Complaint.

22      90.    DCS Defendants are without information or knowledge sufficient to form
23  a belief as to the truth of the allegations in ¶ 90 and therefore deny same. DCS
24  Defendants admit ¶ 180

25      91.    DCS Defendants are without information or knowledge sufficient to form
26  a belief as to the truth of the allegations in ¶ 91 ¶ 181 of the Complaint and therefore
27  deny same.

28

92.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 92 and therefore deny same. ~~DCS Defendants deny ¶¶ 182-183~~.

93.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 93 and therefore deny same. ~~DCS Defendants deny ¶ 184 of the Complaint. Dr. Thal diagnosed Plaintiff on July 18, 2017, with mild intellectual disability, alcohol use disorder, methamphetamine use disorder, and Bipolar I disorder. Dr. Thal found that it was unlikely Plaintiff would be able to meet the needs of her child then or in the foreseeable future. He was of the opinion that a child could not safely be returned to her. After several addendum reports and consideration of additional factors, his opinion never changed. The remaining allegations are denied.~~

94.   DCS Defendants admit ¶ 94. ~~DCS Defendants admit ¶ 185~~

95.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 95 ~~¶¶ 186-188 of the Complaint~~ and therefore deny same.

96.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 96 and therefore deny same. ~~DCS Defendants deny ¶¶ 189-190~~.

97.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 97 and therefore deny same. ~~DCS Defendants deny ¶ 191. In the bonding and attachment assessment of Brendi Ploof's bond with the child which occurred on January 4, 2018, it was not recommended by the evaluator, S. Bryce Bennet, Psy.D., that he child be placed in Brendi's care.~~

98.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 98 ~~¶ 192 of the Complaint~~ and therefore deny same.

99.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 99 and therefore deny same. ~~DCS Defendants deny ¶¶ 193-194~~

100.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 100 and therefore deny same. ~~DCS Defendants admit in part and deny in part ¶ 195. Dr. Thal did write a letter to Claudia Hoff on March 14, 2018 after being contacted by Ms. Szymkowski on January 30, 2018. The letter stated: "Ms. Szymkowski, who did not ask me to change anything in my report, expressed her concerns about the substandard condition of the grandmother's residence and the child's very poor overall condition when he came into care." The remaining allegations are denied.~~

101.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 101 and therefore deny same. ~~DCS Defendants deny ¶¶ 196-197.~~

102.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 102 and therefore deny same. ~~DCS Defendants admit in part and deny in part ¶ 198. Tafoya did observe the physical condition of Plaintiff's and Brendi's home when H.P. came into care; however, she served a temporary custody notice on January 12, 2017 due to admissions by Plaintiff of substance use and a positive drug test result for methamphetamines on December 21, 2016. The remaining allegations are denied.~~

103.   The allegations in ¶ 103 ~~199~~ are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations.

104.   DCS Defendants admit ¶ 104. ~~DCS Defendants deny ¶ 200~~

105.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 105 of the FAC and therefore deny same.

21

1   DCS Defendants admit in part and deny in part ¶ 201. The CSRA does state "[the] home
2   was free from any safety hazards", but that is not the sum total of the "conditions" in the
3   home. The remaining allegations are denied

4        106.    The allegations in ¶ 106 are legal conclusions. Therefore, no response is
5   necessary. To the extent that the allegations are intended to allege any liability or
6   wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations. DCS
7   Defendants deny ¶ 202.

8        107.    The allegations in ¶ 107 are legal conclusions. Therefore, no response is
9   necessary. To the extent that the allegations are intended to allege any liability or
10  wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations. DCS
11  Defendants are without information or knowledge sufficient to form a belief as to the
12  truth of the allegations in ¶ 203 of the FAC and therefore deny same.

13       108.    DCS Defendants are without information or knowledge sufficient to form
14  a belief as to the truth of the allegations in ¶ 108 and therefore deny same. The
15  allegations in ¶¶ 204-205 are legal conclusions. Therefore, no response is necessary. To
16  the extent that the allegations are intended to allege any liability or wrongdoing on the
17  part of DCS Defendants, DCS Defendants deny the allegations.

18       109.    DCS Defendants are without information or knowledge sufficient to form
19  a belief as to the truth of the allegations in ¶ 109 and therefore deny same. DCS
20  Defendants admit in part and deny in part ¶ 206. Tafoya did conduct a portion of the
21  investigation, but Szymkowski did continue to conduct the investigation after Tafoya
22  served the temporary custody notice. The remaining allegations are denied.

