# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Jesscia Ploof, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>State of Arizona, et *al.*,<br><br>　　　　　　Defendants. | Case No.: 2:21-cv-00853-JJT-PHX<br><br>**ORDER EXTENDING SPECIFIC DEADLINES**<br><br>(Dkts. 45 & 74) |

Before the Court is the parties' Fourth Stipulation to Extend Specific Deadlines from this Court's Scheduling Orders dated March 22, 2024 (Dkt. 45) and January 22, 2025 (Dkt. 74), with good cause appearing,

**IT IS HEREBY ORDERED** as follows:

1. Initial Expert Disclosures shall be exchanged by ***June 20, 2025.***

2. Rebuttal Expert Disclosures shall be exchanged by ***July 21, 2025.***

3. Fact discovery shall be completed by ***August 30, 2025.***

4. All discovery must be completed by ***August 30, 2025***, including deposition of parties, witnesses and experts; answers to interrogatories; and supplements to interrogatory answers. This deadline does not alter the duties and obligations imposed in the parties by Fed. R. Civ. P. 26(e). Each party shall conduct discovery in an expeditious manner so as to complete any and all discovery by the deadline. "Complete" includes the

time to propound discovery, the time to answer all propounded discovery, the time for the Court to resolve all discovery disputes, and the time for the parties to conduct any final discovery necessitated by the Court's ruling on any discovery disputes.  Thus, the Court will view with disfavor any "last minute" or "eleventh hour" discovery activity that leaves insufficient time to undertake additional discovery and requires an extension of the discovery deadline, and, in such an instance, the Court may deny a requested extension, exclude evidence, or impose other sanctions.

5. The parties must complete all pre-trial disclosure required under Fed. R. Civ. P. 26(a)(3), of all exhibits to be used and all witnesses to be called at trial, on or before *August 15, 2025,* so that the parties can complete meaningful discovery necessitated by those disclosures before the discovery deadline contained in Fed. R. Civ. P. 26(a)(3). Therefore, (1) failure to timely supplement responses and disclosures made under Fed. R. Civ. P. 26(a), including witnesses and exhibits for trial; (2) failure to timely supplement responses to any valid discovery requests; and (3) attempts to include witnessed or exhibits in the Joint proposed Final Pretrial order that were not previously disclosed in a timely manner may result in the exclusion of such evidence at trial or the imposition of other sanctions pursuant to Fed. R. Civ. P. 37, the Local Rules of the District Court, and the inherent power of the Court.

6. Mediation is scheduled for *July 1, 2025*. Good faith settlement discussions are continuing.

7. All dispositive motions, **including *Daubert* motions**, shall be filed not later than **September 29, 2025.**