Jeffrey S. Hunter, Esq.
Arizona Bar No. 024426
WEINBERG, WHEELER, HUDGINS,
  GUNN & DIAL, LLC
1 North Central Avenue, Suite 900
Phoenix, Arizona 85004
Telephone: (602) 256-3015
Facsimile: (602) 307-5853
*Counsel for Defendant James Thal*

jhunter@wwhgd.com
docketing-PHX@wwhgd.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Ploof, an individual,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>State of Arizona, a government entity; Arizona Department of Child Safety, governmental entity; Meagan Tafoya, individually and as an employee with the State of Arizona Department of Child Safety and John Doe Tafoya, her spouse; Sarah Greenway, individually and as an employee with the State of Arizona Department of Child Safety and John Doe Greenway, her spouse; Paige Szymkowski, individually and as an employee with the State of Arizona Department of Child Safety, and John Doe Szymkowski, her spouse; Claudia Hoff, individually and as an employee with the State of Arizona Department of Child Safety, and John Doe Hoff, her spouse; Nick Breeding, individually and as an employee with the State of Arizona Department of Child Safety, and Jane Doe Breeding, his spouse; Gregory Mckay, as former Director, Arizona Department of Child Safety; Michael Faust, as Director, Arizona Department of Child Safety; James Thal, individually and as a services provider for the State of Arizona Department of Child Safety and Jane Doe Thal, his spouse, John and Jane Does 1-5; and Black Entities 1-5,<br><br>　　　　　　　　Defendants. | Case No.: CV-21-00853-PHX-JJT<br><br>**DEFENDANT JAMES THAL'S STATEMENT OF FACTS IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT** |

Defendant Jame Thal, by and through counsel undersigned and pursuant to Federal Rules of Civil Procedure 56, submits his Statement of Facts (SOF) in support of his Motion for Summary Judgment.

1. Plaintiff does not allege that the aforementioned individuals conspired to deceive the court by fabricating a report of Dr. Thal's evaluation of Plaintiff in any way, shape or form. **See Exhibit A – [Doc. 1-3] Complaint at Claim Five and ¶ 318.**

2. Plaintiff has an intellectual disability. **Exhibit A – [Doc. 1-3] Complaint. p. 10, ¶ 21.**

3. Plaintiff has an intellectual disability. **See Exhibit A – [Doc. No. 1-3 Complaint, p. 10 at ¶ 21; See also Exhibit B – Arizona Court of Appeals Opinion dated March 18, 2021 in** *Jessica P. v. Dep't of Child Safety*, **251 Ariz. 34, 37, ¶ 3 (App. 2021)**.

4. She was the biological parent of a boy, H. P., who was born in 2014. **See Exhibit A at ¶ 20**.

5. Plaintiff and H. P. resided in Brendi's, Plaintiff's mother, home at the time of the reported incidents. **See Exhibit A at ¶ 65**.

6. DCS removed H. P. from Plaintiff's custody on January 12, 2017, and H. P. was placed in foster care. **See Exhibit A at ¶ 107 & ¶ 139**.

7. At the time of removal, DCS's goal was reunification of H. P. with Plaintiff. **See Exhibit C – Deposition of Claudia Hoff, p. 218, l. 4-14.**

8. Upon removal, the State of Arizona filed the appropriate Petition with the Maricopa County Superior Court. **See Exhibit D - Dependency Petition.**

9. At all times thereafter, the Dependency proceeded under the jurisdiction of the Maricopa County Superior Court. *Id.*

10. On August 14, 2018 DCS determined dependency was not a goal and filed a Petition for Severance of Plaintiff's parental rights. S**ee Exhibit E – DCS's Motion for Termination of Parent-Child Relationship.**

11. The Juvenile Court, after trial severed Plaintiff's parental rights to H. P. **See Exhibit F – Order terminating Parental Rights of Mother as to H. P. dated July 30, 2019 and filed on August 2, 2019).**

12. & 13. At the request of DCS, Dr. Thal performed two psychological evaluations of Plaintiff. The first evaluation was conducted on July 18, 2017 and the second evaluation was conducted on October 10, 2018. **See Exhibit G - Dr. Thal's psychological report of Plaintiff dated July 18, 2017 and Exhibit H – Dr. Thal's second psychological report of Plaintiff dated October 10, 2018.**

14. In this evaluation, Dr. Thal determined that Plaintiff's IQ is 65, placing her in the intellectually disabled range. *Id.*

15. Given Plaintiff's intellectual disability, Dr. Thal opined that it is "exceedingly difficult for [her] to acquire, understand, retain, and implement basic parenting knowledge and skills." *Id.*

