IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Ploof,<br><br>Plaintiff,<br><br>v.<br><br>State of Arizona, *et al.*,<br><br>Defendants. | No. CV-21-00853-PHX-JJT<br><br>**ORDER** |

    At issue are Department of Child Safety and Defendants Tafoya, Greenway, Szymkowski, Hoff, and Breeding's ("DCS Defendants") Motion to File Exhibits Under Seal (Doc. 105) and Defendant James Thal's Motion to File Exhibits Under Seal (Doc. 111), wherein they request that several exhibits to their respective motions for summary judgment[1] be sealed. For the reasons below, the Court will grant in part and deny in part the Motions to Seal.

    In the Ninth Circuit, courts "start with a strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the historical right of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447

---

[1] DCS Defendants request that their Exhibits 1–24 and 27–37 be sealed, which are currently lodged at docket entry 108. As for Defendant Thal, he requests his Exhibits B–W be sealed, which are currently lodged at docket entry 112.

F.3d 1172, 1178–79 (9th Cir. 2006). Where a document is "more than tangentially related to the merits" of a case, the party seeking to seal the document must demonstrate "compelling reasons to keep the documents under seal." *Ctr. for Auto Safety*, 809 F.3d at 1103. Undoubtedly, Defendants' respective summary judgment motion and its exhibits are more than tangentially related to the merits of this matter, and Defendants must thus demonstrate compelling reasons to justify keeping the documents under seal.

In their respective Motions to Seal, Defendants all argue that the exhibits contain sensitive information related to the underlying dependency matter and, pursuant to Arizona state law, are regarded as confidential. (Doc 105 at 2; Doc. 111 at 2.) "Although state laws keeping child-protective case records and proceedings private do not govern civil rights cases in federal court, permitting parties to import confidential documents into federal court and thereby make them public would seriously undermine the state's policy." *Kitaj v. Handel*, No. CV-22-00463-TUC-JCH, 2026 LX 51594, at *5 (D. Ariz. Jan. 6, 2026) (citation modified). "Accordingly, such state laws provide compelling reasons to grant a motion to seal in a related case brought in federal court." *Id*. (citation modified); *see Demaree v. Pederson*, 887 F.3d 870, 885 (9th Cir. 2018) (finding district court properly sealed documents in compliance with Arizona state law); *Crockford v. Clark Cnty. Dep't of Fam. Servs.*, No. 2:25-CV-00917-JAD-MDC, 2025 U.S. Dist. LEXIS 229069, at *14 (D. Nev. Nov. 21, 2025) ("[State law] requirements can provide compelling reasons to consider whether certain documents should be sealed.").

First, Arizona law provides that "the records of . . . dependency proceeding[s] shall not be open to public inspection." A.R.S. § 8-208(F). Here, DCS Defendants' Exhibits 2, 9–15, 17–24, 27, 28, 30, 31, and 34–37, and Defendant Thal's Exhibit D–F, L, S, T are either dependency proceeding records or contain extensive quotes from dependency proceeding records that pertain to the minor child. Given Arizona state law and that other district courts have sealed these kinds of documents, the Court finds compelling reason to seal these exhibits. *See, e.g.*, *Kitaj*, 2026 LX 51594, at *5–8; *Olivares v. Cnty. of Stanislaus*, No. 2:22-CV-00753-DC-CSK, 2025 U.S. Dist. LEXIS 220376, 2025 WL 3130873, at *2

(E.D. Cal. Nov. 7, 2025); *Meyer v. Cnty. of San Diego*, No. 3:21-CV-00341-LL-BLM, 2022 U.S. Dist. LEXIS 23302, 2022 WL 395967, at *8 (S.D. Cal. Feb. 8, 2022).

Second, Arizona law provides that DCS records "that contain information related to investigations conducted by [DCS] are confidential." A.R.S. § 41-1959(A). Those records can be released "only as prescribed by [A.R.S.] § 8-807," *id.*, which provides access to DCS information to a court or a person who is the subject of the DCS information, *see* A.R.S. § 8-807. However, a person who is subject of the DCS information cannot "waive the confidentiality of DCS information concerning any other person." A.R.S. § 8-807(Q). Those who receive DCS information concerning any other person "shall maintain the confidentiality of the information and shall not further disclose the information unless the disclosure is authorized by law or a court order." A.R.S. § 8-807(U). Here, DCS Defendants' Exhibits 1, 3, 5, 7, 8, 16, 29, 32, 33 and Defendant Thal's Exhibit C, G–K, N–R, U–W are DCS records, deposition transcripts that extensively quote DCS records, or deposition transcripts that discuss DCS information regarding the minor child and others subject to the DCS investigation who are not Plaintiff. The identifiable information is extensive and riddled throughout the documents. In light of § 8-807, there is compelling reason to seal these exhibits because redactions are insufficient to protect the confidentiality of DCS information concerning people other than Plaintiff.

Finally, DCS Defendants' Exhibits 4, 6, are Plaintiff's drug test results that properly redact her identifiable information and a report of an expert analyzing Plaintiff's drug tests for the instant action. Defendant Thal's Exhibits B and M are Arizona Court of Appeals decisions already published to the public. The Court finds no compelling reason to seal these documents as they are neither dependency proceedings records nor a DCS record subject to the protections of Arizona law. *See Kitaj v. Handel*, No. CV-22-00463-TUC-JCH, 2026 LX 51594, at *5–8 (D. Ariz. Jan. 6, 2026).

The Court notes that Defendants lodged the exhibits in large groupings, so the Court is unable to direct the filing of Exhibits 4, 6, B, and M to the public docket without burdening the Clerk of Court with the tedious chore of separating the dozens of exhibits.

The Court is not inclined to have the parties re-lodge the exhibits either, as such a task would consume additional time and resources. For the sake of efficiency and time for the parties, Court, and Clerk of Court, the Court will order all exhibits currently lodged at docket entries 108 and 112 be sealed, and Defendants shall respectively file Exhibits 4, 6, B, and M on the public docket no later than five days from the date of this Order.

**IT IS ORDERED** granting in part and denying in part DCS Defendants' Motion to File Exhibits Under Seal and Defendant Thal's Motion to File Exhibits Under Seal (Docs. 105, 111).

**IT IS FURTHER ORDERED** directing the Clerk of Court to file under seal the documents currently lodged under seal at Docs. 108 and 112.

**IT IS FURTHER ORDERED** that DCS Defendants shall file their Exhibits 4 and 6 on the public docket no later than five (5) days from the date of this Order.

**IT IS FURTHER ORDERED** that Defendant Thal shall file his Exhibits B and M on the public docket no later than five (5) days from the date of this Order.

Dated this 27th day of January, 2026.

Honorable John J. Tuchi
United States District Judge