EXHIBIT 18



*Arizona Department of Child Safety*

**Douglas A. Ducey**
Governor

**Gregory McKay**
Director

December 18, 2015

Dr. James Thal
7315 N. 16th St, Suite 202
Phoenix, AZ 85020

Sent via email: jst@drthal.phnxcoxmail.com

RE:     **SOLICITATION ADCS16-00005439, Psychiatric & Psychological Services Award**

Dr. Thal,

Thank you for submitting a response to Request for Proposal ADCS16-00005439 for Psychiatric & Psychological Services.  I am pleased to inform you that your company's offer has been selected for award for the following services:

- One (1) Hour Psychological Consultation – Urban
- One (1) Hour Psychological Evaluation – Urban

In the next few weeks, Ms. Nina Relucio from the DCS Contracts Unit will be contacting you to obtain a copy of your insurance documentation that meets the requirements in the solicitation.

The files for this solicitation shall be available for public viewing online at ProcureAZ shortly. The resulting contract number is ADCS16-118330. The initial contract term shall begin on January 1st, 2016.

Thank you for your offer and for your continued interest in doing business with the State of Arizona. On behalf of the Department of Child Safety and the Department of Juvenile Corrections, I congratulate you on your contract award.

Sincerely,

*Francine Whittington*

Francine Whittington
Procurement Manager
Arizona Department of Child Safety

ST-PLOOF-005410



# OFFER AND ACCEPTANCE

## PSYCHIATRIC & PSYCHOLOGICAL SERVICES
## ADCS16-00005439

**State of Arizona**
**Department of Child Safety**
**Office of Procurement**
3003 N. Central Ave., 20th Fl.
Phoenix, AZ 85012

### OFFER AND ACCEPTANCE FORM

**TO THE STATE OF ARIZONA:**
The Undersigned hereby offers and agrees to furnish the material, service or construction in compliance with all terms, conditions, specifications and amendments in the Solicitation and any written exceptions in the offer. Signature also certifies Small Business status.

James S. Thal, Ph.D, P.C.
_Company Name_

7315 N. 16th Street Suite 202
_Address_

Phoenix          Az          85020
_City_          _State_          _Zip_

jst@drthal.phxcoxmail.com
_Contact Email Address_

_Signature of Person Authorized to Sign Offer_

James S. Thal, Ph.D.
_Printed Name_

Psychologist
_Title_

Phone: 602-263-8756

Fax: 602-263-8772

By signature in the Offer section above, the Offeror certifies:

1. The submission of the Offer did not involve collusion or other anticompetitive practices.
2. The Offeror shall not discriminate against any employee or applicant for employment in violation of Federal Executive Order 11246, State Executive Order 2009-9 or A.R.S. §§ 41-1461 through 1465.
3. The Offeror has not given, offered to give, nor intends to give at any time hereafter any economic opportunity, future employment, gift, loan, gratuity, special discount, trip, favor, or service to a public servant in connection with the submitted offer. Failure to provide a valid signature affirming the stipulations required by this clause shall result in rejection of the offer. Signing the offer with a false statement shall void the offer, any resulting contract and may be subject to legal remedies provided by law.
4. The Offeror certifies that the above referenced organization **X IS/____ IS NOT** a small business with less than 100 employees or has gross revenues of $4 million or less.

### ACCEPTANCE OF OFFER

The Offer is hereby accepted.

The Contractor is now bound to sell the materials or services listed by the attached contract and based upon the solicitation, including all terms, conditions, specifications, amendments, etc., and the Contractor's Offer as accepted by the State.

This Contract shall henceforth be referred to as Contract No. ADCS16-118330

The effective date of the Contract is January 1, 2016

The Contractor is cautioned not to commence any billable work or to provide any material or service under this contract until Contractor receives purchase order, contact release document or written notice to proceed.

**State of Arizona**
**Awarded this** 15 **day of** December 20 15

_Procurement Officer_

ST-PLOOF-005422



| **Attachment 03** | State of Arizona |
|---|---|
| **PSYCHIATRIC & PSYCHOLOCIGAL SERVICES** **ADCS16-00005439** | Department of Child Safety Office of Procurement 3003 N. Central Ave., 20th Fl. Phoenix, AZ 85012 |

### Licensure/Certification Attestation

_James S. Thal, Ph.D., P.C._   attest that all its employees, subcontractors, and subcontractor's employees meet the licensure/certification requirements as stated in the Scope of Work for Psychiatric and Psychological services.

James S. Thal, Ph.D.
Name of Authorized Representative

Psychologist
Title of Authorized Representative

_James S. Thal, ph.D._
Signature

10/2/15
Date



# CERTIFICATE OF LIABILITY INSURANCE

**DATE(MM/DD/YYYY)** 01/20/2016

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: Trust Risk Management Services, Inc |
|---|---|
| Trust Risk Management Services, Inc.<br>1791 Paysphere Circle<br>Chicago, IL 60674 | PHONE (A/C, No, Ext): 877.637.9700 / FAX (A/C, No): 877.251.6111 |
| | EMAIL ADDRESS: info@trustms.com |

| | INSURER(S) AFFORDING COVERAGE | NAIC # |
|---|---|---|
| | INSURER A: ACE American Insurance Company | 22667 |
| INSURED<br>Dr. James S Thal<br>James S. Thal, Ph.D., P.C.<br>7315 N 16Th St Ste 202<br>Phoenix, AZ 85020 5280 | INSURER B: | |
| | INSURER C: | |
| | INSURER D: | |
| | INSURER E: | |

## COVERAGES    CERTIFICATE NUMBER:    REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSR | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | X COMMERCIAL GENERAL LIABILITY<br>CLAIMS MADE  X OCCUR<br>X Abuse & Molestation | Y | Y | D37886762 | 11/01/2015 | 11/01/2016 | EACH OCCURRENCE | $1,000,000 |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $1,000,000 |
| | | | | | | | MED EXP (Any one person) | $10,000 |
| | | | | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER:<br>X POLICY  PRO-JECT  LOC<br>OTHER: | | | | | | | GENERAL AGGREGATE | $4,000,000 |
| | | | | | | | PRODUCTS–COMP/OP AGG | $2,000,000 |
| | AUTOMOBILE LIABILITY<br>ANY AUTO<br>ALL OWNED AUTOS  SCHEDULED AUTOS<br>X HIRED AUTOS  X NON-OWNED AUTOS | | | | | | | COMBINED SINGLE LIMIT (Ea accident) | $1,000,000 |
| | | | | | | | BODILY INJURY (Per Person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| | UMBRELLA LIAB  OCCUR<br>EXCESS LIAB  CLAIMS-MADE<br>DED  RETENTION $ | | | | | | | EACH OCCURRENCE | $ |
| | | | | | | | AGGREGATE | $ |
| | | | | | | | | $ |
| | WORKERS COMPENSATION AND EMPLOYERS LIABILITY   Y/N<br>ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH)<br>If yes, describe under DESCRIPTION OF OPERATIONS below | | N/A | | | | | PER STATUTE  OTH-ER | |
| | | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | | E.L. DISEASE-EA EMPLOYEE | $ |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required):
State of Arizona and the Department of Economic Security / State of Arizona Department of Child Safety shall be names as additional insureds with respect to liability arising out of the activities performed by or on behalf of the Contractor. This Policy contains a Waiver of Subrogation endorsement in favor of the State of Arizona, and its department, agencies, boards, commissions, universities, officers, agents, and employees for losses arising from work performed by or on behalf of the Contractor. Sexual Abuse and Molestation (SAM) Coverage shall be included under the Commercial General Liability or Professional Liability.

7315 N 16Th St Ste 202
Phoenix, AZ 85020 5280

ST-PLOOF-005381

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Arizona Department of Child Safety<br>Office of Contracts<br>3003 N. Central, Site Code C010-20<br>Phoenix, AZ 85012 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.<br><br>AUTHORIZED REPRESENTATIVE |

ACORD 25 (2014/01)                    ©1988-2014 ACORD CORPORATION. All rights reserved.

