# EXHIBIT 27

**JAMES S. THAL, Ph.D.**
*Licensed Psychologist*
7315 N. 16th Street, Suite 202
Phoenix, AZ 85020
Tel (602) 263-8756
Fax (602) 263-8772

March 14, 2018

Claudia Hoff
Department of Child Safety
1201 S. Alma School Road, Suite 1100
Mesa, Arizona  85210

RE:  Brendi Ploof's Psychological Evaluation Report (dated 1/4/18)

Dear Ms. Hoff,

I sent the original report regarding Brendi Ploof to your predecessor, Paige Szymkowski, on 1/18/18. Ms. Szymkowski contacted me not long thereafter and we spoke on the telephone on 1/30/18. As you know, your predecessor has had significant concerns about the maternal grandmother's ability to meet Hunter's needs. Ms. Szymkowski, who did not ask me to change anything in my report, expressed her concerns about the substandard condition of the grandmother's residence and the child's very poor overall condition when he came into care. Hunter, according to Ms. Szymkowski, was grossly neglected and under-developed while in the grandmother's home and, presumably, while in the grandmother's care, at least part of the time. I should note that during her evaluation, Ms. Ploof confirmed that she had previously had substantial caregiving responsibilities for her grandson, but she denied any neglect. The grandmother's stated objective was "to help my daughter get her son back."

A second major point raised by Ms. Szymkowski in our 1/30/18 telephone conversation, had to do with the critically important relationship she believed Hunter had established with his foster parents. Your predecessor was clearly concerned about the traumatic impact of removing him from a secure placement where he was (A) bonded and (B) had made significant progress. I advised Ms. Szymkowski that I would review my findings and consider drafting a follow-up letter suggesting ways to address her concerns regarding the grandmother and the question of Hunter's best interest. I drafted such a letter within two days in anticipation of sending it to you because Ms. Szymkowski had advised me in our phone conversation that you were to be the new case manager. You emailed me on 2/1/18 and suggested, in lieu of a follow-up letter, that I could simply make my changes to Ms. Ploof's evaluation report because you had not yet

Re: Brendi Ploof's Psychological Evaluation Report (dated 1/4/18)
March 14, 2018
Page 2

disclosed the report. I responded via email on 2/2/18 advising you that I would make any revisions directly to Brendi Ploof's report and re-issue the report to you. I also asked you to shred the original report so as to avoid any confusion. In any case, the revised Brendi Ploof report, which I released to you on 2/7/18, represents my final and complete psychological evaluation of the grandmother.

While I certainly regret any confusion which may have arisen from parallel copies of my report being released, I feel strongly that the changes I made to Ms. Ploof's report were necessary and appropriate in order to provide a more comprehensive set of findings and recommendations. If you have any questions regarding the above explanation, please do not hesitate to contact my office.

Best Regards,

*[signature]*

James S. Thal, Ph.D.
Psychologist