KRISTIN K. MAYES
Attorney General

Deborah Garner (026161)
Assistant Attorney General
2005 North Central Avenue
Phoenix, Arizona 85004-1592
Phone: (602) 542-8050
Fax: (602) 542-3393
DefensePhx@azag.gov
Deborah.Garner@azag.gov

*Attorney for DCS Defendants*

UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Ploof, | Case No: CV21-00853-PHX-JJT |
| Plaintiff, | |
| v. | **DCS DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| State of Arizona, et al., | |
| Defendants. | |

Department of Child Safety ("DCS") Defendants Tafoya, Greenway, Szymkowski, Hoff, and Breeding ("DCS Defendants") through counsel, respond to Plaintiff's Motion for Summary Judgment. (Doc. 121). Plaintiff seeks summary judgment on claims alleging judicial deception (Claim Four), conspiracy (Claim Five), and violation of due process for failing to provide reasonable efforts to preserve the family relationship during the state dependency proceedings (Claim Six). Plaintiff bears the burden of demonstrating the absence of any genuine dispute of material fact and entitlement to judgment as a matter of law. Plaintiff has not met that burden.

**I.   PRELIMINARY MATTER.**

Section C of Plaintiff's motion seeks summary judgment on an "Abuse of Process" claim. (Doc. 121, p. 19.) The operative First Amended Complaint ("FAC") does not assert such a claim; therefore, no abuse of process cause of action is before this Court. (Doc. 54.) Because summary judgment may be granted only on claims properly pled

1 before the Court, Plaintiff's request for summary judgment as to abuse of process should
2 be denied.

## II. FACTUAL BACKGROUND AND LEGAL STANDARD

DCS Defendants incorporate by reference the Statement of Facts ("DSOF") and supporting exhibits (Doc. 107) filed in support of their Motion for Summary Judgment (Doc. 106) and Defendant Thal's Statement of Facts ("TSOF") and supporting exhibits (Doc. 114) filed in support of his Motion for Summary Judgment (Doc. 113.) DCS Defendants also rely on their Controverted Statement of Facts filed simultaneous with this response.

The standard governing summary judgment under Federal Rule of Civil Procedure 56 is set forth in DCS Defendants' Motion for Summary Judgment (Doc. 106) and is incorporated by reference herein. Because Plaintiff seeks summary judgment, she bears the burden of demonstrating the absence of any genuine dispute of material fact and entitlement to judgment as a matter of law. The evidence must be viewed in the light most favorable to DCS Defendants.

## III. LAW AND ARGUMENT.

### A. Plaintiff Cannot Establish § 1983 Judicial Deception and Conspiracy Claims.

Plaintiff seeks summary judgment on her § 1983 claims alleging that DCS Defendant Szymkowski engaged in judicial deception (Claim Four) and that DCS Defendants Szymkowski and Hoff conspired with Dr. Thal to violate Plaintiff's constitutional rights (Claim Five). These claims fail as a matter of law. To prevail on judicial deception, Plaintiff must show that Szymkowski deliberately or recklessly made a false statement or omission that was material to the court's decision. *See Benavidez v. County of San Diego,* 993 F.3d 1134, 1147 (9th Cir. 2021.) Similarly, to establish a § 1983 conspiracy, Plaintiff must show an agreement or "meeting of the minds" among the alleged conspirators to violate constitutional rights. *See Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010.) Plaintiff cannot meet either standard.

2

### 1. Plaintiff cannot establish judicial deception.

Plaintiff's motion does not identify any false statement that Szymkowski made to the juvenile court. Instead, Plaintiff focuses primarily on the fact that Dr. Thal revised a psychological evaluation after speaking with Szymkowski. But communication between a caseworker and an evaluator does not establish that Szymkowski made a false statement to the court—much less a deliberate falsehood made with reckless disregard for the truth. Moreover, the evaluation that Dr. Thal revised was not Plaintiff's evaluation, but an evaluation concerning Brendi, the maternal grandmother. (Doc. 107, DSOF ¶ 46.) At most, Plaintiff disputes the conclusions reflected in the revised evaluation and characterizes the revision as improper. Disagreement with the conclusions of an evaluator, however, does not establish that Szymkowski made a deliberate false statement or acted with reckless disregard for the truth.

