Jeffrey S. Hunter, Esq.
Arizona Bar No. 024426
WEINBERG, WHEELER, HUDGINS,
  GUNN & DIAL, LLC
1 North Central Avenue, Suite 900
Phoenix, Arizona 85004
Telephone: (602) 256-3015
Facsimile: (602) 307-5853
*Counsel for Defendant James Thal*

jhunter@wwhgd.com
docketing-PHX@wwhgd.com

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Ploof, an individual, | Case No.: CV-21-00853-PHX-JJT |
| Plaintiff, | |
| v. | |
| State of Arizona, a government entity; Arizona Department of Child Safety, governmental entity; Meagan Tafoya, individually and as an employee with the State of Arizona Department of Child Safety and John Doe Tafoya, her spouse; Sarah Greenway, individually and as an employee with the State of Arizona Department of Child Safety and John Doe Greenway, her spouse; Paige Szymkowski, individually and as an employee with the State of Arizona Department of Child Safety, and John Doe Szymkowski, her spouse; Claudia Hoff, individually and as an employee with the State of Arizona Department of Child Safety, and John Doe Hoff, her spouse; Nick Breeding, individually and as an employee with the State of Arizona Department of Child Safety, and Jane Doe Breeding, his spouse; Gregory Mckay, as former Director, Arizona Department of Child Safety; Michael Faust, as Director, Arizona Department of Child Safety; James Thal, individually and as a services provider for the State of Arizona Department of Child Safety and Jane Doe Thal, his spouse, John and Jane Does 1-5; and Black Entities 1-5, | **DEFENDANT JAMES THAL'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| Defendants. | |

Defendant James Thal ("Dr. Thal") hereby files this Response to Plaintiff's Motion for Summary Judgment. (Doc. 121). Plaintiff seeks, as it pertains to Dr. Thal, summary judgment regarding claim five- conspiracy. Plaintiff has failed to demonstrate the existence of a conspiracy.

### I.   Factual Background

Dr. Thal incorporates by reference herein the arguments in his Motion for Summary Judgment at pages two through ten. (Doc. 113) Dr. Thal's Motion for Summary Judgment requests summary judgment on claim five- conspiracy (the only claim pending against Dr. Thal). Accordingly, Dr. Thal will not repeat in this Response every argument already contained in his Motion for Summary Judgment. Further, Dr. Thal incorporates by reference his Statement of Facts and supporting documents in support of his Motion for Summary Judgment (Doc. 114) and the Statement of Facts filed by DCS in support of its Motion for Summary Judgment (Doc. 107).

### II.   Legal Standard

Dr. Thal set forth in his Motion for Summary Judgment the standard for granting summary judgment and hereby incorporates herein. (Doc. 113).

### III.   Plaintiff's claim for conspiracy to deprivation of Constitutional parental rights is without merit.

"A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage" *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999) (citing *Vieux v. East Bay Reg'l Park Dist.,* 906 F.2d 1330, 1343 (9th Cir. 1990). Conclusionary allegations and speculation are insufficient to demonstrate a meeting of the minds. *Burns v. Cty of King*, 883 F.3d 819 (9th Cir. 1989). Plaintiff has failed to produce any evidence to establish that Ms. Szymkowski, Ms. Hoff, and Dr. Thal had a meeting of the minds or otherwise agreed to deprive Plaintiff of her parental rights.

Plaintiff does not dispute that Dr. Thal did not modify his reports regarding Jessica Ploof. Plaintiff does not dispute any fact or opinion within those reports is false, incorrect, or was subject to a deviation from the standard of care by Dr. Thal. Plaintiff does not

dispute that there was no conspiracy concerning the contents of Dr. Thal's reports regarding his evaluations of Jessica Ploof. Plaintiff does not dispute Dr. Thal's conclusion that Plaintiff did not have adequate parenting skills. In fact, Plaintiff agrees that she did not have adequate parenting skills by 1) not disputing Dr. Thal's reports, opinions, and recommendation regarding his evaluation of her and 2) admitting same in the Severance proceeding when she filed her Motion seeking her mother, Brendi Ploof, be appointed guardian (in that motion she admitted she did have adequate parenting skills). (Doc. 114, TSOF 26, 27) Further, Plaintiff does not argue in her Motion that she failed to receive due process in the Severance proceeding.

