# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Ploof, | No. CV-21-00853-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, *et al.*, | |
| Defendants. | |

At issue is Plaintiff Jessica Ploof's Motion for Leave to Exceed LRCiv 7.2(e) Page Limits (Doc. 123). There being no opposition filed by any Defendants in the time prescribed by Local Rule 7.2, and upon good cause appearing, the Court grants the motion.

Also pending before the Court are three motions to seal, each filed by a different party (Docs. 134, 136, 143). Arizona law provides that DCS records and dependency proceeding records are confidential and should be disclosed only in limited circumstances. A.R.S. § 8-208(F); A.R.S. § 41-1959(A). For example, DCS records may be accessed by a court or a person who is the subject of the DCS information, *see* A.R.S. § 8-807. However, a person who is subject of the DCS information cannot "waive the confidentiality of DCS information concerning any other person." A.R.S. § 8-807(Q). Those who receive DCS information concerning any other person "shall maintain the confidentiality of the information and shall not further disclose the information unless the disclosure is authorized by law or a court order." A.R.S. § 8-807(U).

. . .

DCS Defendants and Defendant Thal each move to file under seal excerpted depositions in support of their respective controverted statement of facts (Docs. 134; 143). Plaintiff, too, moves to file exhibits under seal[1] (Doc. 136), and those documents include six transcript proceedings from the dependency severance trial and DCS's individualized family service plan for the minor child. The deposition excerpts lodged by Defendants either quote DCS records, discuss DCS information regarding the minor child and others subjected to the DCS investigation who are not Plaintiff, or discuss aspects of the dependency proceeding. The identifiable information is extensive throughout these excerpts. Additionally, the documents lodged by Plaintiff are records of the DCS investigation and dependency proceedings. In considering §§ 8-807, 8-208(F), and 41-1959(A), there are compelling reasons to seal these exhibits because redactions would be insufficient to the confidentiality of the dependency proceedings and DCS information concerning people other than Plaintiff. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006).

**IT IS ORDERED** granting Plaintiff's Motion for Leave to Exceed LRCiv 7.2(e) Page Limits; DCS Defendants' Motion to File Exhibits in Support of Controverted Statement of Facts Under Seal; Plaintiff's Motion for Leave to File Exhibits Under Seal; and Defendant Thal's Motion to File Exhibit Under Seal (Docs. 123, 134, 136, 143).

**IT IS FURTHER ORDERED** directing the Clerk of Court to file under seal the documents currently lodged under seal at Docs. 135, 137, and 144.

Dated this 20th day of March, 2026.

Honorable John J. Tuchi
United States District Judge

---

[1] Strangely, Plaintiff originally lodged her Motion for Leave to File Exhibits Under Seal (Doc. 136) as a proposed order. In the future, Plaintiff should refrain from lodging motions to ensure the filing is properly docketed for the Court's resolution.