KRISTIN K. MAYES
Attorney General

Deborah Garner (026161)
Assistant Attorney General
2005 North Central Avenue
Phoenix, Arizona 85004-1592
Phone: (602) 542-8050
Fax: (602) 542-3393
DefensePhx@azag.gov
Deborah.Garner@azag.gov

*Attorney for DCS Defendants*

**UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jessica Ploof, | Case No: CV21-00853-PHX-JJT |
| Plaintiff, | |
| v. | **DCS DEFENDANTS' REPLY IN SUPPORT OF DCS DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| State of Arizona, et al., | |
| Defendants. | (Hon. John J. Tuchi) |

Department of Child Safety ("DCS") Defendants Tafoya, Greenway, Szymkowski, Hoff, and Breeding ("DCS Defendants"), reply in support of its Motion for Summary Judgment (Doc. 106).  Plaintiff's Response identifies no false statement made to the juvenile court, no agreement among DCS Defendants to violate her rights, and no deprivation of fundamentally fair procedures.  Instead, Plaintiff relies on inferences and conclusory characterizations of routine case activity to manufacture disputes of fact where none exist.  Because Plaintiff cannot establish the essential elements of her claims, and because the undisputed record demonstrates that DCS Defendants' conduct was lawful, DCS Defendants are entitled to summary judgment.

///

///

///

1

# I.    LAW AND ARGUMENT

## A. Plaintiff's Overview and Background Summary Do Not Create Genuine Issues of Fact.

Plaintiff's Response begins with another summary and narrative of her version of the facts. DCS Defendants have already disputed these assertions in their Controverting Statement of Facts (Doc. 133) and incorporate by reference those responses and supporting exhibits herein. At summary judgment, Plaintiff must point to admissible evidence creating a genuine dispute as to each element of her claims. She does not.

## B. Plaintiff's Section Regarding Due Process is Not a Stand Alone Claim that Defeats Summary Judgment.

Plaintiff's "due process" section, standing alone, does not provide a basis to defeat summary judgment. This section merely recites general legal standards without tying them to any claim or support them with evidence. To the extent Plaintiff relies on it to support her remaining claims—judicial deception, conspiracy, and denial of reasonable efforts—she does not connect those standards to the elements of those claims. At summary judgment, Plaintiff must identify specific facts in the record creating a genuine dispute as to each element of her claims. She does not.

## C. Plaintiff's Claim Preclusion Argument Fails Because Count Six Arises from the Same Transactional Nucleus of Facts.

Plaintiff argues that claim preclusion does not apply because this case involves civil rights violations, rather than the claims addressed in the juvenile court proceedings, and because it involves purportedly "concealed" misconduct. Neither argument is persuasive. Claim preclusion turns on whether the claims arise from the same transactional nucleus of facts—not how Plaintiff labels them. *See Mpoyo v. Litton Electro-Optical Sys.,* 430 F.3d 985, 987-88 (9th Cir. 2005.) Plaintiff cannot avoid preclusion by re-labeling the same facts under a new legal theory.

Count Six arises from the same nucleus of facts as the dependency and severance proceedings—namely, the adequacy of DCS's reunification efforts and the conduct

surrounding Dr. Thal's evaluations. Although Plaintiff now characterizes the same conduct as constitutional violations, it involves the same events, relies on the same evidence presented to the juvenile court, and challenges the same injury: the termination of Plaintiff's parental rights. Plaintiff's reliance on *Power Road-Williams Field LLC v. Town of Gilbert* is simply another attempt to avoid claim preclusion. That reliance is misplaced. That case does not hold that a plaintiff can avoid claim preclusion simply by asserting a new legal theory. Instead, the court declined to apply preclusion because the later claims were based on new facts and new conduct that occurred after the earlier case, and therefore required different evidence. 14 F. Supp. 3d 1304, 1309-10 (D. Ariz. 2014.) In other words, the claims were different because the facts were different, not just because the legal theory changed. That is not the situation here. Plaintiff identifies no new conduct, no new events and no additional facts. Her claims arise from the same dependency proceedings, the same evaluations, and the same alleged conduct that were at issue in the juvenile court.