23       110.    The allegations in ¶ 110 are legal conclusions. Therefore, no response is
24  necessary. To the extent that the allegations are intended to allege any liability or
25  wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations. DCS
26  Defendants admit in party and deny in part ¶ 207. Tafoya did report that H.P. was
27  "appropriately dressed" but did note concerns in the home. The remaining allegations
28  are denied.

111.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 111 and therefore deny same. ~~DCS Defendants deny ¶ 208~~

112.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 112 therefore deny same. ~~DCS Defendants admit in part and deny in part ¶ 209. The TDM summary did note H.P. was "healthy" with "stable housing" but additionally noted: "Ms Ploof reports she does not have any concerns besides wanting her child to remain in the home. She admits to using methamphetamines one time. Maternal grandmother, Brandi Ploof reports that she saw Mr. Phillips putting a powder in Jessica's drink. DCS has concerns with Ms. Ploof's substance abuse. Ms. Ploof has admitted to using methamphetamines and marijuana. Ms. Ploof tested at a high level in her hair follicle for methamphetamines. DCS also reports a concern with Ms. Ploof's understanding of the situation. DSC has a concern that Hunter does not currently have DDD services which used to be in place." The remaining allegations are denied.~~

113.   DCS Defendants deny ¶ 113. ~~DCS Defendants deny ¶ 210~~

114.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 114 and therefore deny same. ~~The allegations in ¶¶ 212-213 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations.~~

115.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 115 ~~¶ 214 of the~~ ~~Complaint~~ and therefore deny same.

116.   Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 116 and therefore deny same. ~~The allegations in ¶¶ 215-217 are legal conclusions. Therefore, no response is necessary. To the extent~~

1    that the allegations are intended to allege any liability or wrongdoing on the part of DCS

2    Defendants, DCS Defendants deny the allegations

3        117.   DCS Defendants are without information or knowledge sufficient to form

4    a belief as to the truth of the allegations in ¶ 117 and therefore deny same. DCS

5    Defendants deny ¶ 218

6        118.   DCS Defendants deny ¶ 118. DCS Defendants admit in part and deny in

7    part ¶ 219. Dr. Thal did write a letter to Claudia Hoff on March 14, 2018 after being

8    contacted by Ms. Szymkowski on January 30, 2018 and raised a "second major point".

9    The remaining allegations are denied.

10       119.   DCS Defendants deny ¶ 119. DCS Defendants admit in part and deny in

11   part ¶¶ 220-221. Szymkowski did state an opinion that H.P. was "bonded". She also

12   discussed "the critically important relationship she believed Hunter had established with

13   his foster parents. Your predecessor was clearly concerned about the traumatic impact of

14   removing him from a secure placement where he was (A) bonded and (B) had made

15   significant progress." The remaining allegations are denied.

16       120.   DCS Defendants are without information or knowledge sufficient to form

17   a belief as to the truth of the allegations in ¶ 120 and therefore deny same. The

18   allegations in ¶ 222 are legal conclusions. Therefore, no response is necessary. To the

19   extent that the allegations are intended to allege any liability or wrongdoing on the part

20   of DCS Defendants, DCS Defendants deny the allegations.

21       121.   DCS Defendants are without information or knowledge sufficient to form

22   a belief as to the truth of the allegations in ¶ 121 and therefore deny same. DCS

23   Defendants admit in part and deny in part ¶ 223. Dr. Thal did not specifically mention

24   reviewing "additional reports" but his letter states: "I should note that during my

25   evaluation, Ms. [Brendi] Ploof confirmed that she had previously had substantial

26   caregiving responsibilities for her grandson, but she denied any neglect. The

27   grandmother's stated objective was to 'to help my daughter get her son back.'" The

28   remaining allegations are denied.

122.   DCS Defendants deny ¶ 122. ~~DCS Defendants admit in part and deny in part ¶ 224. Dr. Thal did ask Claudia Hoff to "shred the original report", but further states: "I advised Ms. Szymkowski that I would review my findings and consider drafting a follow up letter suggesting ways to address her concerns regarding the grandmother and the question of Hunter's best interest. I drafted such a letter within two days in anticipation of sending it to you because Ms. Szymkowski had advised me in our phone conversation that you were to be the new case manager. You emailed me on 2/1/18 and suggested, in lieu of a follow up letter, that I could simply make my changes to Ms. Ploof's evaluation report because you had not yet disclosed the report. I responded via email on 2/2/18 advising you that I would make any revisions directly to Brendi Ploof's report and re-issue the report to you. I also asked you to shred the original report so as to avoid any confusion. In any case, the revised Brendi Ploof report, which I released to y9ou on 2.7.17, represents my final and complete psychological evaluation of the grandmother." The remaining allegations are denied~~