16. He believed that even with services, Plaintiff would be unlikely to achieve a minimally adequate parenting level. *Id.*

17. Dr. Thal further opined that H. P. could not be safely returned to Plaintiff's sole custody, then or in the foreseeable future, because he would be at risk in her care. *Id.*

18. Dr. Thal concluded that Plaintiff's prognosis for demonstrating minimally adequate parenting skills in the foreseeable future was poor. *Id.*

19. Nonetheless, Dr. Thal's report stated the goal of reunification of the family and identified the possibility that despite Plaintiff's challenges, she could serve in the capacity of a co-parent or assistant to a fully qualified caregiver. *Id.*

20. Dr. Thal's opinions remained the same after his second evaluation. **See Exhibit H.**

21. & 22. At the request of DCS, Dr. Bryce Bennett ("Dr. Bennett") conducted a bonding assessment of Plaintiff, Brendi, H. P., and his foster family on June 18, 2018 and November 9, 2018. **See Exhibit I, Dr. Bennett's report dated June 18, 2018 and Exhibit J, Dr. Bennett's report dated November 9, 2018**.

23. Dr. Bennett concluded Plaintiff did not have the ability to meet his special needs. *Id.*

24. Dr. Lee Underwood ("Dr. Underwood"), a psychologist retained by Plaintiff, conducted a psychological evaluation of Plaintiff on April 19, 2019. **See Exhibit K**.

25. Dr. Underwood also did not recommend that H. P. be returned to Plaintiff's sole care. *Id.*

26. During the Juvenile Court Severance Trial, Plaintiff filed an Amended Motion for Appointment of a Permanent Guardian of Minor Child on January 11, 2019, wherein she admits that she is unable to parent H. P. alone, and requests that the Juvenile Court appoint Brendi as the guardian. **See Exhibit L, Amended Motion for Appointment of Permanent Guardian of Minor Child.**

27. Her motion reads, in pertinent part: "The Department has made reasonable efforts to reunite Mother with the minor child. Reunification of the minor child and Mother is not in the minor child's best interest. Mother is unable to properly care for the minor child without the assistance of Maternal Grandmother." *Id.*

28. On July 30, 2019, the Maricopa County Juvenile Court held by a preponderance of the evidence that it would be in H.P.'s best interest to terminate Plaintiff's parental rights. **See Exhibit F – Order terminating Parental Rights of Mother as to H. P. dated July 30, 2019 and filed on August 2, 2019).**

29. The Court reasoned that "every professional who examined [Plaintiff] concluded that she is not capable of parenting [H. P.] on her own." *Id.*

30. The Court held that Plaintiff has been unable to rise to the level of minimally adequate parenting skills. *Id.*

31. Plaintiff appealed and the Arizona Court of Appeals affirmed the Juvenile Court's order severing her parental rights. **See Exhibit M – Court of Appeals Decision affirming termination of parental rights dated July 28, 2020.**

32. DCS requested that Dr. Thal perform psychological evaluations of Brendi. Dr. Thal's first evaluation, conducted on January 4, 2018 concluded that "[t]he prognosis

1 that [Brendi] will be able to demonstrate minimally adequate caregiving skills to [H. P.] in the foreseeable future is seen as favorable." **See Exhibit N – Dr. Thal's first evaluation of Brendi Ploof dated January 4, 2018.**

33. This report was forwarded to Paige Szymkowski (now known as "Ms. Wooldridge"), a DCS caseworker. **See Exhibit O – Deposition of James Thal, p. 224, l. 23 to p. 225, l. 10; Exhibit P – Deposition of Paige (Szymkowski) Wooldridge, p. 159, ll. 3-20**.

34. Subsequently, on approximately January 30, 2018, there was a conference call between Dr. Thal, Ms. Wooldridge, and based upon deposition testimony, potentially Ms. Hoff, a DCS caseworker, to discuss his report and recommendations at which time Ms. Wooldridge conveyed information she believed was important that Dr. Thal consider in his assessment of his evaluation of Brendi. **See Exhibit C – Deposition of Claudia Hoff, p. 137, l. 16 – p. 138, l. 2 and Exhibit P – Deposition of Paige (Szymkowski) Wooldridge, p. 171, ll. 1-5; p. 177, ll. 9-17.**

35. Ms. Wooldridge wanted to ensure that Dr. Thal had all the information about the case in order to make a fully informed recommendation. **Exhibit P – Deposition of Paige (Szymkowski) Wooldridge, p. 167, l. 18 to p. 168, l. 8.**