The ACORD name and logo are registered marks of ACORD

ST-PLOOF-005382

|  | **Contract Amendment** | State of Arizona<br>Department of Child Safety<br>Office of Procurement<br>3003 N. Central St, 20th Fl.<br>Phoenix, AZ 85012 |
|---|---|---|
| | **Contract #:** ADCS16-118330 | |
| | **Amendment #:** 1 | |

The purpose of this Amendment is to extend the contract, and decrease the contracted rates.

Pursuant to the DCS Special Terms and Conditions, Contract Term and Option to Extend, the above referenced contract is extended for the time period from January 1, 2017 to December 31, 2017. The rates are not adjusted for the extension period and shall remain the same as the previous contract term.



| **Attachment 02** | State of Arizona<br>Department of Child Safety<br>Office of Procurement |
|---|---|
| **PSYCHIATRIC & PSYCHOLOCIGAL SERVICES**<br>**ADCS16-00005439** | 3003 N. Central Ave., 20th Fl.<br>Phoenix, AZ 85012 |

### List of References

Please list three (3) organizations for which your firm has provided services of a similar size and scope within the past three (3) years. If you are providing service for other government agencies, please include these as one of your three references (DCS department excluded from providing references are the Office of Contracts and the Office of Procurement).

**Name of Contractor**: (*Type your Company's name here*)

#### Reference 1

| Company Name & Address | Contact Name & Position | Begin Date | End Date |
|---|---|---|---|
| Salt River Pima-Maricopa Indian Community Community<br>10005 E. Osborn Road<br>Scottsdale, Arizona  85256 | Kierstin Anderson, Managing Attorney of Legal Services Office | Sept. 2012 | Ongoing |
| | **Phone Number** | **Email Address** | |
| | 480-362-5673 | Kierstin.anderson@srpmic-nsn.gov | |
| **Services Provided** | | | |
| Psychological Evaluations and Expert Testimony | | | |

#### Reference 2

| Company Name & Address | Contact Name & Position | Begin Date | End Date |
|---|---|---|---|
| Office of Public Defense Services (OPDS)<br>620 W. Jackson Street<br>Phoenix, Arizona  85003 | Hollie K. Owsley, P.D. Attorney | 2014 | Ongoing |
| | **Phone Number** | **Email Address** | |
| | 602-677-6542 | hollieowsley@gmail.com | |
| **Services Provided** | | | |
| Psychological Evaluations and Expert Testimony | | | |

#### Reference 3

| Company Name & Address | Contact Name & Position | Begin Date | End Date |
|---|---|---|---|
| Department of Child Safety<br>6010 N. 57th Drive<br>Glendale, Arizona  85301 | Maral Yaghiaian, Ongoing Unit Supervisor | Approx. 2010 | Ongoing |
| | **Phone Number** | **Email Address** | |
| | 623-842-6265 | MYaghiaian@azdes.gov | |
| **Services Provided** | | | |
| Psychological Evaluations | | | |

**ST-PLOOF-005390**

The State of Arizona
Board of Psychologist Examiners
Certifies
**James S. Thal, Ph.D.**
Is the Holder of
Psychologist License Number 778

Issued: 11/17/1978          Expires: 4/30/2017

John P. DiBacco, Ph.D.
Chair

fold here

**RECEIPT NO. 13610**

Arizona State
Board of Psychologist Examiners
3/10/2015

ST-PLOOF-005392



| | **Designation of Confidential, Trade Secret & Proprietary Information** | | **State of Arizona**<br>**State Procurement Office**<br>100 N.15th Ave., Suite 201<br>Phoenix, AZ 85007 |
|---|---|---|---|
| | Solicitation No.: ADCS16-00005439 | PAGE 1 | |
| | Description: Psychiatric & Psychological Services | OF 2 | |

All materials submitted as part of a response to a solicitation are subject to Arizona public records law and will be disclosed if there is an appropriate public records request at the time of or after the award of the contract. Recognizing there may be materials included in a solicitation response that is proprietary or a trade secret, a process is set out in A.A.C. R2-7-103 (attached) that will allow qualifying materials to be designated as confidential and excluded from disclosure. For purposes of this process the definition of "trade secret" will be the same as that set out in A.A.C. R2-7-101(52).

This form must be completed and returned with the response to the solicitation and any supporting information to assist the State in making its determination as to whether any of the materials submitted as part of the solicitation response should be designated confidential because the material is proprietary or a trade secret and therefore not subject to disclosure.

**All offerors must select one of the following:**

___X___    My response **does not** contain proprietary or trade secret information. I understand that my entire response will become public record in accordance with A.A.C. R2-7-C317.

_____    My response **does** contain trade secret information because it contains information that:

1. Is a formula, pattern, compilation, program, device, method, technique or process, **AND**
2. Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; **AND**
3. Is the subject of efforts by myself or my organization that are reasonable under the circumstances to maintain its secrecy.

**Please note that failure to attach an explanation may result in a determination that the information does not meet the statutory trade secret definition. All information that does not meet the definition of trade secret as defined by A.A.C. R2-7-101(52) will become public in accordance with A.A.C. R2-7-C317. The State reserves the right to make its own determination of Proposer's trade secret materials through a written determination in accordance with A.A.C. R2-7-103.**

If the State agrees with the proposer's designation of trade secret or confidentiality and the determination is challenged, the undersigned hereby agrees to cooperate and support the defense of the determination with all interested parties, including legal counsel or other necessary assistance.

By submitting this response, proposer agrees that the entire offer, including confidential, trade secret and proprietary information may be shared with an evaluation committee and technical advisors during the evaluation process. Proposer agrees to indemnify and hold the State, its agents and employees, harmless from any claims or causes of action relating to the State's withholding of information based upon reliance on the above representations, including the payment of all costs and attorney fees incurred by the State in defending such an action.

James S. Thal Ph.D, P.C.
_____
Company Name

7315 N. 16th Street, Suite 202
_____
Address

Phoenix          Az          85020
_____
City              State       Zip

_____
Signature of Person Authorized to Sign

James S. Thal Ph.D.
_____
Printed Name

Psychologist
_____
Title

SPO Form 204 – Confidentiality and Trade Secrets (rev 10-2014)

**ST-PLOOF-005393**



| **Designation of Confidential, Trade Secret & Proprietary Information** | | **State of Arizona** |
|---|---|---|
| Solicitation No.: ADCS16-00005439 | PAGE 2 | **State Procurement Office** 100 N.15th Ave., Suite 201 Phoenix, AZ 85007 |
| Description: Psychiatric & Psychological Services | OF 2 | |

**R2-7-103. Confidential Information**

A.  If a person wants to assert that a person's offer, specification, or protest contains a trade secret or other proprietary information, a person shall include with the submission a statement supporting this assertion. A person shall clearly designate any trade secret and other proprietary information, using the term "confidential". Contract terms and conditions, pricing, and information generally available to the public are not considered confidential information under this Section.

B.  Until a final determination is made under subsection (C), an agency chief procurement officer shall not disclose information designated as confidential under subsection (A) except to those individuals deemed by an agency chief procurement officer to have a legitimate state interest.

C.  Upon receipt of a submission, an agency chief procurement officer shall make one of the following written determinations:
    1.  The designated information is confidential and the agency chief procurement officer shall not disclose the information except to those individuals deemed by the agency chief procurement officer to have a legitimate state interest;
    2.  The designated information is not confidential; or
    3.  Additional information is required before a final confidentiality determination can be made.

D.  If an agency chief procurement officer determines that information submitted is not confidential, a person who made the submission shall be notified in writing. The notice shall include a time period for requesting a review of the determination by the state procurement administrator.

E.  An agency chief procurement officer may release information designated as confidential under subsection (A) if:
    1.  A request for review is not received by the state procurement administrator within the time period specified in the notice; or
    2.  The state procurement administrator, after review, makes a written determination that the designated information is not confidential.