The record further reflects that the circumstances surrounding the revised evaluation were not concealed from the juvenile court. During the severance proceedings, witnesses, including Szymkowski and Dr. Thal, testified under oath regarding the evaluations and the circumstances surrounding the report revision. (Doc. 107, DSOF ¶ 47- 48; Doc. 114, TSOF ¶¶ 51-56.) Plaintiff's counsel cross-examined Dr. Thal at length regarding both versions of his report, including questioning him about his communication with Defendant Szymkowski and the differences between the two evaluations. ((Doc. 114) TSOF, Ex. S at 73:11-79:2; Ex. T at 64:23-91:16.) Therefore, the juvenile court had the opportunity to hear testimony, assess the witnesses, and independently evaluate the evidence before making its ruling. Where a court hears testimony and makes its own credibility determinations, a plaintiff cannot establish that the court was misled absent proof that a defendant knowingly presented false testimony or fabricated evidence. Plaintiff identifies no such evidence.

Because Plaintiff has not shown that Szymkowski made a deliberate false statement or material omission to the juvenile court, she cannot establish judicial deception or the

1 underlying constitutional violation necessary to support her § 1983 conspiracy claim.
2 Accordingly, Plaintiff is not entitled to summary judgment on Claim Four or Claim Five.

### 2. Plaintiff cannot establish a meeting of the minds.

Plaintiff cannot establish the essential element that DCS Defendants and Dr. Thal agreed to violate Plaintiff's constitutional rights.  Although a § 1983 conspiracy claim requires evidence of an agreement or "a meeting of the minds," Plaintiff offers only conclusory allegations and speculation which are insufficient to establish an agreement. *Burns County v. King*, 883 F. 2d. 819, 821(9th Cir. 1989.)  Plaintiff points to a phone call between Szymkowski and Dr. Thal regarding his psychological report and the fact that Dr. Thal later revised aspects of that report.  From these facts, Plaintiff asks the court to infer that DCS Defendants Szymkowski, Hoff, and Dr. Thal agreed to fabricate evidence in order to terminate Plaintiff's parental rights.  But the record contains no evidence supporting that inference.

Plaintiff next argues that a conspiracy may be inferred from circumstantial evidence when defendants' actions would be unlikely absent an agreement.  But the conduct identified here—communication between a caseworker and an evaluator and a subsequent revision to a report—is entirely consistent with independent professional judgment and is not circumstantial evidence of an agreement between DCS Defendants and Dr. Thal. Plaintiff further attempts to support that inference by describing the conversation and the subsequent revision as "ex parte," "improperly influenced," and "profoundly altered." Those labels reflect only Plaintiff's characterizations of the events, not evidence that an agreement existed.

The actual evidence confirms that no agreement existed. The testimony establishes that Szymkowski contacted Dr. Thal after reviewing Brendi's original psychological evaluation to voice concerns and to ensure that he had complete information about the case. (Doc. 107, DSOF ¶ 46; Doc. 114 TSOF ¶¶ 34–35.)  Szymkowski did not ask Dr. Thal to change his report or direct him to reach any particular conclusion.  (Doc. 107, DSOF ¶ 48; Doc. 114, TSOF ¶¶ 36–38.)  Hoff likewise did not direct Dr. Thal to revise