Plaintiff states in her Motion for Summary Judgment as the sole "factual basis" for a conspiracy the following:

- Ms. Szymkowski "expressed her concerns" regarding Plaintiff and Brendi Ploof as well as H.P. having been bonded with his foster family.
- Ms. Szymkowski "improperly influenced" Dr. Thal.
- Ms. Szymkowski "improperly and overtly influenced" Dr. Thal to change his report regarding Brendi Ploof.
- Ms. Szymkowski conveyed false and irrelevant information to Dr. Thal.
- Dr. Thal modified his report regarding his first evaluation of Brendi Ploof after discussion Ms. Szymkowski "expressed her concerns" and "improperly and overtly influenced" him.
- Dr. Thal receives significant revenue from performing psychological examinations from the Department of Child Safety ("DCS").
- Dr. Thal suggested to Hoff his first report be shredded and his modified report be produced the Court and all parties.

Even if these alleged "facts" as suggested by Plaintiff were actual established facts in the case (which they are not), these facts fail to demonstrate conspiracy. Plaintiff must demonstrate an agreement or meeting of the minds to violate a constitutional right and each participant must at least share the common objective. *Crowe v Cty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010). Plaintiff's alleged factual basis is simply the following:

Szymkowski expressed her concerns regarding the Ploofs; Dr. Thal revised his report regarding his evaluation of Brendi Ploof conducted on January 4, 2018 after a re-review of the file after the conveyance of Szymkowski's concerns; Dr. Thal suggested, to avoid confusion, his initial report be shredded; Dr. Thal recommended a bonding assessment; Dr. Thal receives substantial revenue from DCS. These alleged facts do not demonstrate a conspiracy.

Plaintiff criticizes only Dr. Thal's revised report regarding the evaluation of Brendi Ploof on January 4, 2018. She does not criticize in any manner Dr. Thal's report from the second evaluation of Brendi Ploof on January 4, 2019. Regarding the changes to the original report to the first evaluation with Brendi Ploof, Plaintiff mischaracterizes the reports by suggesting modifications wherein there was no change or where a modification was made, suggesting a wrong conclusion. The table below addresses the specific criticism by Plaintiff to the reports:

| Original Report (Doc. 114, TSOF 32) | Revised Report (Doc. 114, TSOF 44) |
|---|---|
| Page 8, ¶ 2 – Same – no change in wording from Exhibit G | Page 8, ¶ 2 - – Same – no change in wording from Exhibit F. |
| Page 9, ¶ 9 – Same – no change in wording from Exhibit G | Page 9, ¶ 9 – Same – no change in wording from Exhibit F |
| Page 8, ¶ 2- – Same- no change in wording from Exhibit G | Page 8, ¶ 2 - – Same – no change in wording from Exhibit F |
| Page 8, ¶ 1 – "No diagnosis" is accurately cited. | Page 9 – Changed from "no diagnosis" to "995.52 Child Neglect by history". |
| Page 8, ¶ 2 – Alleged statement not present in report as cited by Plaintiff. | Page 8, ¶ 2 – Alleged statement not present in report as cited by Plaintiff. |
| Page 8, ¶ 4 Alleged statement not present in report as cited by Plaintiff. | Page 8, ¶ 4 – Cited accurately by Plaintiff |

Plaintiff in fact admits that Dr. Thal did <u>not</u> opine that Brendi Ploof was inadequate to be a guardian, but Dr. Thal in fact stated in the revised evaluation report "prognosis that [Brendi] will be able to demonstrate minimally adequate caregiving skills to [H.P.] in the

foreseeable future is as favorable…" (Doc. 114, TSOF 44). Further, Dr. Thal stated in both evaluation reports that Brendi Ploof could be an appropriate placement for H.P. and Brendi Ploof possessed the ability to meet the special needs of H.P. Dr. Thal's opinions regarding whether placement H.P. with Brendi remained the same in each report. (Doc. 114, TSOF 32, 44).