Plaintiff's assertion that this action involves "new" or previously undisclosed evidence–specifically, alleged ex parte coordination and suppression of a forensic evaluation that she claims were not litigated in the juvenile court–is disingenuous. The record shows that Dr. Thal's evaluations, revisions, and related communications were squarely at issue in the dependency and severance proceedings. Plaintiff, through counsel, cross-examined Dr. Thal extensively regarding his reports, revisions, and the circumstances surrounding them. (Doc. 107, DSOF ¶ 47; Doc. 114, TSOF ¶¶ 51-56; *see also* TSOF, Ex. S at 73:11-79:2; Ex. T at 64:23-91:16.) Defendant Szymkowski was likewise examined regarding her alleged "ex parte" communication with Dr. Thal. (Doc. 107, **Ex. 30**.) Notably, even with this information before it, the juvenile court repeatedly found that reasonable efforts had been made, and those findings were affirmed on appeal. (Doc. 107, DSOF ¶¶ 21, 31 at Ex. 21:ST-PLOOF-004246-004249 and ST-PLOOF-004252-004253; ¶¶ 33-35, 37.) In short, the conduct Plaintiff now labels "new" or "concealed" was before the court and tested through adversarial proceedings. Plaintiff

3

cannot avoid claim preclusion by recharacterizing that same evidence as newly discovered or by assigning a new legal label to the same underlying conduct.  Claim preclusion bars this attempt to relitigate issues arising from the same set of operative facts.

### D. Plaintiff Presents No Evidence Supporting a Judicial Deception Claim.

Plaintiff fails to meaningfully respond to DCS Defendants' judicial deception arguments.  In their motion, DCS Defendants identified specific statements Plaintiff appears to contend were false and demonstrated that each fails as a matter of law because there is no evidence any such statement was false, communicated to the court, or material to any judicial decision.  (Doc. 106, p. 8-12.)  Plaintiff does not address those arguments or identified statements.  Instead, she offers a generalized narrative without tying any such allegation to a specific misrepresentation presented to the juvenile court.  That failure is dispositive.

At summary judgment, Plaintiff must identify admissible evidence creating a genuine dispute as to each element of her claim.  She does not.  Although she asserts that her claim presents a "triable issue" because she has "adequately alleged" its elements, (Doc. 139, p. 15:1-4; and p. 15:11), this case is no longer at the pleadings stage, and allegations are not enough.  Plaintiff identifies no evidence of material misrepresentation or omission presented to the court, much less one made knowingly or with reckless disregard for the truth or one that affected the judicial decision.  Instead, she relies on speculation, inferences, and conclusory characterizations of the record—referencing "ex parte communications," "themes," and "continuing injury-producing effects"—and recasts portions of the dependency record as misrepresentations and omissions including statements regarding HP's medical needs, the condition of the home, services, communications with Dr. Thal, and Dr. Thal's alleged "altered" report.  But describing events as misrepresentations does not establish judicial deception.  Plaintiff identifies no admissible evidence that Szymkowski made a specific false statement or omitted material information when presenting evidence to the court, or that any such statement was material to the court's ruling.  That is not enough to survive summary judgment.

Nor does the record support Plaintiff's theory that anything was concealed from the juvenile court. The circumstances surrounding Dr. Thal's evaluation and any revisions were disclosed during the dependency proceedings. Both Dr. Thal and Szymkowski testified under oath regarding their communications and the report and Plaintiff's counsel cross-examined Dr. Thal regarding both versions of his evaluation. (Doc. 107, DSOF ¶ 47; *see also* **Ex. 30;** Doc. 114, TSOF ¶¶ 51-56; *see also* TSOF, Ex. S at 73:11-79:2; Ex. T at 64:23-91:16.) The juvenile court thus had this information before it and was able to hear the testimony, assess the witnesses, and independently evaluate the evidence in making its ruling. Plaintiff does not meaningfully address that record and instead relies on unsupported assertions that Szymkowski made a false statement or omission to the court.

Plaintiff also fails to establish materiality. She asserts that the alleged conduct "produced" an altered evaluation and "caused" downstream reliance, but offers no evidence that the outcome of the proceedings would have been different absent the challenged conduct. Where a court hears testimony, evaluates multiple versions of the report, and makes its own determinations, a plaintiff cannot show that any alleged misrepresentation or omission affected the judicial decision. In short, Plaintiff has not moved beyond allegations and identifies no evidence of a material misrepresentation, omission, or fabrication presented to the court. Simply claiming otherwise does not create a genuine dispute.