123.   DCS Defendants deny ¶ 123. ~~DCS Defendants deny the allegations in paragraph ¶ 225 of the Complaint.~~

124.   DCS Defendants deny ¶ 124. ~~DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶¶ 226-229 of the Complaint and therefore deny same.~~

125.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 125 and therefore deny same. ~~DCS Defendants admit in part and deny in part ¶ 230. Dr. Thal did ask Claudia Hoff to "shred the original report", but further states: "I advised Ms. Szymkowski that I would review my findings and consider drafting a follow up letter suggesting ways to address her concerns regarding the grandmother and the question of Hunter's best interest. I drafted such a letter within two days in anticipation of sending it to you because Ms. Szymkowski had advised me in our phone conversation that you were to be the new case manager. You emailed me on 2/1/18 and suggested, in lieu of a follow up letter, that I~~

25

could simply make my changes to Ms. Ploof's evaluation report because you had not yet disclosed the report. I responded via email on 2/2/18 advising you that I would make any revisions directly to Brendi Ploof's report and re-issue the report to you. I also asked you to shred the original report so as to avoid any confusion. In any case, the revised Brendi Ploof report, which I released to y9ou on 2.7.17, represents my final and complete psychological evaluation of the grandmother." The remaining allegations are denied.

126.   DCS Defendants deny ¶ 126. DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 231 of the Complaint and therefore deny same.

127.   DCS Defendants deny ¶ 127. DCS Defendants admit in part and deny in part ¶ 232. Dr. Thal did ask Claudia Hoff to "shred the original report", but further states: "I advised Ms. Szymkowski that I would review my findings and consider drafting a follow up letter suggesting ways to address her concerns regarding the grandmother and the question of Hunter's best interest. I drafted such a letter within two days in anticipation of sending it to you because Ms. Szymkowski had advised me in our phone conversation that you were to be the new case manager. You emailed me on 2/1/18 and suggested, in lieu of a follow-up letter, that I could simply make my changes to Ms. Ploof's evaluation report because you had not yet disclosed the report. I responded via email on 2/2/18 advising you that I would make any revisions directly to Brendi Ploof's report and re-issue the report to you. I also asked you to shred the original report so as to avoid any confusion. In any case, the revised Brendi Ploof report, which I released to y9ou on 2.7.17, represents my final and complete psychological evaluation of the grandmother." The remaining allegations are denied

III.   AGENTS OF DCS CONTINUE TO VIOLATE THE LAW.

128.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 128 and therefore deny same. The allegations in ¶ 233 are legal conclusions. Therefore, no response is necessary. To the

1   extent that the allegations are intended to allege any liability or wrongdoing on the part
2   of DCS Defendants, DCS Defendants deny the allegations.

3        129.   DCS Defendants are without information or knowledge sufficient to form
4   a belief as to the truth of the allegations in ¶ 129 and therefore deny same. DCS
5   Defendants are without information or knowledge sufficient to form a belief as to the
6   truth of the allegations in ¶ 234 of the Complaint and therefore deny same.

7        130.   DCS Defendants are without information or knowledge sufficient to form
8   a belief as to the truth of the allegations in ¶ 130 and therefore deny same. DCS
9   Defendants admit ¶ 235.

10        131.   DCS Defendants are without information or knowledge sufficient to form
11   a belief as to the truth of the allegations in ¶ 131 and therefore deny same. DCS
12   Defendants admit in part and deny in part ¶ 236. Dr. Bennett did not conduct any
13   independent intellectual testing on Jessica, but relied on collateral information. The
14   remaining allegations are denied.

15        132.   DCS Defendants deny ¶ 132. DCS Defendants admit in part and deny in
16   part ¶ 237. Dr. Bennett did indicate: "Overall, Hunter appeared comfortable with both
17   Ms. Jessica and Ms. Ploof during their observations, they appeared relaxed and seemed
18   to enjoy each other's company." The report further states: "That said, records document
19   ongoing concerns for Ms. Jessica's ability to parent at a minimum capacity, and this
20   observation reiterates those concerns. The remaining allegations are denied.

21        133.   The allegations in ¶ 133 are legal conclusions. Therefore, no response is
22   necessary. To the extent that the allegations are intended to allege any liability or
23   wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations. DCS
24   Defendants admit in part and deny in part ¶ 238. The report does state "records suggest
25   that during the visits Brendi does some of the parenting…but there are also visits where
26   Jessica does these same things." The report further states: [H.P.] will require ongoing
27   support on several levels, and their current level of involvement in the case suggest that
28

1  neither of them comprehend the scope of his needs.   The remaining allegations are
2  denied.