36. She did not ask Dr. Thal to change his report. **Exhibit P – Deposition of Paige (Szymkowski) Wooldridge, p. 175, ll. 6-14; p. 187, l. 23 to p. 188, l. 1; p. 195, ll. 19-25; p. 224, l. 22 to p. 225, l. 17.**

37. Ms. Wooldridge testified that she only had one conversation with Dr. Thal, and at no time did she and Dr. Thal enter into an agreement to deprive Plaintiff of her parental rights. **Exhibit P – Deposition of Paige (Szymkowski) Wooldridge, p. 223, l. 23 to page 224, l. 9.**

38. She also testified that she did not request that Dr. Thal come to any conclusion and she did not request that he change his report or opinions. **Exhibit P – Deposition of Paige (Szymkowski) Wooldridge, p. 224, l. 10 to p. 225, l. 2.**

39. She further testified that they did not take any acts to prevent Brendi from obtaining guardianship. **Exhibit P – Deposition of Paige (Szymkowski) Wooldridge, p. 225, ll. 14-17.**

40. Ms. Hoff testified in her deposition that she believed since Dr. Thal did not have contact with Plaintiff and Brendi like case workers do, he would not know of any particular detail unless it was noted to him. **See Exhibit C – Deposition of Claudia Hoff, p. 132, ll. 19-22.**

41. She also believed that Dr. Thal did not understand that when Plaintiff lived with Brendi, the child was not getting the services he needed, that he potentially had epilepsy, and that Brendi had somewhat of an anger problem. **See Exhibit C – Deposition of Claudia Hoff, p. 132, ll. 23 to p. 133, l. 10.**

42. She testified that she did not direct Dr. Thal to change his report and that her only expectation was that he consider the information and decide for himself what he does with it, if anything at all. **See Exhibit C – Deposition of Claudia Hoff, p. 212, ll. 5-25.**

43. She also testified that the conversation did not involve severing Plaintiff's parental rights, as the plan was still reunification. **See Exhibit C – Deposition of Claudia Hoff, p. 218, l. 4 to p. 219, l. 4.**

44. Dr. Thal revised his report on February 7, 2018. **See Exhibit Q – Dr. Thal's revised report dated January 4, 2018;  See Exhibit R – Dr. Thal's March 14, 2018 letter to DCS noting that he sent his revised report on February 7, 2018**.

45. Dr. Thal's revised report still concluded that "the prognosis that [Brendi] will be able to demonstrate minimally adequate caregiving skills to [H. P.] in the foreseeable future is seen as favorable…" however, he added that precaution: "…provided that she can maintain a clean and hygienic home environment." **See Exhibit Q.**

46. He recommended that a bonding/best interest evaluation be performed that includes Plaintiff, Brendi, H. P., and his foster parents. *Id.*

47. To emphasize, in neither of Dr. Thal's reports of Brendi's first evaluation did he ever conclude that Brendi would not be an appropriate guardian. **See Exhibit N, Exhibit Q, Exhibit S -  Dr. Thal's Testimony at the Severance Trial dated February**

**21, 2019; and Exhibit T – Dr. Thal's Testimony at the Contested Severance Trial dated March 6, 2019, p. 93, ll**. **5-25**.

48. He did not change his report at the request of Ms. Wooldridge or Ms. Hoff. Dr. Thal testified that he made the changes in his first report of Brendi's evaluation after the call because he began to look at early reports and findings again, not because there was anything persuasive that the case manager said. **See Exhibit N, Exhibit Q, Exhibit S and Exhibit T**.

49. When Dr. Thal submitted this revised report on February 7, 2018, he asked Ms. Hoff by email to "shred" the first report, to which she agreed. **See Exhibit C - Claudia Hoff's Deposition Transcript, p. 150, ll. 14-21, p. 153, ll. 6-9 and Exhibit P – Deposition of Paige (Szymkowski) Wooldridge, p. 224, l. 10 to p. 225, l. 2.**

50. However, that first report, along with the revised report, was not shredded and was in fact disclosed to Plaintiff's attorney, the court appointed attorney for H. P., the attorney representing the State of Arizona, as well as the Maricopa County Juvenile Court which was overseeing the Dependency Action. **See Exhibit C - Claudia Hoff's Deposition Transcript, p. 213, ll. 5-9, p. 213, l. 23- p. 215, l. 8**.