ST-PLOOF-005394



**Janice K. Brewer**
Governor

**Brian C. McNeil**
Director

**ARIZONA DEPARTMENT OF ADMINISTRATION**

STATE PROCUREMENT OFFICE

100 NORTH FIFTEENTH AVENUE • SUITE 201
PHOENIX, ARIZONA 85007

(602) 542-5511 (main)     (602) 542-5508 (fax)
http://spo.az.gov

August 22, 2014

Ms. Francine Whittington
Acting Chief Procurement Administrator
Arizona Department of Child Safety (DCS)
1789 West Jefferson Street, S/C 805Z
Phoenix, AZ  85007

Re:    Request to Solicit Multi-Agency Contracts for Psychiatric, Psychological and
       Counseling/Consultation Services

Dear Francine:

I have reviewed your request dated August 21, 2014, for the solicitation of the above-
mentioned services.

Based on your agencies' shared needs for Psychiatric, Psychological and
Counseling/Consultation services, I have determined that your request meets the
requirements of A.R.S. § 41-2632(A).  Under A.A.C. R2-7-1001(C), authority is granted
for DCS to enter into a multi-agency contract with the Arizona Department of Economic
Security and the Arizona Department of Juvenile Corrections for the procurement of
these services.   All procurements conducted under the resultant contract(s) must
comply with the State of Arizona's procurement laws.

All other delegated procurement authority conditions and limitations shall remain
unchanged.

Authorized and effective this date.

Sincerely,

Barbara M. Corella
State Procurement Administrator

**ST-PLOOF-005395**



Janice K. Brewer
Governor

*Arizona Department of Child Safety*

Charles Flanagan
Director

August 21, 2014

Barbara Corella, C.P.M., CPPB
State Procurement Administrator
Department of Administration
100 N. 15th Avenue, Suite 201
Phoenix, AZ 85007

Re: Request for Multi-Agency RFP

Dear Ms. Corella:

The Arizona Department of Child Safety (ADCS), is requesting approval to make the Department of Child Safety solicitation for Psychiatric, Psychological and Counseling/Consultation Services a Multi-Agency RFP, by allowing the Department of Economic Security (ADES), and Arizona Department of Juvenile Corrections (ADJC) to use these contracts.

These Solicitations are for all Counties in the State

It is expected that multiple contracts may be awarded in each County. These contracts will be for one year with a maximum of four extensions. The estimated total annual value of these contracts is $7,150,100.

Offering ADES and ADJC access to these contracts will ensure standardized services to all eligible clients.

Please contact me at (602) 364-0195 or at fwhittington@ades.gov if you have any questions regarding this request.

Sincerely,

Francine Whittington, CPPB
Acting Chief Procurement Officer
Arizona Department of Child Safety

1789 W. Jefferson, S/C 805Z, Phoenix, AZ 85007 • P.O. Box 6123, Phoenix, AZ 85005
Telephone (602) 364-0170 • Fax (602) 542-4496 • www.azdes.gov

**ST-PLOOF-005396**



**ADOA-RMD**

Risk Management Division

# INDEPENDENT CONTRACTOR AGREEMENT

**NOTE:  THIS FORM APPLIES ONLY TO THE STATE OF ARIZONA AGENCIES, BOARDS, COMMISSIONS, AND UNIVERSITIES UTILIZING INDEPENDENT CONTRACTORS.**

**THIS FORM <u>DOES NOT</u> APPLY TO EMPLOYERS IN THE CONSTRUCTION INDUSTRY THAT USE A CONTRACTOR.  A CERTIFICATE OF WORKERS' COMPENSATION INSURANCE OR A SOLE PROPRIETOR WAIVER MUST BE OBTAINED IN THOSE INSTANCES.**

This is a written agreement under the compulsory Workers' Compensation laws of the State of Arizona, **A.R.S. § 23-901** (et. seq.), and specifically **A.R.S. § 23-902 (C)**, **(D)**, that an independent contractor relationship exists between the parties signed below. The parties agree that the "independent contractor" is independent of the "business" in the execution of the work and not subject to the rule or control of the "business" but is engaged only in the performance of a definite job or piece of work and is subordinate to the "business" only in effecting a result in accordance with that "business" design. The parties also agree that the "business" does not have the authority to supervise or control the actual work of the "independent contractor" or the "independent contractor's" employees. Furthermore, it is understood and agreed that the "independent contractor" or the "independent contractor's" employees are not entitled to workers' compensation benefits from the "business."

The written agreement shall be null and void and create no presumption of an independent contractor relationship if the consent of either party is obtained through misrepresentation, false statements, fraud or intimidation, coercion or duress.

**WE THE UNDERSIGNED AGREE THAT THE BUSINESS:**

- Does not require the independent contractor to perform work exclusively for the business.  This paragraph shall not be construed as conclusive evidence that an individual who performs services primarily or exclusively for another person is an employee of that person.

- Does not provide the independent contractor with any business registrations or licenses required to perform the specific services set forth in the contract.

- Does not pay the independent contractor a salary or hourly rate instead of an amount fixed by contract.

- Will not terminate the independent contractor before the expiration of the contract period, unless the independent contractor breaches the contract or violates the laws of this state.

- Does not provide tools to the independent contractor.

- Does not dictate the time of performance.

- Pays the independent contractor in the name appearing on the written agreement.

- Will not combine business operations with the person performing the services rather than maintaining these operations separately.

*Revised 12-19-2014*

**ST-PLOOF-005408**

## INDEPENDENT CONTRACTOR AGREEMENT

**NAME OF INDEPENDENT
CONTRACTOR:** _____ N/A _____

**ADDRESS / P.O. BOX:** _____

**CITY:** _____, **STATE:** _____ **ZIP:** _____

**SIGNATURE OF
INDEPENDENT CONTRACTOR:** _____ **DATE:** _____

---

**STATE OF ARIZONA
AGENCY:** _____ **AGENCY#:** _____

**ADDRESS:** _____

**CITY:** _____, **STATE:** _____ **ZIP:** _____

**SIGNATURE OF AGENCY
CONTRACT ADMINISTRATOR:** _____ **DATE:** _____

**CONTRACT IDENTIFICATION:** _____

---

**BOTH SIGNATURES MUST BE SIGNED AND THE COMPLETED FORM SUBMITTED TO:**

> **ARIZONA DEPARTMENT OF ADMINISTRATION
> RISK MANAGEMENT DIVISION - INSURANCE UNIT
> 100 NORTH 15th AVENUE, SUITE #301
> PHOENIX, AZ  85007**

An authorized Risk Management Representative will sign your completed form and return it to the agency to be maintained in their records.

_____

**Signature of Risk Management Authorized Signer**                    **Date**

*Revised 02-09-2011*

**ST-PLOOF-005409**

> **Arizona Department Child Safety**
> **Health Insurance Portability & Accountability Act of 1996 – HIPAA**
> **and Health Information Technology for Economic and Clinical Health Act of**
> **2009 – HITECH**
> **Business Associate Agreement**

The Arizona Department of Child Safety (DCS) and undersigned Business Associate hereby enter into this Business Associate Agreement ("BAA" or "Agreement").

This BAA has the same effective date as the Contract, Intergovernmental Agreement, Memorandum of Understanding or Interagency Service Agreement to which it is appended ("Related Contract" or "Contract"), or the date of the last signature, whichever is later. If there is no Related Contract, the effective date of this BAA is the date of the last signature to this Agreement. This Agreement supplements any Contract between DCS and the Business Associate which involves the disclosure of Protected Health Information ("PHI") and Electronic Protected Health Information (EPHI) as defined in HIPAA. In the event of conflicting terms or conditions, this Agreement's terms shall supersede the provisions of the Related Contract to which it is appended.

DCS and the Business Associate agree to comply with applicable Privacy and Security Standards of HIPAA and HITECH, and with other applicable federal and state laws, in order to protect the privacy of PHI in any form and to safeguard the confidentiality, integrity, and availability of any Electronic PHI ("ePHI") related to this Agreement.