his report and expected him to consider the information and independently determine whether any changes were warranted. (Doc. 114, TSOF ¶¶40–42.) Dr. Thal confirms that the revisions to his report were the result of his own independent professional judgment. He testified that Szymkowski never asked him to change his report and that any revisions were drafted solely by him after he reviewed the case materials again. (Doc. 107, DSOF ¶48; TSOF Ex. S at pp. 73:11-75:25.) Moreover, Szymkowski expressly stated that she never entered into any agreement with Dr. Thal to deprive Plaintiff of her parental rights, to seek termination of those rights, or to prevent Brendi from obtaining guardianship. (Doc. 114, TSOF Ex. P, pp. 223:23-225:17.) Finally, as discussed above, the circumstances surrounding Dr. Thal's revised report were fully explored in the juvenile court proceedings, where Dr. Thal testified regarding his evaluations, opinions, and the revision of his report, and the court had the opportunity to assess that testimony directly. (Doc. 107, DSOF ¶ 47; Doc. 114, TSOF ¶¶ 51-56.) The undisputed evidence does not support the conclusion that DCS Defendants and Dr. Thal reached any agreement to fabricate evidence or otherwise violate Plaintiff's constitutional rights. The evidence shows only that a caseworker conveyed concerns about the case and that Dr. Thal independently reconsidered aspects of his professional evaluation after receiving that information. Such circumstances do not establish the "meeting of the minds" required to support a § 1983 conspiracy.

### 3. Dr. Thal is not a state actor for purposes of § 1983.

Plaintiff's conspiracy theory also depends on the premise that Dr. Thal was a state actor. Liability under 42 U.S.C. § 1983 attaches only when the alleged deprivation of a constitutional right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988.) Plaintiff argues that Dr. Thal qualifies as a state actor because he performed psychological evaluations pursuant to a contract with DCS and received referrals from the agency. But private professionals that perform services for a state agency pursuant to a contract do not become state actors merely because they are retained, paid, or frequently utilized by the agency. A private party may be treated as a

1  state actor only in limited circumstances, including when the private party performs a
2  function traditionally and exclusively reserved to the state, acts jointly with the state, acts
3  under state compulsion, or has such a close nexus with the state that the conduct may fairly
4  be treated as that of the state itself.  *Kirtley v. Rainey*, 326 F.3d 1088, 1092–95 (9th Cir.
5  2003).  None of those circumstances are present here.

6        Plaintiff argues that Dr. Thal's communications with DCS personnel and the
7  subsequent revision of his report demonstrate joint action or a sufficiently close nexus
8  with the State.  The record does not support that conclusion.  As discussed above, the
9  undisputed testimony establishes that Dr. Thal exercised independent professional
10 judgment in preparing his evaluation and that neither Szymkowski nor Hoff directed him
11 to change his conclusions.  The fact that Dr. Thal communicated with DCS personnel or
12 received information relevant to his evaluation does not establish joint action with the
13 State.  Nor does the record show that the State compelled Dr. Thal to reach any particular
14 opinion or that he exercised any governmental authority over Plaintiff.  Rather, the record
15 reflects that Dr. Thal acted in his professional capacity as a psychologist who prepared an
16 evaluation for the juvenile court's consideration.  Providing an expert evaluation that may
17 be considered by a court does not convert a private professional into a state actor.  Under
18 these circumstances, Plaintiff cannot establish that Dr. Thal acted under color of state law.

19       For these reasons, Plaintiff cannot establish the elements of her § 1983 claims for
20 judicial deception (Claim Four) and conspiracy (Claim Five), and her motion for summary
21 judgment on those claims should be denied.

22     **B.**    **Plaintiff Cannot Establish a Constitutional Violation Based on Alleged Failures in Providing Reasonable Efforts.**
23

24       Plaintiff also seeks summary judgment on Claim Six, which alleges that DCS
25 Defendants failed to make reasonable efforts to preserve the family relationship.  Plaintiff
26 frames this alleged failure as a violation of her constitutional right to familial association
27 under the Fourteenth Amendment.  The Fourteenth Amendment prohibits states from
28 depriving any person of life, liberty, or property without due process of law. U.S. CONST.

1    amend. XIV.  A parent's interest in the care, custody, and control of his or her children is
2    a fundamental liberty interest protected by that provision.  *Troxel v. Gravnille,* 530 U.S.
3    57, 65-66 (2000).  Although this interest is fundamental, the Constitution does not prohibit
4    the state from interfering with the parent-child relationship when fundamentally fair
5    procedures are provided.  *Wagner v. County of Spokane,* 506 F. Supp. 1091, 1098 (E.D.
6    Wash. 2020) (quoting *Santosky v. Kramer*, 455 U.S. 745, 753-54 (1982)).