Subsequent to the completion of the evaluation of Brendi Ploof on January 4, 20189 by Dr. Thal, DCS retained Dr. Bruce Bennett to perform a bonding assessment. Dr. Bennett concluded that Jessica did not meet adequate parental skills and Brendi likewise was not a viable co-parent. (Doc. 114, TSOF 59). While Plaintiff suggests that Dr. Bennett's opinions were "improperly influenced" by Dr. Thal's evaluation report, Plaintiff is simply speculating as to what, if any, effect the evaluation report had on Dr. Bennett forming his own opinions. In any event, Dr. Thal in both reports regarding his evaluation of Brendi Ploof on January 4, 2018, opined that Brendi could be an adequate co-parent. It is Dr. Bennett who independently after his own evaluations concluded Brendi is not a viable co-parent. (Doc 114, TSOF 59). Plaintiff does not allege that Dr. Bennett was a conspirator with anyone. Plaintiff does not allege Dr. Bennett's assessment or reports fell below the standard of care.

Dr. Thal's only substantive change to his original report regarding the January 4, 2018, evaluation of Brendi Ploof was the addition of a recommendation for a bonding assessment. Ms. Szymanski contacted Dr. Thal to "express her concerns" after Dr. Thal produced the original report to DCS. (Doc. 107, DSOF 46; Doc. 114 TSOF 45-45). Ms. Szymkowski and Ms. Hoff did not direct or request Dr. Thal change his report. (Doc.107, DSOF 48; Doc. 114 TSOF 36-38; Doc. 114, TSOF 40-42). Dr. Thal testified that neither Hoff or Szymanski requested he change his report, opinions, or recommendations. (Doc. 107, DSOF 48; Doc. 114, TSOF Ex. P., pp. 223:23-225:17). His opinions and recommendations did not substantively change.

Plaintiff argues that her retained expert, Dr. Andrew Clark, was critical of Dr. Thal. Dr. Clark did opine that Dr. Thal's methodology was below the standard of care. However, Dr. Andrew Clark testified that he did not opine regarding Jessica Ploof's parenting skills

Page 5 of 7

and has no opinion, he did not opine regarding Brendi Ploof's parenting skills and has no opinion, he has no opinions on whether the recommendation for severance by DCS was appropriate or not, and <u>he has no opinions as to whether Dr. Thal's recommendations (inclusive of a bonding assessment) were correct or incorrect.  (TSOF Controverting 50). Dr. Clark further opined that Dr. Thal believed he was acting in the best interests of H.P.</u> (TSOF controverting 51).

## IV.  Conclusion

For the foregoing reasons, Plaintiff cannot establish she is entitled to summary judgment on count V- conspiracy.  Plaintiff's Motion for Summary Judgment should be denied.

Respectfully submitted this 13th day of March, 2026.

        WEINBERG, WHEELER, HUDGINS,
         GUNN & DIAL, LLC

        By *s/Jeffrey S. Hunter*
         Jeffrey S. Hunter, Esq.
         1 North Central Avenue, Suite 900
         Phoenix, Arizona 85004
         *Counsel for Defendant James Thal*

# CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of March, 2026, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmitted a Notice of Electronic Filing to the following CM/ECF participants:

Thomas A. Connelly
Robert T. Mills
Sean A. Woods
Mills + Woods Law PLLC
5055 North 12th Street, Ste. 101
Phoenix, AZ 85014
tconnelly@millsandwoods.com
rmills@millsandwoods.com
swoods@millsandwoods.com

DeeAn Gillespie Strub
Mark Shields
Gillespie, Shields, & Taylor
7319 N. 16th Street
Phoenix, AZ 85020
dgillespie@gillaw.com
kreeves@gillaw.com

*Attorneys for Plaintiff*

Deborah Garner
Assistant Attorney General
2005 N. Central Avenue
Phoenix, AZ 85004
julie.rhodes@azag.gov
deborah.garner@azag.gov
*Attorneys for State Defendants*

By *s/Connie Traslavina*