### E. Plaintiff Fails to Create a Genuine Dispute as to Any Conspiratorial Agreement.

Plaintiff's Response fails to create a genuine dispute of material fact as to the existence of a conspiracy. To survive summary judgment, Plaintiff must produce evidence of an agreement—a "meeting of the minds"—to violate her constitutional rights. Although she attempts to meet that burden by citing general principles that conspiracies may be proven through circumstantial evidence and inferred from conduct, she identifies

no such evidence, circumstantial or otherwise, supporting an agreement or an underlying constitutional violation.  Instead, she relies on speculation and inference.

In her Response, Plaintiff points to the same underlying conduct addressed above— communications with Dr. Thal, the revised evaluation and subsequent reliance on it—and then asks the court to treat those events as a conspiratorial agreement or meeting of the minds.  She further asserts that these events "rippled throughout the proceedings" and formed a "materially misleading court-facing evidentiary record."  But Plaintiff's characterization of these events is speculation and does not establish an agreement or any underlying constitutional violation.  Without evidence of either, Plaintiff cannot meet her burden at summary judgment.

As discussed above, Plaintiff identifies no evidence of judicial deception–the alleged underlying constitutional violation–and thus cannot establish a conspiratorial agreement.  Nor does she identify evidence of a meeting of the minds.  At most, Plaintiff asks the Court to infer a conspiratorial agreement from a communication followed by a report revision.  But those facts are entirely consistent with lawful, independent professional judgment and do not support a reasonable inference of a meeting of the minds. The undisputed record, moreover, affirmatively negates any agreement.  Szymkowski expressly stated that she never entered into any agreement with Dr. Thal to violate Plaintiff's constitutional rights (Doc. 114, TSOF Ex. P, pp. 223:23-225:17) and did not ask him to change his report or direct him to reach any particular conclusion.  (Doc. 107, DSOF ¶ 48; Doc. 114, TSOF ¶¶ 36–38.)  Hoff likewise did not direct Dr. Thal to revise his report, instead expecting him to independently determine whether any changes were warranted.  (Doc. 114, TSOF ¶¶40–42.)  Dr. Thal confirms that any revisions to his report were the result of his own independent professional judgment and were drafted solely by him after reviewing the case materials again.  (Doc. 107, DSOF ¶48; TSOF Ex. S at pp. 73:11-75:25.)

Finally, the record further confirms that the circumstances surrounding Dr. Thal's revised report were fully explored in the juvenile court proceedings, where Dr. Thal

testified regarding his evaluations, opinions, and the revision of his report, and the court had the opportunity to assess that testimony directly. (Doc. 107, DSOF ¶ 47; Doc. 114, TSOF ¶¶ 51-56; *see also* TSOF, Ex. S at 73:11-79:2; Ex. T at 64:23-91:16.) Against that record, Plaintiff cannot establish that Defendants' actions "set in motion" any constitutional injury or caused the outcome of the proceedings. The undisputed evidence does not support any conclusion that DCS Defendants and Dr. Thal reached any agreement to fabricate evidence or otherwise violate Plaintiff's constitutional rights. In the face of uncontradicted evidence negating an agreement, Plaintiff cannot create a genuine issue through speculation or inferences.

Plaintiff's reliance on the proposition that conspiracy is "generally a question for the jury" is misplaced. That principle applies only where there is evidence from which a reasonable jury could find a meeting of the minds. Here, there is none. Plaintiff's theory rests on speculation and argument, not admissible evidence, and therefore presents no triable issue. Because Plaintiff has failed to produce evidence establishing the essential elements of conspiracy, Defendants are entitled to summary judgment.

**F. Plaintiff Applies the Wrong Standard and Fails to Address Issue Preclusion.**

Although Plaintiff recites the elements of issue preclusion, she never applies them. Instead, she shifts to a claim preclusion analysis. Plaintiff argues that in the dependency/severance proceedings, "H.P.'s custody was at stake and DCS Defendants' civil liability for judicial deception and conspiracy were not. DCS Defendants fail to show any of the judicial deception and conspiracy issues were decided by the juvenile court." (Doc. 139 p. 21:7-10). But her arguments concern claims not the factual issues actually litigated and decided by the state courts. Issue preclusion does not require identity of claims. It applies where a fact "was actually litigated in a previous suit, a final judgment was entered, and the party against whom the doctrine is to be invoked had a full opportunity to litigate the matter and actually did litigate it" and the fact "was essential to the prior judgment." *Crosby Garbotz v. Fell*, 434 P. 3d. 143, 146 (Ariz. 2019.)