3       134.   DCS Defendants are without information or knowledge sufficient to form
4  a belief as to the truth of the allegations in ¶ 134 and therefore deny same. Defendants
5  admit in part and deny in part ¶ 239. The report does suggest that Jessica and Brendi
6  provided appropriate verbal and physical affection and that H.P. would seek out Brendi
7  for support.   The report further states: "Overall it appears she [Jessica Ploof] has
8  implemented some of what she learned through services; however, she has not yet
9  learned enough to effectively parent [H.P.]…Regarding Ms. [Brendi] Ploof's ability to
10  parent, she was also able to identify things children need (i.e., love, support food);
11  however, she also seemed to lack understanding of [H.P.'s] medical needs beyond
12  developmental delays. The remaining allegations are denied.

13       135.   DCS Defendants are without information or knowledge sufficient to form
14  a belief as to the truth of the allegations in ¶ 135 and therefore deny same. DCS
15  Defendants admit in part and deny in part § 240. The report states that "Ms. [Brendi]
16  Ploof likely has the ability to parent H.P." However, it further states: "however, as noted
17  above, there is concern she may not be able to effectively parent H.P. and continue to
18  support Ms. Jessica." The remaining allegations are denied

19       136.   DCS Defendants deny ¶ 136. The allegations in ¶¶ 241-242 are legal
20  conclusions. Therefore, no response is necessary. To the extent that the allegations are
21  intended to allege any liability or wrongdoing on the part of DCS Defendants, DCS
22  Defendants deny the allegations.

23       137.   DCS Defendants are without information or knowledge sufficient to form
24  a belief as to the truth of the allegations in ¶ 137 and therefore deny same. DCS
25  Defendants deny ¶ 243

26       138.   DCS Defendants are without information or knowledge sufficient to form
27  a belief as to the truth of the allegations in ¶ 138 ¶¶ 244-245 of the Complaint and
28  therefore deny same.

139.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 139 and therefore deny same. ~~DCS Defendants deny the allegations in ¶¶ 246-247 of the Complaint~~

140.   DCS Defendants deny ¶ 140. ~~The allegations in ¶¶ 248-250 are legal conclusions. Therefore, no response is necessary.  To the extent that the allegations are intended to allege any liability or wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations.~~

141.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 141 and therefore deny same. ~~DCS Defendants admit ¶ 251~~

142.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 142 and therefore deny same. ~~The allegations in ¶¶ 252-255 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations~~

143.   DCS Defendants deny ¶ 143 of the FAC. ~~In response to ¶ 256, DCS Defendants reassert all prior admissions, denials and assertions as stated above as though fully set forth herein.~~

144.   DCS Defendants deny ¶ 144. ~~This allegation was dismissed (fn 1); therefore, no response from DCS Defendants is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of DCS Defendants, they deny the allegations in ¶¶ 257-280 of the Complaint.~~

145.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 145 and therefore deny same. ~~In response to ¶ 281, DCS Defendants reassert all prior admissions, denials and assertions as stated above as though fully set forth herein.~~

146.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 146 of and therefore deny same. ~~DCS Defendants deny ¶¶ 282-284~~

147.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 147 and therefore deny same. ~~The allegations in ¶¶ 285-288 of the Complaint are legal conclusions, and therefore no response is required. To the extent the allegations are intended to allege any form of liability or wrongdoing on the part of DCS Defendants, they deny the allegations.~~

148.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 148 and therefore deny same. ~~DCS Defendants deny ¶¶ 289-296~~

149.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 149 and therefore deny same. ~~In response to ¶ 297, DCS Defendants reassert all prior admissions, denials and assertions as stated above as though fully set forth herein.~~

150.   DCS Defendants deny ¶ 150. ~~DCS was dismissed as a party (fn 1); therefore, no response from DCS Defendants is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of DCS Defendants, they deny the allegations in ¶¶ 298-306 of the Complaint.~~

151   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 151 and therefore deny same. ~~In response to ¶ 307, DCS Defendants reassert all prior admissions, denials and assertions as stated above as though fully set forth herein.~~

152.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 152 and therefore deny same. ~~The allegations in ¶¶ 308-310 of the Complaint are legal conclusions, and therefore no~~

response is required. To the extent the allegations are intended to allege any form of liability or wrongdoing on the part of DCS Defendants, they deny the allegations.

153.   DCS Defendants deny ¶ 153. DCS Defendants deny ¶¶ 311-314 of the Complaint

154.   DCS Defendants deny ¶ 154. In response to ¶ 315, DCS Defendants reassert all prior admissions, denials and assertions as stated above as though fully set forth herein.

155.   DCS Defendants deny ¶ 155. The allegations in ¶¶ 316-317 of the Complaint are legal conclusions, and therefore no response is required. To the extent the allegations are intended to allege any form of liability or wrongdoing on the part of DCS Defendants, they deny the allegations.