51. In the Dependency Action in the Juvenile Court, the Court requested that Dr. Thal provide an explanation for the revision of his report regarding his evaluation of Brendi wherein he added a recommendation of a bonding evaluation. **See Exhibit R – Dr. Thal's March 14, 2018 letter to DCS noting that he sent his revised report on February 7, 2018**; **Exhibit T – Dr. Thal's Testimony at the Contested Severance Trial dated March 6, 2019, p. 66, l. 9 – 67, l. 4; p. 88, l. 2 to p. 89, l. 17; See Exhibit C – Deposition of Claudia Hoff, p. 215, l. 9 to p. 216, l. 14.**

52. In response to the Juvenile Court's request, Dr. Thal authored a letter dated March 14, 2018 which was provided to the Superior Court. **See Exhibit R.**

53. In this letter, Dr. Thal explained that Ms. Wooldridge did not ask him to change anything in his report but expressed her concerns regarding the substandard condition of Brendi's home, the child's poor overall health, and neglect that occurred at least part of the time under Brendi's care. ***Id.***

54. Dr. Thal further explained that Ms. Wooldridge expressed concern regarding the impact of removing H. P. from his foster placement after H. P. had bonded with his foster parents and made significant progress. *Id.*

55. Dr. Thal explained that he asked his original report be shredded so as to avoid any confusion. *Id.*

56. Dr. Thal further testified at a hearing and the Severance Trial in Maricopa County Juvenile Court regarding this issue, his evaluations, opinions and recommendations. **Exhibit S - Dr. Thal's Testimony at the Severance Trial dated February 21, 2019; and Exhibit T – Dr. Thal's Testimony at the Contested Severance Trial dated March 6, 2019**.

57. On January 4, 2019, Dr. Thal performed a second evaluation of Brendi. **See Exhibit U – Dr. Thal's second evaluation of Brendi Ploof dated January 4, 2019**.

58. In his report for this second evaluation, he did not recommend that H. P. be placed with Brendi. *Id.*

59. Dr. Bennett based on his bonding assessments concluded that Brendi would not be an appropriate guardian to H. P. and that it would be in H. P.'s best interest to stay with his foster parents. **See Exhibit I and Exhibit J**.

60. Notwithstanding Plaintiff's Amended Motion for Appointment of a Permanent Guardian of Minor Child filed in Juvenile Court on January 11, 2019 requesting that it appoint Brendi as guardian, the Juvenile Court denied the motion, holding that Brendi would not be an appropriate guardian and that it was not in the best interests of the child to be placed in her care. **See Exhibit F.**

61. Dr. DiTomasso, expert psychologist retained by Defendant Thal, opined that Dr. Thal's opinions and recommendations regarding Plaintiff and Brendi Ploof were appropriate. **See Exhibit V – Michael J. DiTomasso, Ph.D.'s expert report; See Exhibit W – Michael J. DiTomasso, Ph.D.'s expert rebuttal report.**

62. Additionally, Ms. Wooldridge and Ms. Hoff's deposition testimony were consistent in that they both testified that they did not direct Dr. Thal to revise his report, and it was not even their expectation that he did. **See Exhibit C – Deposition of Claudia**

**Hoff, p. 212, ll. 5-25 and Exhibit P – Deposition of Paige (Szymkowski) Wooldridge, p. 224, l. 10 to p. 225, l. 2.**

63. At this point, their goal was still reunification of Plaintiff with the child, not severance of her parental rights. **See Exhibit C – Deposition of Claudia Hoff, p. 218, l. 4-14.**

64. Addressing the state law claims which were remanded by this Court to the Maricopa County Superior Court, Summary Judgment. **See Exhibit X – Order dated October 26, 2022 granting Defendant Thal's Motion for Judgment.**

Respectfully submitted this 23rd day of January, 2026.

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

By *s/ Jeffrey S. Hunter*
Jeffrey S. Hunter, Esq.
1 North Central Avenue, Suite 900
Phoenix, Arizona 85004
*Counsel for Defendant James Thal*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of January, 2026, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmitted a Notice of Electronic Filing to the following CM/ECF participants:

Thomas A. Connelly
Robert T. Mills
Sean A. Woods
Mills + Woods Law PLLC
5055 North 12th Street, Ste. 101
Phoenix, AZ 85014
tconnelly@millsandwoods.com
rmills@millsandwoods.com
swoods@millsandwoods.com

DeeAn Gillespie Strub
Mark Shields
Gillespie, Shields, & Taylor
7319 N. 16th Street
Phoenix, AZ 85020
dgillespie@gillaw.com
kreeves@gillaw.com

*Attorneys for Plaintiff*

Deborah Garner
Assistant Attorney General
2005 N. Central Avenue
Phoenix, AZ 85004
*Attorneys for State Defendants*
julie.rhodes@azag.gov
deborah.garner@azag.gov


By *s/ Connie Traslavina*