**1.0.   DEFINITIONS.**    Capitalized terms not otherwise defined in this Agreement shall have the same meanings as those terms in the Privacy Rule and HITECH.

1.1   **Breach** shall have the meaning given to such term under the HITECH Act (42 U.S.C. § 17921).

1.2   **Business Associate** shall have the meaning given to such term under the Privacy Rule, the Security Rule, and the HITECH Act (45 C.F.R. § 160.103 and 42 U.S.C. §17938).

1.3   **Data Aggregation** shall have the meaning given to such term under the Privacy Rule (45 C.F.R. §164.501).

1.4   **Designated Record Set** shall have the meaning given to such term under the Privacy Rule (45 C.F.R. §164.501).

1.5   **Electronic Health Record** shall have the meaning given to such term in the HITECH Act (42 C.F.R. § 17921).

1.6   **Electronic Protected Health Information** shall have the meaning given to such term under the Privacy Rule (45 CFR §134.501and §106.103)

1.7   **Health Care Operations** shall have the meaning given to such term under the Privacy Rule (45 C.F.R. §164.501).

1.8   **Individual** shall have the meaning given to such term under the Privacy Rule (45 C.F.R. §160.103) and shall include a person who qualifies as a personal representative (45 C.F.R. §164.502(g)).

1

ST-PLOOF-005412

Attachment 02

1.9 **Privacy Rule** shall mean the Standards for Privacy of Individually Identifiable Health Information codified at 45 C.F.R. Parts 160 and 164, Subparts A and E.

1.10 **Protected Health Information** shall have the meaning given to such term under the Privacy Rule (45 C.F.R. §164.501). Protected Health Information includes Electronic Protected Health Information (C.F.R. §160.103 and §164.501).

1.11 **Protected Information** shall have the meaning given to such term under the Privacy Rule (45 C.F.R. §164.501). Protected Information includes Electronic Protected Information (C.F.R. §160.103 and §164.501).

1.12 **Required By Law** shall have the meaning given to such term under the Privacy Rule (45 C.F.R. §164.512).

1.13 **Secretary** shall mean the Secretary of the U.S. Department of Health and Human Services or his designee.

1.14 **Security Rule** shall mean the HIPAA Regulation that is codified at 45 C.F.R. Parts 160 and 164, Subparts A and C.

1.15 **Unsecured PHI** shall have the meaning given to such term under the HITECH Act and any guidance issued pursuant to such Act ( 42 U.S.C. §17932(h)).

**2.0 PERMITTED USES AND DISCLOSURES OF PHI.** The Business Associate will use and disclose PHI only for those purposes necessary to perform functions, activities, or services for, or on behalf of, DCS as specified in the underlying Contract, this BAA , or as Required By Law. Any use or disclosure by the Business Associate shall not violate applicable Privacy Rule provisions, the terms of this BAA, or DCS policies and procedures for using or disclosing only the Minimum Necessary PHI.

2.1 **Prohibited Use and Disclosures.** The Business Associate shall not use or disclose Protected Information for fundraising or marketing purposes. The Business Associate shall not disclose Protected Information to a health plan for payment or health care operations purposes if the patient has requested a restriction and has paid out of pocket in full for health care items or services to which the PHI solely related as described in 42 U.S.C. §17935(a). The Business Associate shall not directly or indirectly receive remuneration in exchange for Protected Information, except with the prior written consent of DCS and as permitted by the HITECH Act, 42 U.S.C. §17935(d)(2); however, this prohibition shall not affect payment by DCS to the Business Associate for services provided pursuant to the Contract. Disclosure for research is prohibited without DCS's permission prior to such disclosure.

2.2 **Business Activities of Business Associate.** The Business Associate may use PHI for the necessary management and administration of the Business Associate, or to carry out the legal responsibilities of the Business Associate if:
1. The disclosure is Required By Law; or
2. The Business Associate obtains reasonable written assurances from a third party receiving the PHI that the third party will:
   i. Maintain the confidentiality of the PHI;

2

ST-PLOOF-005413

    ii. Use or disclose the PHI only as Required By Law or for the purpose for which the PHI was disclosed to the person;

    iii. Notify the Business Associate within 1 business day of any discovered breach of confidentiality of the Protected Information (42 U.S.C. §17932; 45 C.F.R. §164.504(e)(2)(ii)(D)) and comply in writing with paragraphs 3.1, 3.2, 3.3, 3.4, 3.5 and 3.6; and

    iv. Ensure that any third party to whom it provides Protected Information receives from, or created or received by the Business Associate on behalf of DCS, agrees to the same restrictions and conditions that apply to the Business Associate with respect to such information (45 C.F.R. §164.504 (e)(2)(ii)(D)).

**2.3**    **Aggregation of PHI.** The Business Associate shall provide data aggregation services with regard to PHI created or received from or on behalf of DCS, if requested to do so by DCS. (45 C.F.R. §164.504(e)(2)(i)(B)).

**2.4**    **De-Identification of PHI.** Under 45 C.F.R. §164.502(d) (2), de-identified information does not constitute PHI and is not subject to the terms of this Agreement. The Business Associate may de-identify any and all PHI, provided

    1. The de-identification conforms to the requirements of 45 C.F.R. §164.514(b),

    2. The Business Associate maintains the documentation required by 45 C.F.R. §164.514(b), and

    3. The Business Associate gives written assurance to DCS that the Business Associate appropriately maintains the documentation required by 45 C.F.R. §164.514(b).

**3.0**    <u>**OBLIGATIONS AND ACTIVITIES OF BUSINESS ASSOCIATE.**</u>

**3.1**    **Safeguards.** The Business Associate shall implement appropriate safeguards as are necessary to ensure the use or disclosure of protected information is permitted under HIPAA by the Contract and the Business Associate Agreement, including, but not limited to, administrative, physical, and technical safeguards that reasonably and appropriately protect the confidentiality, integrity and availability of the Protected Information, in accordance with 45 C.F.R §164.308, §164.310, §164.312 and §164.316. The Business Associate shall comply with all the policies, procedures, and documentation requirements of the HIPAA Rule.

**3.2**    **Reporting Impermissible Use or Disclosure and Security Incidents.** The Business Associate agrees to report to DCS in writing of any access, use or disclosure of Protected Information not permitted by the contract or the Business Associate Agreement, and any breach of Unsecured PHI of which it becomes aware of as described in 42 U.S.C. §17921 and 45 C.F.R. §134.308(b) and §164.504(e)(2)(ii)(C), within 1 business day after discovery. The Business Associate shall:

    1. Promptly take corrective action to secure any such deficiencies; and

    2. Contact the DCS Privacy Officer within 1 business day after discovery of incident; and

    3. Grant prompt and immediate access to DCS or the State of Arizona authorized by DCS to participate in the incident investigation, mitigation, resolution, or breach notification; and

ST-PLOOF-005414

Attachment 02

4. Secure and preserve all records pertinent to the incident; and
5. Promptly require within 1 business day of incident discovery applicable subcontractors and agents to secure and preserve all records pertinent to the incident; and
6. Take any action pertaining to such unauthorized disclosure required by applicable federal and state statutes and regulations.

3.3    **Mitigation.** The Business Associate agrees to mitigate any harmful effects that are known to result in a use or disclosure of PHI by the Business Associate or its agents or subcontractors in violation of the requirements of this Agreement (45 C.F.R §164.530(f)).

3.4    **Agents and Subcontractors.** The Business Associate agrees to the following:
1. Ensure that any agent, including a subcontractor, to whom it provides PHI received from, or created or received by the Business Associate on behalf of DCS, agrees in writing to the same restrictions and conditions that apply to the Business Associate through this Agreement with respect to such PHI and implementing the safeguards required by paragraph 2.1 above with respect to Protected Information (45 C.F.R. §164.308(b) and §164.504(e)(2)(ii)(D)).
2. It shall implement and maintain sanctions against agents and subcontractors that violate such restrictions and conditions and shall mitigate the effects of any such violations as described in 45 C.F.R. §164.530(e)(l) and 164.530(f).