7         In her Response, Plaintiff does not dispute that she received reunification services
8    during the dependency proceedings.  (Doc. 121, p. 18:4-6.)  Instead, she contends those
9    services were effectively meaningless because DCS Defendants had already decided to
10   pursue termination of her parental rights and allegedly steered the dependency process
11   toward that outcome.  But even accepting Plaintiff's characterization of events, her claim
12   fails as a matter of law.  To establish a violation of the Fourteenth Amendment, Plaintiff
13   must show that DCS Defendants deprived her of fundamentally fair procedures during the
14   dependency proceedings.  Plaintiff offers no evidence supporting such a claim.  Her
15   argument rests entirely on speculation and conclusory assertions that the outcome of the
16   dependency proceedings was predetermined.  Rule 56 requires more than speculation and
17   conclusory assertions.

18        The undisputed evidence shows Plaintiff received reunification services and that
19   DCS explored reunification options throughout the dependency proceedings.  DCS
20   investigated possible reunification arrangements, including a co-parenting plan, and the
21   case plan remained family reunification for more than eighteen months before the juvenile
22   court later changed the case plan to severance and adoption.  (Doc. 107, DSOF ¶ 30.)
23   Additionally, Plaintiff appeared at the initial dependency hearing, where the juvenile court
24   appointed counsel and a *guardian ad litem* to represent her.  (*Id*. at ¶ 17.)  Plaintiff testified
25   that she understood the services required for reunification and could seek clarification
26   from her case specialist if she had questions.  (*Id.* at ¶ 32.)  The court reports submitted
27   during the dependency proceedings outlined the services offered to Plaintiff and updated
28   the juvenile court regarding her participation in those services.  (*Id.* at ¶ 40.)

7

The juvenile court repeatedly evaluated whether reasonable reunification efforts had been made and made findings consistent with that conclusion during the dependency proceedings. (*Id*. at ¶¶ 21, 37.) A severance trial was ultimately held, after which the juvenile court issued a detailed termination order. In that order, the court specifically identified the reunification services provided to Plaintiff and concluded that DCS made reasonable efforts to assist in reunifying the family. (*Id.* at ¶ 31, Ex. 21 at ST-PLOOF-004246-004249; ST-PLOOF-004252-004253.) Plaintiff appealed the termination of her parental rights, and the Arizona Court of Appeals determined that sufficient evidence supported the juvenile court's finding that DCS made diligent reunification efforts. (*Id.* at ¶ 33.) After remand, the Court of Appeals affirmed the termination order and found no error or violation of Plaintiff's due process rights. (*Id.* at ¶¶ 34-35.) On this record, Plaintiff cannot establish that she was deprived of fundamentally fair procedures and therefore, is not entitled to summary judgment on this claim.

## IV.    CONCLUSION.

For the foregoing reasons, Plaintiff has not established that she is entitled to summary judgment on any of her claims. The record demonstrates Plaintiff cannot establish the elements of her § 1983 claims for judicial deception, conspiracy, or deprivation of her right to familial association. Accordingly, Plaintiff's Motion for Summary Judgment should be denied.

DATED this 13th day of March, 2026.

                                              Kristin K. Mayes
                                              Attorney General

                                              s/Deborah Garner
                                              Deborah Garner
                                              Assistant Attorney General
                                              *Attorney for DCS Defendants*

**CERTIFICATE OF SERVICE**

I certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, this 13th day of March, 2026:

Thomas A. Connelly, Esq.
Robert T. Mills, Esq.
Sean A. Woods, Esq.
MILLS + WOODS LAW, PLLC
tconnelly@millsandwoods.com
rmills@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Ploof*

DeeAn Gillespie Strub, Esq.
Jenny D. Jansch, Esq.
GILLESPIE, SHIELDS & TAYLOR
dgillespie@gillaw.com
jjansch@gillaw.com
*Attorneys for Ploof*

Jeffrey S. Hunter, Esq.
WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC
jhunter@wwhgd.com
*Attorneys for Defendant Thal*

By: s/Jill Lafornara