DCS Defendants met that standard by identifying specific factual findings made by the juvenile court and affirmed on appeal that directly contradict Plaintiff's allegations. (*See* Doc. 106 at 14-15). Plaintiff does not address those findings. She does not contend that the facts drawn from the juvenile court record and affirmed on appeal were not actually litigated, were not essential to the prior judgment, or that she lacked a full and fair opportunity to litigate them. Instead she reframes the analysis at the level of claims, which is not the issue preclusion standard. That failure alone is dispositive. Likewise, courts routinely apply issue preclusion in this context, barring § 1983 claims that seek to relitigate factual findings made in dependency proceedings. *See Smith v. Banner Health Sys.*, 621 F. App'x 876, 880-81 (9th Cir. 2015) (memorandum decision); *cf. Kasdan v. County of Los Angeles,* 2014 WL 6669354, at *4-6 (C.D. Cal. Nov. 24, 2014) (holding that issue preclusion barred the plaintiff from relitigating issues decided in a dependency proceeding through a civil-rights lawsuit); *Grimes v. Ayerdis*, 2018 WL 3730314, at *5-7 (N.D. Cal. Aug. 6, 2018) (same). The same rule applies here. Accordingly, issue preclusion independently bars Plaintiff's claims and DCS Defendants are entitled to summary judgment.

### G.  DCS Defendants Are Entitled to Qualified Immunity.

Plaintiff fails to meaningfully address DCS Defendants' qualified immunity argument. Although she recites the governing standard and asserts that a constitutional violation occurred, she does not address DCS Defendants' argument on either prong of the analysis. Instead, Plaintiff asserts that DCS Defendants "deceived their own forensic expert" and the juvenile court by providing false information. (Doc. 139 at 22:19-21.) Plaintiff does not identify what information was allegedly false or cite to any evidence in the record to support that claim. Nor does she explain how DCS Defendants could have "deceived" their own forensic expert while simultaneously alleging that the same expert participated in the alleged constitutional conspiracy. To survive summary judgment, Plaintiff must identify specific facts in the record creating a genuine dispute. Merely asserting that such a "false narrative" is set forth elsewhere does not satisfy that burden.

8

Because Plaintiff has not established a constitutional violation, DCS Defendants are entitled to qualified immunity.

Even assuming, for purposes of this motion only, that Plaintiff could establish a constitutional violation, DCS Defendants are still entitled to qualified immunity, because she does not identify any clearly established law placing DCS Defendants on notice that their conduct was unlawful.  Nor could she, given that Plaintiff was afforded due process throughout the dependency proceedings, including representation by counsel, a guardian ad litem, a contested hearing, and the opportunity to appeal.  (Doc. 107 at ¶¶ 17-18, 21, 30-31, 32-35, and 37.)   She identifies no authority suggesting that under these circumstances, DCS Defendants' conduct violated a clearly established constitutional right.  Accordingly, qualified immunity applies.

**II.    CONCLUSION.**

For the foregoing reasons, and the reasons set forth in DCS Defendants' Motion for Summary Judgment, DCS Defendants respectfully request that the Court grant summary judgment in its entirety.

RESPECTFULLY SUBMITTED this 31st day of March, 2026.

Kristin K. Mayes
Attorney General

_s/Deborah Garner_____
Deborah Garner
Assistant Attorney General
_Attorney for DCS Defendants_

9

**CERTIFICATE OF SERVICE**

I certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, this 31st day of March, 2026:

Thomas A. Connelly, Esq.
Robert T. Mills, Esq.
Sean A. Woods, Esq.
MILLS + WOODS LAW, PLLC
tconnelly@millsandwoods.com
rmills@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Ploof*

DeeAn Gillespie Strub, Esq.
Jenny D. Jansch, Esq.
GILLESPIE, SHIELDS & TAYLOR
dgillespie@gillaw.com
jjansch@gillaw.com
*Attorneys for Ploof*

Jeffrey S. Hunter, Esq.
WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC
jhunter@wwhgd.com
*Attorneys for Defendant Thal*

By: s/slf

10