156.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 156 and therefore deny same. DCS Defendants deny ¶¶ 318-322

157.   DCS Defendants deny ¶ 157. In response to ¶ 323, DCS Defendants reassert all prior admissions, denials and assertions as stated above as though fully set forth herein.

158.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 158 and therefore deny same. The allegations in ¶¶ 324-327 of the Complaint are legal conclusions, and therefore no response is required. To the extent the allegations are intended to allege any form of liability or wrongdoing on the part of DCS Defendants, they deny the allegations.

159.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 159 and therefore deny same. DCS Defendants deny ¶¶ 328-334

160.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 160 and therefore deny same. The allegations in ¶¶ 335-336 of the Complaint are legal conclusions, and therefore no

response is required. To the extent the allegations are intended to allege any form of liability or wrongdoing on the part of DCS Defendants, they deny the allegations

161.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 161 and therefore deny same. DCS Defendants deny ¶¶ 337-343

162.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 162 and therefore deny same. In response to ¶ 344, DCS Defendants reassert all prior admissions, denials and assertions as stated above as fully set forth herein

163.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 163 and therefore deny same. The allegations in ¶¶ 345-348 of the Complaint are legal conclusions, and therefore no response is required. To the extent the allegations are intended to allege any form of liability or wrongdoing on the part of DCS Defendants, they deny the allegations.

164.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 164 and therefore deny same. DCS Defendants deny ¶¶ 349-351

165.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 165 and therefore deny same. In response to ¶ 352, Defendants reassert all prior admissions, denials and assertions as stated fully above set forth herein

166.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 166 and therefore deny same. The allegations in ¶ 353 of the Complaint are legal conclusions, and therefore no response is required. To the extent the allegations are intended to allege any form of liability or wrongdoing on the part of DCS Defendants, they deny the allegations.

167.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 167 and therefore deny same. ~~DCS Defendants deny ¶¶ 354-356~~

168.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 168 and therefore deny same. ~~In response to ¶ 357, DCS Defendants reassert all prior admissions, denials and assertions as stated fully above set forth herein.~~

169.   DCS Defendants deny ¶ 169. ~~The allegations in ¶¶ 358-360 of the Complaint are legal conclusions, and therefore no response is required. To the extent the allegations are intended to allege any form of liability or wrongdoing on the part of DCS Defendants, they deny the allegations.~~

170.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 170 and therefore deny same. ~~DCS Defendants deny the allegations in ¶¶ 361-363.~~

171.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 171 and therefore deny same. ~~In response to ¶ 364, DCS Defendants reassert all prior admissions, denials and assertions as stated fully above set forth herein.~~

172.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 172 and therefore deny same. ~~The allegations contained in ¶¶ 365-367 of the Complaint pertain to Thal and are not directed at DCS Defendants; therefore no response is required. To the extent a response is required, DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶¶ 365-367 of the Complaint and therefore deny same.~~

173.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 173 and therefore deny same. ~~In response to~~

1   ¶ 368, DCS Defendants reassert all prior admissions, denials and assertions as stated
2   fully above set forth herein

3        174.   DCS Defendants are without information or knowledge sufficient to form
4   a belief as to the truth of the allegations in ¶ 174 and therefore deny same. The
5   allegations in ¶¶ 369-370 of the Complaint are legal conclusions, and therefore no
6   response is required. To the extent the allegations are intended to allege any form of
7   liability or wrongdoing on the part of DCS Defendants, they deny the allegations.

8        175.   DCS Defendants are without information or knowledge sufficient to form
9   a belief as to the truth of the allegations in ¶ 175 and therefore deny same. DCS
10  Defendants deny ¶¶ 371-379.

11       176.   DCS Defendants deny ¶ 176. In response to ¶ 380, DCS Defendants
12  reassert all prior admissions, denials and admissions as stated fully set forth herein.

13       177.   DCS Defendants are without information or knowledge sufficient to form
14  a belief as to the truth of the allegations in ¶ 177 and therefore deny same. The
15  allegations in ¶¶ 381-385 of the Complaint are legal conclusions, and therefore no
16  response is required. To the extent the allegations are intended to allege any form of
17  liability or wrongdoing on the part of DCS Defendants, they deny the allegations.

18       178.   DCS Defendants are without information or knowledge sufficient to form
19  a belief as to the truth of the allegations in ¶ 178 and therefore deny same. DCS
20  Defendants deny ¶¶ 386-395

21       179.   DCS Defendants are without information or knowledge sufficient to form
22  a belief as to the truth of the allegations in ¶ 179 and therefore deny same. In response to
23  ¶ 396, DCS Defendants reassert all prior admissions, denials and admissions as stated
24  fully set forth herein.