3.5    **Personnel.** The Business Associate shall appropriately inform all of its employees, agents, representatives, and members of its workforce ("Personnel"), whose services may be used to satisfy the Business Associate's obligations under this Agreement and the Related Contract, of the terms of this Agreement. The Business Associate represents and warrants that the Personnel are under sufficient legal obligations to the Business Associate for the Business Associate to fully comply with the provisions of this Agreement. The Business Associate agrees to train its workforce on the HIPAA Rule and keep appropriate records of the training as prescribed in 45 C.F.R. §164.530(b)(1)(2).

3.6.    **Access to Protected Information.** The Business Associate shall make Protected Information maintained by the Business Associate or its agents or subcontractors in Designated Record Sets available to DCS for inspection and copying within 10 business days of a request by DCS to enable DCS to fulfill its obligations under the Privacy Rule, including, but not limited to, 45 C.F.R. §164.524. If the Business Associate maintains an Electronic Health Record, the Business Associate shall provide such information in electronic format to enable DCS to fulfill its obligations under the HITECH Act, including, but not limited to, 42 U.S.C. §17935(e).

3.7    **Individual Access to PHI.** If an Individual requests direct access to PHI in possession of the Business Associate which is maintained under its contract with DCS, the Business Associate will identify the records maintained, collected, used or disseminated by their employees that will become the "Designated Record Set" and shall be considered the only protected health information records that individuals shall have the right to request access to under HIPAA. The Business Associate will provide the

4

ST-PLOOF-005415

records within 30 days. If the Business Associate denies the request, communication in writing to the DCS Privacy Officer will occur prior to the denial to the individual is made.

3.8     **Amendment of PHI.**     The Business Associate agrees to allow Individuals the right to request an amendment of their designated record set being maintained on behalf of DCS. Any denial of the amendment will be communicated in writing to the DCS Privacy Officer prior to being provided to the individual. The Business Associate agrees to make any amendment(s) to a Designated Record Set within 5 business days after the Business Associate receives instructions from DCS to amend the records. The Business Associate shall promptly incorporate into the Individual's Designated Record Set, any statements of disagreement and/or rebuttals supplied by the Individual, as required by 45 C.F.R. § 164.526.

3.9     **Disclosure of PHI to the Arizona Attorney General.**   The Office of the Arizona Attorney General provided legal representation to DCS and as such is a Business Associate to DCS. A request from the Office of the Arizona Attorney General for records created and maintained by the Business Associate on behalf of DCS is to be treated the same as a request from DCS. The records shall be provided in a prompt and complete manner.

3.10    **Documentation of Disclosure.**     The Business Associate agrees to document all disclosures of PHI made by the Business Associate and information related to such disclosures as would be required by DSC to respond to a request by an Individual for an accounting of disclosures of PHI according to 45 C.F.R. §164.528. At a minimum, the documentation related to the Business Associate's disclosure of PHI shall include:

1.   The date of disclosure;
2.   The name of the PHI recipient and, if known, the address of the PHI recipient;
3.   A brief description of the PHI disclosed; and
4.   A brief statement of the purpose of the disclosure that reasonably informs the Individual of the basis for the disclosure, or instead of such statement, a copy of the written request for disclosure by the Secretary or under 45 C.F.R. §164.512.

3.11.   **Accounting of Disclosures.**     Within 10 business days after receipt of notice from DCS to the Business Associate that DCS has received a request for an accounting of disclosures of an Individual's PHI, the Business Associate agrees to provide DCS with the disclosure information requested by the Individual and as required in paragraph 3.10 above. If an individual requests an accounting of disclosures directly from the Business Associate, the Business Associate shall, within thirty (30) business days, provide or deny an accounting according to 45 C.F.R §164.528. Unless otherwise directed by DCS, the Business Associate shall notify DCS of the action it has taken and shall do so in writing within five (5) business days after the action. The accounting of disclosure shall include all PHI disclosures for the time period the Individual requested, but not for a date earlier than six years prior to the date of creation or last entry, which ever occurred last. If the Business Associate is unable to provide the accounting of disclosure within the allowed time frame, the Business Associate shall provide DCS with a written statement of the reason for delay and the date the Business Associate will provide the accounting.

3.12    **Government Access to Records.**     For the purpose of determining DCS compliance with the Privacy Rule, as well as the Business Associate's compliance with this BAA,

5

the Business Associate agrees to make available to DCS or its authorized agent, or to the Secretary, in the time and manner designated:

1. The Business Associate's internal practices, books, and records, including policies and procedures, relating to the use and disclosure of PHI received from, or created or received by the Business Associate on behalf of DCS; and
2. All PHI received by the Business Associate from DCS or created or received by the Business Associate on behalf of DCS.

3.13 **Minimum Necessary.** The Business Associate and its agents and subcontractors shall request, use, and disclose only the minimum amount of Protected Information necessary to accomplish the purpose of the request, use or disclosure as described in 42 U.S.C. § 17935(b); 45 C. F. R. § 164.502(b)(1) and 164.514(d).

3.14 **Data Ownership.** The Business Associate acknowledges that the Business Associate has no ownership rights with respect to the Protected Information.

3.15 **Transaction Standards Regulation.** If the Business Associate conducts in whole or part Standard Transactions for or on behalf of DCS, the Business Associate agrees to comply with the Electronic Data Transaction Standards and Code Sets, 45 C.F.R. Part 162 (I – R). The Business Associate agrees to require any subcontractor or agent involved in conducting Standard Transactions for or on behalf of DCS to comply with the Transaction Standards and Code Sets. The Business Associate and its subcontractors or agents shall not engage in any practice or enter into any agreement related to conducting in whole or in part Standard Transactions for or on behalf of DCS that:

1. Changes the definition, Data Condition, or use of a Data Element or Segment in a Standard Transaction;
2. Adds a Data Element or Segments to the maximum defined Data Set;
3. Uses any code or Data Element that is marked "not used" in the Standard Transaction's implementation specification or that is not in the Standard Transaction's implementation specification; or
4. Changes the meaning or intent of the Standard transaction implementation specification.

3.16 **Retention of Records.** All records containing PHI created or received by the Business Associate from or on behalf of DCS will be retained for six years from the date of creation (e.g., PHI) or the date when it last was in effect (e.g., a policy or form), whichever is later.

3.17 **Violations of Law.** The Business Associate may use PHI to report violations of law to appropriate Federal and State authorities, consistent with 45 C.F.R. §164.502(j).

3.18 **Audits, Inspection and Enforcement.**

1. Within 10 business days of a written request by DCS, the Business Associate and its agents or subcontractors shall allow DCS to conduct a reasonable inspection of the facilities, systems, books, records, agreements, and policies and procedures relating to the use, acquisition, or disclosure of Protected Information pursuant to this Agreement for the purpose of determining whether the Business Associate has complied with this Agreement; provided, however that:

6

ST-PLOOF-005417

    i. The Business Associate and DCS shall mutually agree in advance upon the scope, timing and location of such inspection. If an agreement can not be concluded, then DCS will decide; and

    ii. To the extent allowed by law, DCS shall safeguard all trade secret information of the Business Associate to which DCS has access during the course of such inspection; and

2. The fact that DCS inspects, fails to inspect, or has the right to inspect the Business Associate's facilities, systems, books, records, agreements, and polices and procedures does not relieve the Business Associate of its responsibilities to comply with this Agreement. The following acts by DCS do not constitute acceptance of such practices or waive DCS enforcement rights under the contract or Agreement.

    i. Failure to detect; or

    ii. Detection, but failure to notify the Business Associate; or

    iii. Requiring the Business Associate to correct any unsatisfactory practices.

3. The Business Associate shall notify DCS in writing within 1 business day of learning that the Business Associate has become the subject of an audit, compliance review, or complaint investigation by the Office for Civil Rights.