25       180.   DCS Defendants are without information or knowledge sufficient to form
26  a belief as to the truth of the allegations in ¶ 180 and therefore deny same. DCS
27  Defendants deny ¶¶ 397-400.

28

181.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 181 and therefore deny same. ~~The allegations in ¶ 401 of the Complaint are legal conclusions, and therefore no response is required. To the extent the allegations are intended to allege any form of liability or wrongdoing on the part of DCS Defendants, they deny the allegations.~~

182.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 182 and therefore deny same. ~~DCS Defendants deny ¶¶ 402-403.~~

183.   DCS Defendants deny ¶ 183. ~~In response to ¶ 404, DCS Defendants reassert all prior admissions, denials and admissions as stated fully set forth herein~~

184.   DCS Defendants deny ¶ 184. ~~DCS was dismissed as a party (fn 1); therefore, no response from DCS Defendants is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of DCS Defendants, they deny the allegations in ¶¶ 405-409 of the Complaint~~

185.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 185 and therefore deny same. ~~Defendants deny the allegations in ¶ 410 of the Complaint~~

186.   DCS Defendants deny ¶ 186. ~~DCS was dismissed as a party (fn 1); therefore, no response from DCS Defendants is necessary. To the extent a response is required, or to the extent the allegations are intended to allege any form of liability or wrongdoing on the part of DCS Defendants, they deny the allegations in ¶¶ 411-412 of the Complaint.~~

187.   DCS Defendants deny ¶ 187.

188.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 188 and therefore deny same.

189.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 189 and therefore deny same.

190.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 190 and therefore deny same.

191.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 191 and therefore deny same.

192.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 192 and therefore deny same.

193.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 193 and therefore deny same.

194.   DCS Defendants deny ¶ 194.

195.   DCS Defendants deny ¶ 195.

196.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 196 and therefore deny same.

197.   DCS Defendants deny ¶ 197.

198.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 198 and therefore deny same.

199.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 199 and therefore deny same.

200.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 200 and therefore deny same.

201.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 201 and therefore deny same.

202.   The allegations in ¶ 202 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations.

203.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 203 and therefore deny same.

204.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 204 and therefore deny same.

205.   DCS Defendants deny ¶ 205.

206.   DCS Defendants deny ¶ 206.

207.   DCS Defendants deny ¶ 207.

208.   DCS Defendants deny ¶ 208.

209.   DCS Defendants deny ¶ 209.

210.   DCS Defendants deny ¶ 210.

211.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 211 and therefore deny same.

212.   DCS Defendants deny ¶ 212.

213.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 213 and therefore deny same.

214.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 214 and therefore deny same.

215.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 215 and therefore deny same.

216.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 216 of the FAC and therefore deny same.

217.   DCS Defendants deny ¶ 217.

218.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 218 and therefore deny same.

219.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 219 and therefore deny same.

220.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 220 and therefore deny same.

221.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 221 and therefore deny same.

222.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 222 and therefore deny same.

223.    DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 223 and therefore deny same.

224.    DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 224 and therefore deny same.

225.    DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 225 and therefore deny same.

226.    DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 226 and therefore deny same.

227.    DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 227 and therefore deny same.

228.    DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 228 and therefore deny same.

229.    DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 229 and therefore deny same.

230.    DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 230 and therefore deny same.

231.    DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 231 and therefore deny same.

232.    DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 232 and therefore deny same.

233.    DCS Defendants deny ¶ 233.

234.    DCS Defendants deny ¶ 234.

235.    DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 235 and therefore deny same.

236.    DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 236 and therefore deny same.

237.    DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 237 and therefore deny same.

238.    The allegations in ¶ 238 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations.

239.    The allegations in ¶ 239 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations.

240.    The allegations in ¶ 240 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations.

241.    The allegations in ¶ 241 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations.

242.    The allegations in ¶ 242 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations.

243.    The allegations in ¶ 242 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations.

244.    DCS Defendants deny ¶ 244.

## CLAIMS

## CLAIM FOUR

**(Under 42 U.S.C. § 1983, Defendant Szymkowski is liable for violating Jessica's right to Due Process under the Fourth and Fourteenth Amendments for making misrepresentations and/or omissions to the court which were deliberate falsehoods and/or which demonstrated a reckless disregard for the truth.)**

245.    DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 245 of and therefore deny same.

246.    The allegations in ¶ 246 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or

wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations. 247.

The allegations in ¶ 247 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations.