4. Notwithstanding paragraph 3.18.1, pursuant to paragraphs 3.1 through 3.4 and in compliance with 42 U.S.C. §17921 and 45 C.F.R. §164.308(b) and §164.504(e)(2)(ii)(C), Business Associate, its subcontractors and agents shall permit prompt and immediate access to DCS to all physical locations and business records, including electronic records and all relevant data files, under the control or maintained by the Business Associate, its subcontractors and agents on behalf of DCS, for the purpose of mitigating a data breach, conducting a risk analysis and obtaining information which will identify individuals affected.

## 4.0  OBLIGATIONS OF DCS

4.1. **Notice of Privacy Practices.** DCS shall notify the Business Associate of any changes or limitation(s) in DCS Notice of Privacy Practices according to 45 C.F.R. §164.520, to the extent that such changes or limitation(s) may effect the Business Associate's use or disclosure of PHI.

4.2 **Changes in Permission by Individual.** DCS shall notify the Business Associate of any changes in, or revocation of, an Individual's permission to use or disclose PHI, to the extent that such changes may affect the Business Associate's use or disclosure of PHI.

4.3 **Restriction on PHI.** DCS shall notify the Business Associate of any restriction on PHI uses and disclosures that DCS has agreed to in accordance with 45 C.F.R. §164.522, to the extent that such restriction may affect the Business Associate's use or disclosure of PHI.

4.4 **Permissible Requests by DCS.** DCS shall not request the Business Associate to use or disclose PHI in any manner that would not be permissible under the Privacy Rule if done by DCS.

ST-PLOOF-005418

### 5.0  TERM AND TERMINATION

5.1  **Term.**    The term of this Agreement is specified on page one (1) of this Agreement or in the Contract to which it is appended and shall terminate when all PHI provided by DCS to the Business Associate, or created or received by the Business Associate on behalf of DCS, is destroyed or returned to DCS.  If it is not feasible for the Business Associate to return to DCS or destroy all PHI when this Agreement terminates under the Contract or is terminated early, protections agreed to by the Business Associate are extended to such information, whether PHI is held or controlled by the Business Associate or its agents or subcontractors.

5.2  **Effect of Termination.**
1. Except as provided in subparagraph 3 of this paragraph, upon termination of this Agreement for any reason, the Business Associate shall return or destroy all PHI received from DCS, or created or received by the Business Associate on behalf of DCS. No copies or data repositories can be retained as to this information.
2. This provision shall apply to PHI in the possession or under the control of subcontractors or agents of the Business Associate.  The Business Associate and its subcontractors and agents shall retain no copies or data repositories of any type of returned or destroyed PHI unless ordered to do so by a court of law.
3. If the Business Associate determines that returning or destroying PHI is not feasible, the Business Associate shall provide to DCS written notification of the conditions making the return or destruction not feasible.  The Business Associate shall extend the protections of this Agreement to the PHI and shall limit further uses and disclosures of the PHI to the purpose that make the return or destruction not feasible, for so long as the Business Associate maintains the PHI.  If it is not feasible for the Business Associate to recover from a subcontractor or agent any PHI, the Business Associate shall provide a written explanation to DCS. The Business Associate shall require the subcontractor or agent to agree:
    i.  To extend the protections of this Agreement to the PHI in the possession of the subcontractor or agent; and
    ii.  To limit further uses or disclosures of the PHI to the purpose that makes the return or destruction not feasible, for so long as the subcontractor or agent maintains the PHI.

5.3  **Termination for Cause.**
1.  Breach of Contract.  Upon DCS's knowledge of a material breach by the Business Associate of the terms of this Agreement, DCS shall take one or more of the following actions:
    i.  Provide an opportunity for the Business Associate to cure the breach within a specified timeframe;
    ii.  Terminate this Agreement and the underlying Contract if the Business Associate does not cure the breach or end the violation within the time specified by DCS, or if a cure of the breach is not possible;
    iii.  Immediately terminate this Agreement and the underlying contract; or
    iv.  Report the violation to the Secretary, if neither termination nor cure is feasible.
2. Judicial or Administrative Proceedings.  DCS may terminate the Agreement if;

8

ST-PLOOF-005419

i.    The Business Associate is named as a defendant in a criminal proceeding for a violation of HIPAA, the HITECH Act, the HIPAA Regulations or other security or privacy laws; or

ii.   There is a governmental agency or tribunal finding or stipulation that the Business Associate has violated any standard or requirement of HIPAA, the HITECH Act, the HIPAA regulations or other security or privacy laws.

## 6.0    MISCELLANEOUS

6.1    **HIPAA Reference.**    A reference in this Agreement to HIPAA or the Privacy Rule means the regulation including the HITECH Act of 2009, as in effect on the effective date or as subsequently amended, and for which compliance is required. (45 C.F.R. § 160, §162, and §164 and 42 U.S.C. §17938).

6.2.    **Amendment.**  The parties agree to take the action necessary to amend this Agreement from time to time so that DCS may comply with the requirements of HIPAA, HITECH, court decisions and any regulatory changes.

6.3    **Interpretation.**    Any ambiguity in this Agreement shall be resolved to permit DCS to comply with the HIPAA and HITECH Rules.

| Contractor hereby acknowledges receipt and acceptance of this HIPAA Business Associate Agreement and that a signed copy must be filed with the DCS Procurement Office. | The above referenced HIPAA Business Associate Agreement is hereby executed this 15th day of Dec 2015 by the Department of Child Safety. |
|---|---|
| *James T. Thal, PhD*  10/2/15 <br> Signature                          Date | *Francine White* <br> DCS Procurement Manager |
| James S. Thal, Ph.D. <br> Printed Name | Francine Whitington <br> Printed Name |
| Psychologist <br> Title | |
| James S. Thal Ph.D. P.C. <br> Name of Contractor | |

9

ST-PLOOF-005420

ST-PLOOF-005421


## ADOA-RMD
Risk Management Division

## SOLE PROPRIETOR WAIVER

**NOTE:  THIS FORM APPLIES ONLY TO STATE OF ARIZONA AGENCIES, BOARDS, COMMISSIONS, AND UNIVERSITIES UTILIZING SOLE PROPRIETORS WITH NO EMPLOYEES.**

**IF YOU ARE CONTRACTING WITH A CORPORATION, LIMITED LIABILITY COMPANY (INCLUDING SINGLE MEMBER LLC), PARTNERSHIP, OR SOLE PROPRIETORS WITH EMPLOYEES, THIS FORM DOES NOT APPLY.**

The following is a written waiver under the compulsory Workers' Compensation laws of the State of Arizona, **A.R.S. § 23-901** (et. seq.), and specifically, **A.R.S. § 23-961(P)**, that provides that a Sole Proprietor may waive his/her rights to Workers' Compensation coverage and benefits.

I am a sole proprietor and I am doing business as **James S. Thal, Ph.D., P.C.**. I am performing work as an independent contractor for the State of Arizona, **Department Of Child Safety**, for workers' compensation purposes, and therefore, I am not entitled to workers' compensation benefits from the State of Arizona, **Department Of Child Safety. I understand that if I have any employees working for me, I must maintain workers' compensation insurance on them.**

---

Name of Sole Proprietor: _____ James S. Thal, Ph.D., P.C. _____

Telephone Number:  ( 602 ) 263-8756 _____

Street Address / P. O. Box: 7315 N. 16th Street, Suite 202 ___

City: Phoenix State: Arizona ZIP Code: 85020

Signature of Sole Proprietor: _James S. Thal, PhD_____  Date: 10/2/15 ___

---

State Agency: _____  Agency #: _____

Signature of Agency
Contract Administrator: _____  Date: _____

Contract Identification: _____

---

Both signatures must be signed and the completed form submitted to:  State of Arizona, Department of Administration, Risk Management Division, Insurance Unit, 100 North 15th Avenue, Suite #301, Phoenix, Arizona  85007.  An authorized Risk Management Representative will sign your completed form and return it to the agency to be maintained in their records.