248.   The allegations in ¶ 248 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations.

249.   DCS Defendants deny ¶ 249.

250.   DCS Defendants deny ¶ 250.

251.   DCS Defendants deny ¶ 251.

252.   DCS Defendants deny ¶ 252.

## CLAIM FIVE

**(Under 42 U.S.C. § 1983, Szymkowski, Hoff, and Thal are liable for conspiring to violate Jessica's right to Due Process under the Fourth and Fourteenth Amendments to be free from misrepresentations and/or omissions to the court which were deliberate falsehoods and/or which demonstrated a reckless disregard for the truth.)**

253.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 253 and therefore deny same.

254.   The allegations in ¶ 254 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations. 255.

The allegations in ¶ 255 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations.

256.   DCS Defendants deny ¶ 256.

257.   DCS Defendants deny ¶ 257.

258.   DCS Defendants deny ¶ 258.

259.   DCS Defendants deny ¶ 259.

260.    DCS Defendants deny ¶ 260.

**CLAIM SIX**

**(Under 42 U.S.C. § 1983, Defendants Tafoya, Greenway, Szymkowski, Breeding, and Hoff are liable for violating Jessica's right to Due Process under the Fourth and Fourteenth Amendments for failing to make reasonable efforts to preserve the family relationship.)**

261.    DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 261 and therefore deny same.

262.    The allegations in ¶ 262 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations.

263.    The allegations in ¶ 263 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations.

264.    The allegations in ¶ 264 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations.

265.    The allegations in ¶ 265 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations.

266.    DCS Defendants deny ¶ 266.

267.    DCS Defendants deny ¶ 267.

268.    DCS Defendants deny ¶ 268.

269.    DCS Defendants deny ¶ 269.

270.    DCS Defendants deny ¶ 270.

271.    DCS Defendants deny ¶ 271.

272.    DCS Defendants deny ¶ 272.

273.   The allegations in ¶ 273 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations.

274.   The allegations in ¶ 274 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations.

275.   DCS Defendants deny ¶ 275.

276.   DCS Defendants deny ¶ 276.

277.   DCS Defendants deny ¶ 277.

278.   DCS Defendants deny ¶ 278.

279.   DCS Defendants deny ¶ 279.

280.   DCS Defendants deny ¶ 280.

281.   DCS Defendants deny ¶ 281.

**CLAIM SEVEN**

**(Under 42 U.S.C. § 1983, Defendants Tafoya, Greenway, Szymkowski, Breeding, and Hoff are liable for violating Jessica's Due Process under the Fourteenth Amendment to the U.S. Constitution to make medical decisions for H.P.)**

282.   DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 282 and therefore deny same.

283.   The allegations in ¶ 283 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations.

284.   The allegations in ¶ 284 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations.

285.   The allegations in ¶ 285 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations.

286.    The allegations in ¶ 286 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations.

287.    DCS Defendants deny ¶ 287.

288.    DCS Defendants deny ¶ 288.

289.    DCS Defendants deny ¶ 289.

### CLAIM EIGHT

**(Under 42 U.S.C. § 1983, Defendants Tafoya, Greenway, Szymkowski, Breeding, and Hoff are liable for violating Jessica's Due Process Right under the Fourteenth Amendment to the U.S. Constitution to be with H.P. during medical treatment.)**

290.    DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 290 and therefore deny same.

291.    The allegations in ¶ 291 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations.

292.    DCS Defendants deny ¶ 292.

293.    DCS Defendants deny ¶ 293.

294.    DCS Defendants deny ¶ 294.

### CLAIM NINE

**(Under 42 U.S.C. § 1983, Defendants Tafoya, Greenway, Szymkowski, and Breeding are liable for violating Jessica's Due Process Right under the Fourteenth Amendment to the U.S. Constitution to make educational decisions for H.P.)**

295.    DCS Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 295 and therefore deny same.

296.    The allegations in ¶ 296 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations.

297.   The allegations in ¶ 297 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations.

298.   The allegations in ¶ 298 are legal conclusions. Therefore, no response is necessary. To the extent that the allegations are intended to allege any liability or wrongdoing on the part of DCS Defendants, DCS Defendants deny the allegations.

299.   DCS Defendants deny ¶ 299.

300.   DCS Defendants deny ¶ 300.

301.   DCS Defendants deny ¶ 301.

## GENERAL DENIAL

DCS Defendants deny each and every allegation of the Complaint that is not specifically admitted herein.

## AFFIRMATIVE DEFENSES

For its separate and additional affirmative defenses, DCS Defendants, without conceding that it bears the burden of proof or persuasion as to any of them, alleges as follows: As for its Affirmative Defenses, the DCS Defendants assert the following:

1.     Plaintiff's claims are barred by principles of absolute immunity.

2.     Plaintiff's claims are barred by principles of qualified immunity.

3.     Plaintiff's claims are barred by the immunities otherwise provided by A.R.S. §§ 12-820.01, -820.02, -820.04,-820.05, and 12-821.01.