_____   _____
Signature of Risk Management Authorized Signer           Date

Revised 12-19-2014

ST-PLOOF-005423



# CERTIFICATE OF LIABILITY INSURANCE

| DATE (MM/DD/YYYY) |
|---|
| 11/22/2017 |

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: Trust Risk Management Services, Inc | |
|---|---|---|
| Trust Risk Management Services, Inc. 1791 Paysphere Circle Chicago, IL 60674 | PHONE (A/C, No, Ext): 877.637.9700 | FAX (A/C, No): 877.251.5111 |
| | EMAIL ADDRESS: info@trustrms.com | |
| | INSURER(S) AFFORDING COVERAGE | NAIC # |
| | INSURER A: ACE American Insurance Company | 22667 |
| INSURED Dr. James S Thal James S. Thal, Ph.D., P.C. 7315 N 16th St Ste 202 Phoenix, AZ 85020 5280 | INSURER B: | |
| | INSURER C: | |
| | INSURER D: | |
| | INSURER E: | |
| | INSURER F: | |

## COVERAGES     CERTIFICATE NUMBER:     REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSR | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | X COMMERCIAL GENERAL LIABILITY | X | | | | | EACH OCCURRENCE | $1,000,000 |
| | CLAIMS MADE X OCCUR | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $1,000,000 |
| | X Sexual Abuse & Molestation is included at full policy limits | Y | Y | D378886762 | 11/01/2017 | 11/01/2018 | MED EXP (Any one person) | $10,000 |
| | | | | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | | | GENERAL AGGREGATE | $4,000,000 |
| | X POLICY PRO-JECT LOC | | | | | | PRODUCTS—COMP/OP AGG | $2,000,000 |
| | OTHER: | | | | | | | $ |
| | AUTOMOBILE LIABILITY | | | D378886762 | 11/01/2017 | 11/01/2018 | COMBINED SINGLE LIMIT (Ea accident) | $1,000,000 |
| | ANY AUTO | | | | | | BODILY INJURY (Per Person) | $ |
| | ALL OWNED AUTOS SCHEDULED AUTOS | | | | | | BODILY INJURY (Per accident) | $ |
| | X HIRED AUTOS X NON-OWNED AUTOS | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| | UMBRELLA LIAB OCCUR | | | | | | EACH OCCURRENCE | $ |
| | EXCESS LIAB CLAIMS-MADE | | | | | | AGGREGATE | $ |
| | DED RETENTION $ | | | | | | | $ |
| | WORKERS COMPENSATION AND EMPLOYERS LIABILITY Y / N ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH) If yes, describe under DESCRIPTION OF OPERATIONS below | | N / A | | | | PER STATUTE | OTH-ER |
| | | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | | E.L. DISEASE-EA EMPLOYEE | $ |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required): State of Arizona and the Department of Economic Security / State of Arizona Department of Child Safety and its departments, agencies, boards, commissions, universities, and its officers, officials, agents, and employees as additional insureds with respect to liability arising out of the activities performed by or on behalf of the Contractor. This Policy contains a Waiver of Subrogation endorsement in favor of the State of Arizona, and its department, agencies, boards, commissions, universities, officers, agents, and employees for losses arising from work performed by or on behalf of the Contractor. Sexual Abuse and Molestation (SAM) Coverage is included and sub-limited to no less than $500,000, and Sexual Abuse and Molestation coverage is included under the Commercial General Liability. This insurance is Primary, Non-Contributory. The Certificate Holder below is also included as an Additional Insured.

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Arizona Departments of Child Safety Office of Contracts 3003 N. Central, Site Code C010-20 Phoenix, AZ 85012 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. |
| | AUTHORIZED REPRESENTATIVE |

ACORD 25 (2014/01)     ©1988-2014 ACORD CORPORATION. All rights reserved.

ST-PLOOF-005424



# CERTIFICATE OF LIABILITY INSURANCE

| | DATE (MM/DD/YYYY) |
|---|---|
| | 11/21/2017 |

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: | | |
|---|---|---|---|
| PAYCHEX INSURANCE AGENCY INC<br>150 SAWGRASS DR<br>ROCHESTER, NY 14620<br>(877) 362-6785 | PHONE (A/C, No, Ext): (877) 362-6785 | | FAX (A/C, No): (877) 677-0447 |
| | E-MAIL ADDRESS: paychex@travelers.com | | |
| | INSURER(S) AFFORDING COVERAGE | | NAIC # |
| | INSURER A : THE TRAVELERS INDEMNITY COMPANY OF AMERICA | | |
| INSURED<br>JAMES S THAL PHD PC<br>7315 NORTH 16TH ST, STE 202<br>PHOENIX, AZ 85020 | INSURER B : | | |
| | INSURER C : | | |
| | INSURER D : | | |
| | INSURER E : | | |
| | INSURER F : | | |

## COVERAGES    CERTIFICATE NUMBER: 493066845071523    REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| | COMMERCIAL GENERAL LIABILITY<br>☐ CLAIMS-MADE  ☐ OCCUR | | | | | | EACH OCCURRENCE | $ |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ |
| | | | | | | | MED EXP (Any one person) | $ |
| | | | | | | | PERSONAL & ADV INJURY | $ |
| | GEN'L AGGREGATE LIMIT APPLIES PER:<br>☐ POLICY  ☐ PRO-JECT  ☐ LOC<br>☐ OTHER: | | | | | | GENERAL AGGREGATE | $ |
| | | | | | | | PRODUCTS - COMP/OP AGG | $ |
| | | | | | | | | $ |
| | AUTOMOBILE LIABILITY<br>☐ ANY AUTO<br>☐ ALL OWNED AUTOS  ☐ SCHEDULED AUTOS<br>☐ HIRED AUTOS  ☐ NON-OWNED AUTOS | | | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| | ☐ UMBRELLA LIAB  ☐ OCCUR<br>☐ EXCESS LIAB  ☐ CLAIMS-MADE<br>☐ DED  ☐ RETENTION $ | | | | | | EACH OCCURRENCE | $ |
| | | | | | | | AGGREGATE | $ |
| | | | | | | | | $ |
| A | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY  Y/N<br>ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED?<br>(Mandatory in NH)<br>If yes, describe under DESCRIPTION OF OPERATIONS below | N/A | X | UB-6B380866-17 | 03/20/2017 | 03/20/2018 | X PER STATUTE  ☐ OTH-ER | |
| | | | | | | | E.L. EACH ACCIDENT | $ 1,000,000 |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ 1,000,000 |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ 1,000,000 |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)
AS RESPECTS TO WORKERS COMPENSATION COVERAGE, WC 00 03 13 WAIVER OF OUR RIGHT TO RECOVER FROMOTHERS ENDORSEMENT HAS BEEN ATTACHED TO THE POLICY. STATE OF ARIZONA DCSFS CONTRACTS UNIT IS LISTEDIN THE ENDORSEMENT SCHEDULE AS A DESIGNATED PERSON OR ORGANIZATION.

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| STATE OF ARIZONA<br>DCSFS CONTRACTS UNIT<br>1789 WEST JEFFERSON STREET<br>SUITE 940A<br>PHOENIX, AZ 85007 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.<br><br>AUTHORIZED REPRESENTATIVE  _Marys J. Swan_ |

© 1988-2014 ACORD CORPORATION. All rights reserved.

ACORD 25 (2014/01)    The ACORD name and logo are registered marks of ACORD

ST-PLOOF-005425



**TRAVELERS**

ONE TOWER SQUARE
HARTFORD, CT 06183

WORKERS COMPENSATION
AND
EMPLOYERS LIABILITY POLICY

ENDORSEMENT  WC 00 03 13 (00)-01

POLICY NUMBER:  (IHUB-6B38086-6-17)

# WAIVER OF OUR RIGHT TO RECOVER FROM OTHERS ENDORSEMENT

We have the right to recover our payments from anyone liable for an injury covered by this policy.  We will not enforce our right against the person or organization named in the Schedule.  (This agreement applies  only to the extent that you perform work under a written contract that  requires you to obtain this agreement from us.)