4.     Plaintiff fails to state claims upon which relief can be granted.

5.     Plaintiff fails, as a matter of law, to allege sufficient affirmative and individual involvement of each of the DCS Defendants.

6.     At all times pertinent to this action, DCS Defendants acted in good faith and in the belief that their actions were in accordance with the Constitution and law of the United State of America.

7.     Plaintiff's claims are subject to principles of party and non-party comparative fault pursuant to A.R.S. §§ 12-2505 through -2506.

8.     Plaintiff's claims are barred by the lack of duty.

9.     Plaintiff's claims are barred by the lack of actual and proximate cause.

10.     The doctrine of *Respondeat Superior* liability does not apply in a civil rights action.

11.     Plaintiff fails to state a claim for supervisory liability.

12.     If Plaintiff suffered damages, which DCS Defendants dispute, such damages resulted from the actions of others or from Plaintiff's own conduct, for which DCS Defendants are not responsible.

13.     Plaintiff is barred from any recovery in this action and estopped from seeking the requested relief and recovery by her own acts, omissions, and course of conduct based on issue and/or claim preclusion.

14.     Plaintiff fails to state a claim for actual, compensatory, special, or punitive damages, or prejudgment interest.

15.     Plaintiff has failed to mitigate damages, if any.

16.     Plaintiff waived any and all rights she had against DCS Defendants by her own acts, omission, and course of conduct.

17.     The State of Arizona is entitled to immunity under the Eleventh Amendment and Plaintiff may not sue the State of Arizona here.

~~Former Directors Faust and McKay are not the proper Defendants as they are no longer the Director of DCS.~~

~~DCS is a non-jural entity lacking the ability to sue or be sued.~~

18.~~20.~~ Plaintiff failed to allege the violation of any cognizable right due to her conclusory allegations which fail to meet Rule 8 and Rule 9(b) pleading standards under the law of the Ninth Circuit. To the extent that Plaintiff attempts to allege judicial deception, she failed under Rule 9(b) and the applicable pleading standards.

19.~~21.~~ Policy or statutory violations do not give rise to a claim under 42 U.S.C. § 1983. Plaintiff must show a violation of a clearly established constitutional right by an individual actor. 42 U.S.C. § 1983.

20.~~22.~~ Discovery may reveal additional supplemental answers to the Complaint that would support additional affirmative defenses available to, but currently unknown by the DCS Defendants, which may include defenses set forth in Fed. R. Civ. P. 8 and 12. DCS Defendants hereby reserve the right to amend the Answer and assert additional defenses and any other matter constituting an avoidance or affirmative defense upon discovery of the same.

## DEMAND FOR JURY TRIAL

The DCS Defendants hereby demand a jury trial on all triable issues herein.

WHEREFORE; the DCS Defendants, having fully answered Plaintiff's Complaint, demand judgment as follows:

1.      That Plaintiff's Complaint against DCS Defendants be dismissed with prejudice and that Plaintiff take nothing thereon;

2.      That DCS Defendants be awarded its costs pursuant to A.R.S. § 12-341, and as otherwise provided by law;

3.      For interest on all amounts awarded at the highest legal rate from the date of judgment until paid in full; and

For such other and further relief that this Court deems just and proper.

RESPECTFULLY SUBMITTED  this _____ day of _____, 2024.

KRISTIN K. MAYES
ATTORNEY GENERAL


/s/_____
Julie M. Rhodes
Deborah Garner
~~Jennifer J. Sanders~~
Assistant Attorneys General
*Attorneys for DCS Defendants*

46

1

**CERTIFICATE OF SERVICE**

2

3

4

I certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following, if CM/ECF registrants, and mailed a copy of same to any non-registrants, this _____ day of _____, 2024:

5

6

7

8

9

Thomas A. Connelly, Esq.
Robert T. Mills, Esq.
Sean A. Woods, Esq.
MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
*Attorneys for Plaintiff*

10

11

12

13

DeeAn Gillespie Strub, Esq.
Jenny D. Jansch, Esq.
GILLESPIE, SHIELDS & TAYLOR
7319 North 16th Street
Phoenix, Arizona  85020
*Attorneys for Plaintiff*

14

15

16

17

Jeffrey S. Hunter, Esq.
WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC
One North Central Avenue, Suite 900
Phoenix, Arizona 85004
*Attorneys for Defendant Thal*

18

19

/s/ _____
LMS20-0389/G202020721-1/#12098342

20

21

22

23

24

25

26

27

28

47