This agreement shall not operate directly or indirectly to benefit any  one not named in the Schedule.

SCHEDULE

**DESIGNATED PERSON:**

**DESIGNATED ORGANIZATION:**

        STATE OF ARIZONA
        DCSFS CONTRACTS UNIT

        DATE OF ISSUE: 02-08-17        ST ASSIGN:

J4622

ST-PLOOF-005426

# CERTIFICATE OF INSURANCE

ALLIED WORLD INSURANCE COMPANY
C/O: American Professional Agency, Inc.
95 Broadway, Amityville, NY 11701
800-421-6694

This is to certify that the insurance policies specified below have been issued by the compan indicated above to the insured named herein and that, subject to their provisions and condition such policies afford the coverages indicated insofar as such coverages apply to the occupation or business of the Named Insured(s) as stated.
THIS CERTIFICATE OF INSURANCE NEITHER AFFIRMATIVELY NOR NEGATIVELY AMENDS, EXTENDS OR ALTERS THE COVERAGE(S) AFFORDED BY THE POLICY(IES) LISTED ON THIS CERTIFICATE.

Name and Address of Named Insured:
JAMES S. THAL, PH.D., P.C.
7315 N 16TH ST
STE 202
PHOENIX AZ 85020

Additional Named Insureds:
JAMES S. THAL, PH.D.

Type of Work Covered: PROFESSIONAL PSYCHOLOGIST
Location of Operations:        N/A
(If different than address listed above)

Claim History:

Retroactive date is 09/01/1992

| Coverages | Policy Number | Effective Date | Expiration Date | Limits of Liability |
|-----------|---------------|----------------|-----------------|---------------------|
| PROFESSIONAL/ LIABILITY | 5010-1578 | 9/01/17 | 9/01/18 | 1,000,000 3,000,000 |

**NOTICE OF CANCELLATION WILL ONLY BE GIVEN TO THE FIRST NAMED INSURED, WHO SHALL ACT ON BEHALF OF ALL INSUREDS WITH RESPECT TO GIVING OR RECEIVING NOTICE OF CANCELLATION.**

Comments: THE DEFENSE REIMBURSEMENT LIMIT FOR PROCEEDING ON THIS POLICY IS $25,000
ADDITIONAL INSURED: STATE OF ARIZONA AND THE
                    ARIZONA DEPARTMENT OF
                    ECONOMIC SECURITY
This Certificate Issued to:
Name:    JAMES S. THAL, PH.D., P.C.
         7315 N 16TH ST
Address: STE 202
         PHOENIX AZ 85020

_____
Authorized Representative

APA 00138 00 (06/2014)

The State of Arizona
Board of Psychologist Examiners
Certifies
**James S. Thal, Ph.D.**
Is the Holder of
Psychologist License Number 778

Issued: 11/17/1978          Expires: 7/31/2018

Bob Bohanske, PhD, FNAP
Chair
fold here

RECEIPT NO. 16550

Arizona State
Board of Psychologist Examiners
3/16/2017

ST-PLOOF-005428



| | |
|---|---|
| **LISTING OF CONTRACTOR EMPLOYEES AND SUBCONTRACTORS** | **State of Arizona Department of Child Safety Office of Procurement 3003 N. Central St, 20th Fl. Phoenix, AZ 85012** |

**Contractor Name:** James S. Thal, Ph.D., P.C.

**Contract / Solicitation Number:** ADCS16-118330

Please provide information in the table below for all employees and subcontractors who will be engaged in direct client services under this contract. List the names, date of birth, date of hire, and fingerprinting clearance card number (put pending if card not obtained yet).

| Employee/Subcontractor Name | Date of Birth | Date of Hire | Fingerprinting Clearance Card No. |
|---|---|---|---|
| James S. Thal | ███████ | ███████ | ███████ |
| Tamara S. Kelly | ███████ | ███████ | ███████ |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

ST-PLOOF-005429



| **Participation in Boycott of Israel Notification** | State of Arizona |
|---|---|
| | Department of Child Safety |
| **Contract/Solicitation No:** | Office of Procurement & Contracts |
| | 3003 N. Central Ave., 20th Fl. |
| **Service:** | Phoenix, AZ 85012 |

All materials submitted as part of a response to a solicitation are subject to Arizona public records law and will be disclosed if there is an appropriate public records request at the time of or after the award of the contract. Recently legislation has been enacted to prohibit the state from contracting with companies currently engaged in a boycott of Israel. To ensure compliance with A.R.S. §35-393.01. This form must be completed and returned with the response to the solicitation and any supporting information to assist the State in making its determination of compliance.

As defined by A.R.S. §35-393.01:

1. "Boycott" means engaging in a refusal to deal, terminating business activities or performing other actions that are intended to limit commercial relations with Israel or with persons or entities doing business in Israel or in territories controlled by Israel, if those actions are taken either:
    (a) In compliance with or adherence to calls for a boycott of Israel other than those boycotts to which 50 United States Code section 4607(c) applies.
    (b) In a manner that discriminates on the basis of nationality, national origin or religion and that is not based on a valid business reason.
2. "Company" means a sole proprietorship, organization, association, corporation, partnership, joint venture, limited partnership, limited liability partnership, limited liability company or other entity or business association, and includes a wholly owned subsidiary, majority-owned subsidiary, parent company or affiliate.
3. "Direct holdings" means all publicly traded securities of a company that are held directly by the state treasurer or a retirement system in an actively managed account or fund in which the retirement system owns all shares or interests.
4. "Indirect holdings" means all securities of a company that are held in an account or fund, including a mutual fund, that is managed by one or more persons who are not employed by the state treasurer or a retirement system, if the state treasurer or retirement system owns shares or interests either:
    (a) together with other investors that are not subject to this section.
    (b) that are held in an index fund.
5. "Public entity" means this State, a political subdivision of this STATE or an agency, board, commission or department of this state or a political subdivision of this state.
6. "Public fund" means the state treasurer or a retirement system.
7. "Restricted companies" means companies that boycott Israel.
8. "Retirement system" means a retirement plan or system that is established by or pursuant to title 38.

**All offerors must select one of the following:**

_____✓_____    My company **does not** participate in, and agrees not to participate in during the term of the contract a boycott of Israel in accordance with A.R.S. §35-393.01. I understand that my entire response will become public record in accordance with A.A.C. R2-7-C317.

_____    My company **does** participate in a boycott of Israel as defined by A.R.S. §35-393.01. :

By submitting this response, proposer agrees to indemnify and hold the State, its agents and employees, harmless from any claims or causes of action relating to the State's action based upon reliance on the above representations, including the payment of all costs and attorney fees incurred by the State in defending such an action.

| | |
|---|---|
| James S. Thal Ph.D. PC | James S. Thal Ph.D |
| Company Name | Signature of Person Authorized to Sign |
| 7315 N. 16th Street, Suite 202 | James S. Thal Ph.D. |
| Address | Printed Name |
| Phoenix          Az          85020 | Psychologist |
| City          State          Zip | Title |

**ST-PLOOF-005430**



| | **Contract Amendment** | State of Arizona<br>Department of Child Safety<br>Office of Procurement<br>3003 N. Central St, 20th Fl.<br>Phoenix, AZ 85012 |
| --- | --- | --- |
| | **Contract #:** ADCS16-118330 | |
| | **Amendment #:** 2 | |

The purpose of this Amendment is to extend the contract and add the Participation in the Boycott of Israel Notification.

Pursuant to the DCS Special Terms and Conditions, Contract Term and Option to Extend, the above referenced contract is extended for the time period from January 1, 2018 to December 31, 2018. The rates are not adjusted for the extension period and shall remain the same as the previous contract term.

Pursuant to Uniform Terms and Conditions, Section 5.0 Contract Changes, Subsection, 5.1 Amendments, Attachment Ten (10), Participation in the Boycott of Israel Notification, is incorporated into the Contract.

**ST-PLOOF-005431**